UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 11131 PBS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., | ) )  |
| Plaintiff, | ) ) |
| v. | ) ) Civil No. |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSE, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT AND JURY DEMAND

This is an action for damages arising from the plaintiff's claim that two of the defendants, a municipality and its sewer commission, improperly terminated the plaintiff's contract to manage the municipality's wastewater treatment plant. The municipality and its sewer commission took this action after two other defendants, a former employee of the plaintiff and the former supervisor of the sewer commission, conspired to defraud the plaintiff by diverting the plaintiff's payments to the sewer commission for their personal use. The plaintiff brings claims of breach of contract, tortious interference with contractual relations and declaratory judgment against the municipality and its sewer commission, and claims of civil conspiracy and fraud against the former employee and the former supervisor.

## Parties

1. Plaintiff Professional Services Group, Inc. ("PSG") is a corporation organized under the laws of the State of Minnesota with a principal place of business at 14950 Heathrow Forest Parkway, Houston, Texas.

2. Defendant Town of Rockland (the "Town") is a municipal corporation organized under the laws of the Commonwealth of Massachusetts with a principal address at 242 Union Street, Rockland, Massachusetts.

3. Defendant Rockland Sewer Commission (the "Commission") is an agency of the Town with a principal address at 587 Rear Summer Street, Rockland, Massachusetts.

4. Defendant Gregory Thomson ("Thomson") is a natural person who resides at 790 Liberty Street, Rockland, Massachusetts.

5. Defendant Michael Sause ("Sause") is a natural person who resides at 155 Commercial Street, Provincetown, Massachusetts.

## Jurisdiction and Venue

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and involves citizens of different states.

7. Venue exists in the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this district and because the Defendants are subject to personal jurisdiction in this district.

## Facts

8. The Commission operates a wastewater treatment facility (the "Facility") for the Town. At all relevant times, Thomson served as the Superintendent of the Commission.

9. PSG provides operation, maintenance and management services for water and wastewater systems serving both public and private clients.

10. PSG is an affiliate of USFilter Operating Services, Inc. ("USFOS"). In or about 1999, USFOS assumed responsibility for management and staffing of a number of PSG's operations, including those at the Facility, pursuant to an intercompany agreement. PSG and USFOS are collectively referenced hereafter as the "Company."

11. At all relevant times, Sause was employed by the Company.

12. In 1994, PSG's predecessor, Metcalf and Eddy Services, Inc., entered into a contract with the Commission (the "1994 Contract") to provide operations, maintenance and management services to the Facility. Pursuant to the terms of the 1994 Contract, the Commission paid PSG an annual fee for these services. The 1994 Contract also provided that PSG would rebate a portion of its annual fees if PSG's actual expenditures for certain items did not exceed a minimum amount.

13. In 1997, the Commission rebid the Facility's management contract pursuant to the competitive bidding procedures established by Chapter 30B of the Massachusetts General Laws. PSG was the successful bidder and was awarded the contract. In February 1998, PSG entered into a new contract with the Commission (the "1998 Contract") for a ten-year term commencing March 1, 1998. The 1998 Contract provided that PSG would receive an annual fee of $1,200,000.00 adjusted annually (the

"Annual Fee") and that PSG would rebate a portion of the Annual Fee if its actual expenditures for certain items did not exceed a minimum amount. The 1998 Contract could be terminated only for a material breach of its terms after notice and an opportunity to cure the breach or for other reasons that are not relevant here.

14. On or about November 21, 1997, in the midst of the rebidding process, Thomson sent a letter to Sause requesting that PSG release $50,000.00 in rebatable funds under the 1994 Contract by issuing a check for that amount payable to the Town. Sause caused the Company to comply with this request. Thomson then endorsed the check and deposited it into a bank account that he had established at Wainwright Bank in the name of the Commission (the "Wainwright Account"). On information and belief, Thomson and Sause were joint account holders on the Wainwright Account and shared the funds deposited therein.

15. On information and belief, Thomson and Sause established the Wainwright Account as part of a scheme to defraud the Company by diverting payments to the Commission for their personal use. Thomson and Sause combined and conspired to carry out this scheme to defraud. During the period November 1997 through May 2002, Thomson deposited into the Wainwright Account, and other accounts that on information and belief were held by Thomson and/or Sause, checks totaling $328,224.80. Each of these checks was issued by the Company for payment to the Commission and delivered to Thomson. On information and belief, some or all of the funds deposited into these accounts were converted to the personal use of Thomson and/or Sause.

16. The Company was unaware of the Wainwright Account or the scheme by Thomson and Sause to defraud the Company.

4

17. In 2002, the Rockland Police Department began an investigation of Thomson's banking activities. The Company cooperated with this investigation as well as the investigations of the District Attorney and the Town.

18. Sause resigned from the Company effective July 2, 2003.

19. On or about February 10, 2004, the Company received a letter from Bradley Plante ("Plante"), the Town Administrator and Chief Procurement Officer for the Town. In his letter, Plante stated that he deemed the 1998 Contract terminated by operation of law because the actions of Thomson and Sause violated Chapter 30B. Plante further stated that he was acting as an agent of the Commission in declaring the 1998 Contract terminated by operation of law.

20. The Company denied Plante's claim that the 1998 Contract was terminated by operation of law and entered into negotiations with the Commission and the Town to resolve the matter.

21. The Company's efforts to resolve the matter were unsuccessful. On April 12, 2003, the Town directed the Company to turn over operation of the Facility to another vendor, Camp Dresser McKee ("CDM").

22. As a result of the actions by the Town and the Commission, the Company has been improperly deprived of its contractual right to operate the Facility for the remaining four years of the 1998 Contract's ten-year term and to receive the Annual Fee during each of these years as compensation for its services.

23. During the period of their unlawful combination and conspiracy, Thomson and Sause affirmatively and fraudulently concealed their activities from the Company. Their activities were inherently self-concealing, were carried out by means and methods

which were designed and intended to avoid detection, and in fact avoided detection for a substantial period of time.

## COUNT I
### Breach of Contract
### (The Town and the Commission)

24. PSG incorporates by reference the allegations of all preceding paragraphs as though fully set forth herein.

25. The 1998 Contract constitutes a contract supported by good and valuable consideration.

26. PSG was not in breach of any material terms of the 1998 Contract and was ready, willing and able to perform its contractual obligations to the Town and the Commission.

27. The Town and the Commission have breached their contractual obligations to PSG by repudiating the 1998 Contract and causing CDM to assume management of the Facility.

28. As a direct and proximate result of the conduct of the Town and the Commission, PSG has suffered and continues to suffer damages.

## COUNT II
### Tortious Interference With Contractual Relations
### (The Town)

29. PSG incorporates by reference the allegations of all preceding paragraphs as though fully set forth herein.

30. PSG enjoyed a contractual relationship with the Commission.

31. The Town intentionally and willfully interfered with PSG's contractual relationship with the Commission by directing the Company to turn over operation of the Facility to CDM and by other actions.

32. The Town's actions were without right or justification.

33. As a direct and proximate result of the Town's conduct, PSG has suffered and continues to suffer damages.

## COUNT III
### Declaratory Judgment
### (The Town and the Commission)

34. PSG incorporates by reference the allegations of all preceding paragraphs as though fully set forth herein.

35. The Town and the Commission contend that the 1998 Contract was terminated by operation of law.

36. PSG denies the contention of the Town and the Commission that the 1998 Contract was terminated by operation of law.

37. A justiciable controversy has arisen as to the rights of the parties pursuant to the 1998 Contract.

38. PSG has suffered cognizable legal injury as a result of the conduct of the Town and the Commission.

39. PSG is entitled to a declaration of the rights and liabilities of the parties pursuant to the 1998 Contract.

## COUNT IV
### Civil Conspiracy
### (Thomson and Sause)

40. PSG incorporates by reference the allegations of all preceding paragraphs as though fully set forth herein.

41. Thomson and Sause combined for the unlawful purpose of defrauding the Company by diverting payments to the Commission for their personal use.

42. By their combination, Thomson and Sause had a peculiar power of coercion that they did not have acting as individuals.

43. As a direct and proximate result of the conduct of Thomson and Sause, PSG has suffered damages.

## COUNT V
### Fraud
### (Thomson and Sause)

44. PSG incorporates by reference the allegations of all preceding paragraphs as though fully set forth herein.

45. Thomson and Sause made or caused to be made misrepresentations of material fact or omitted material facts necessary to make their representations not misleading by requesting that the Company issue checks to the Commission knowing those checks would be deposited into accounts controlled by Thomson and Sause and that the funds therein would be converted to their personal use.

46. The misrepresentations or omissions were intended to induce the Company to take action by issuing checks to the Commission.

47. In making or causing to be made the misrepresentations or omitting material facts necessary to make their representations not misleading, Thomson and

Sause knew of the misrepresentations' falsity or knew the omission of material fact would cause their representations to be misleading.

48. The Company reasonably acted on the misrepresentations or misleading representations by Thomson and Sause.

49. As a direct and proximate result of the conduct of Thomson and Sause, PSG has suffered damages.

## PRAYERS FOR RELIEF

WHEREFORE, PSG requests that this Court:

A. Declare that the 1998 Contract was not terminated by operation of law;

B. Award it compensatory damages, costs and interest; and

C. Award it such other relief as this Court deems just and proper.

**PSG DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,
PROFESSIONAL SERVICES GROUP, INC.
By its attorneys,

_____
Maria R. Durant (BBO #558906)
David M. Osborne (BBO # 564840)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA 02210
(617) 371-1000

DATED: May 28, 2004

9

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Professional Services Group, Inc.

### DEFENDANTS
Town of Rockland, Rockland Sewer Commission, Gregory Thomson, Michael Sause

(b) County of Residence of First Listed Plaintiff: **Harris County, TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Maria R. Durant
Dwyer & Collora
600 Atlantic Ave, Boston, MA 02210 (617-371-1000)

Attorneys (If Known)

Stamp: 04 11131 PBS
Filed: 2004 MAY 28 P 2:41 U.S. DISTRICT COURT DISTRICT OF MASS.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL INJURY** |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 362 Personal Injury— Med. Malpractice | **LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 365 Personal Injury — Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PERSONAL PROPERTY** | **SOCIAL SECURITY** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 371 Truth in Lending | ☐ 862 Black Lung (923) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 380 Other Personal Property Damage | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) |  |
|  | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** |  |
|  | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
|  | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party 26 USC 7609 |  |
|  | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act |  |  |
|  | ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff brings this diversity action under 28 U.S.C. sec. 1332(a) alleging that defendant municipality and sewer commission breached management contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unspecified
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD: /s/ Maria R. Durant

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __PROFESSIONAL SERVICES GROUP, INC.__
   __v. TOWN OF ROCKLAND__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __NONE__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __DAVID M. OSBORNE__
ADDRESS __DWYER + COLLORA, LLP, 600 ATLANTIC AVE, BOSTON MA 02210__
TELEPHONE NO. __617-371-1000__

(Coversheetlocal.wpd - 10/17/02)