UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No. 04-11131-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

## PROFESSIONAL SERVICES GROUP, INC.'S ANSWER TO COUNTERCLAIM, AFFIRMATIVE DEFENSES AND JURY DEMAND

Plaintiff/Defendant-in-Counterclaim Professional Services Group, Inc. ("PSG") hereby answers the correspondingly numbered paragraphs of the Counterclaim of Defendants/Plaintiffs-in-Counterclaim Town of Rockland ("the Town") and Rockland Sewer Commission ("the Commission") as follows.

      1.    PSG admits the allegations in this paragraph.

      2.    PSG admits the allegations in this paragraph.

      3.    PSG admits the allegations in this paragraph.

      4.    PSG admits the allegations in this paragraph.

      5.    PSG states that the referenced document speaks for itself.

      6.    PSG states that the referenced document speaks for itself.

7.     PSG states that the allegations of this paragraph are too ambiguous to admit or deny and therefore denies them.  Answering further, PSG states that Metcalf and Eddy Services, Inc. was the predecessor to PSG.

8.     PSG admits the allegations in this paragraph.

9.     PSG states that the referenced document speaks for itself.

10.    PSG states that the referenced document speaks for itself.

11.    PSG denies the allegations in this paragraph.

12.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

13.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

14.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

15.    PSG denies the allegations in this paragraph.

16.    PSG denies the allegations in this paragraph.

17.    PSG denies the allegations in this paragraph.

18.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

19.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

20.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

21.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

22.    PSG states that the referenced document speaks for itself.

23.    PSG states that the referenced document speaks for itself.

24.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

25.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

26.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

27.    PSG denies the allegations in this paragraph.

28.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

29.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

30.    PSG denies the allegations in this paragraph.

31.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies them.

32.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph regarding what the Audit "indicated" and therefore denies them.

33.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph regarding what the Audit "revealed" and therefore denies them.

34.    PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph regarding what the Audit "revealed" and therefore denies them.

35.    PSG denies the allegations in this paragraph.

36.    PSG admits the allegations in this paragraph.

37.    PSG denies the allegation in this paragraph that funds were converted to PSG's "personal use." With regard to the remaining allegations in this paragraph, PSG

4

states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations and therefore denies them.

38.     PSG states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph regarding what the Audit "revealed" and therefore denies them.

39.     PSG states that the referenced document speaks for itself.

40.     PSG states that the referenced document speaks for itself.

41.     PSG states that the referenced document speaks for itself.

42.     PSG denies the allegations in this paragraph.

43.     PSG denies the allegation in this paragraph that it "ceased operations" on or about April 12, 2004. PSG admits the allegation in this paragraph that it vacated the Sewer Plant on or about April 12, 2004.

44.     PSG denies the allegations in this paragraph.

45.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

46.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

47.     PSG states that the referenced document speaks for itself.

48.     PSG admits the allegation in this paragraph that it received a letter on or about February 10, 2004. With regard to the remaining allegations in this paragraph, PSG states that the referenced document speaks for itself.

5

49.    PSG states that the referenced document speaks for itself.

## COUNT I
### (Fraud)

50.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

51.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

52.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

53.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

54.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

## COUNT II
### (Breach of Contract)

55.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

56.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

57.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

## COUNT III
### (Breach of Implied Covenant of Good Faith)

58.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

59.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

60.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

61.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

## COUNT IV
### (Violation of G.L. c.268a, §2(a))

62.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

63.    PSG states that the referenced statute speaks for itself.

64.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required.  To the extent a response is required, PSG denies the allegations.

7

65.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

66.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

## COUNT V
### (Violation of G.L. c.268A, §3(a))

67.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

68.    PSG states that the referenced statute speaks for itself.

69.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

70.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

71.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

## COUNT VI
### (Violation of G.L. c.268A, §17(b))

72.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

73.     PSG states that the referenced statute speaks for itself.

74.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

75.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

76.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

COUNT VII
(Violation of G.L. c.30B)

77.     PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

78.     PSG states that the referenced statute speaks for itself.

79.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

80.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

81.     PSG states that the referenced statute speaks for itself.

9

COUNT VIII
(Violation of G.L. c.93A)

82.    PSG restates its previous answers to the corresponding paragraphs of the
Counterclaim.

83.    PSG states that the allegations in this paragraph are a conclusion of law to
which no response is required. To the extent a response is required, PSG denies the
allegations.

84.    PSG states that the allegations in this paragraph are a conclusion of law to
which no response is required. To the extent a response is required, PSG denies the
allegations.

85.    PSG states that the allegations in this paragraph are a conclusion of law to
which no response is required. To the extent a response is required, PSG denies the
allegations.

86.    PSG states that the allegations in this paragraph are a conclusion of law to
which no response is required. To the extent a response is required, PSG denies the
allegations.

87.    PSG states that the allegations in this paragraph are a conclusion of law to
which no response is required. To the extent a response is required, PSG denies the
allegations.

88.    PSG states that the allegations in this paragraph are a conclusion of law to
which no response is required. To the extent a response is required, PSG denies the
allegations.

89.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

90.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

COUNT IX<br>(Conversion)

91.     PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

92.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

93.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

94.     PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

COUNT X<br>(Civil Conspiracy)

95.     PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

11

96.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

97.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

98.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

99.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

COUNT XI<br>(Respondeat Superior)

100.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

101.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

102.    PSG denies the allegations in this paragraph.

103.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

12

104.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

105.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

COUNT XII<br>(Respondeat Superior)

106.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

107.    PSG denies the allegations in this paragraph.

108.    PSG denies the allegations in this paragraph.

109.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

110.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

111.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

## COUNT XIII
### (Negligence)

112.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

113.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

114.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

115.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations in this paragraph.

116.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

117.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

## COUNT XIV
### (Negligent Misrepresentation)

118.    PSG restates its previous answers to the corresponding paragraphs of the Counterclaim.

119.    PSG denies the allegations in this paragraph.

14

120.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

121.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

122.    PSG states that the allegations in this paragraph are a conclusion of law to which no response is required. To the extent a response is required, PSG denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Town and the Commission, acting by and through their agent(s), consented to the acts alleged in the Counterclaim.

## THIRD AFFIRMATIVE DEFENSE

The Town and the Commission improperly and without cause breached Contract No. 2, and any damages they may have suffered is attributable to such breach.

## FOURTH AFFIRMATIVE DEFENSE

Any damages suffered by the Town and/or the Commission were caused by the acts of the Town, the Commission and/or third parties for whose conduct PSG is not liable.

## FIFTH AFFIRMATIVE DEFENSE

The Town and/or the Commission failed to mitigate any alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Sause acted outside the scope of his employment and/or agency and thus PSG is not liable for his conduct.

## SEVENTH AFFIRMATIVE DEFENSE

PSG owed no duty to the Town or the Commission.

## EIGHTH AFFIRMATIVE DEFENSE

PSG exercised reasonable care in the performance of any duty it may have owed the Town or the Commission.

## NINTH AFFIRMATIVE DEFENSE

The Town and the Commission lack standing to bring some or all of their claims.

## TENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of equitable estoppel.

**PSG DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,
PROFESSIONAL SERVICES GROUP, INC.,
By its attorneys,

Maria R. Durant (BBO # 558906)
David M. Osborne  (BBO # 564840)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000

DATED: August 4, 2004

16

**CERTIFICATE OF SERVICE**

I, David M. Osborne, hereby certify that, on this ___ day of August, 2004, I caused the foregoing document to be served by hand on Richard Bowen, Esq., counsel for the Town of Rockland, at Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116; and by first class mail, postage pre-paid, on Stephen M. CampoBello, Esq., counsel for Michael Sause, at CampoBasso & Bunnell PC, P.O. Box 548, 54 Main Street, Leominster, MA 01453; and Gregory Thomson at 790 Liberty Street, Rockland, Massachusetts.

David M. Osborne