UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PROFESSIONAL SERVICES GROUP, INC., Plaintiff, v. | ) ) ) ) ) ) | Civil No. 04-11131-PBS |
| TOWN OF ROCKLAND, et al., Defendants | ) ) ) ) ) ) |  |

TOWN OF ROCKLAND'S MOTION TO COMPEL PROFESSIONAL SERVICES
GROUP, INC. TO PRODUCE DOCUMENTS REMOVED FROM THE TOWN'S
WASTEWATER TREATMENT PLANT BY PSG'S PLANT MANAGER

The Defendant/counterclaimant Town of Rockland moves, pursuant to Fed. R. Civ. P.
37(a), for an order compelling Professional Services Group, Inc. ("PSG") to produce
immediately 13 boxes of documents that were removed from the town's wastewater treatment
plant by the Plaintiff PSG's plant manager. The documents were taken from the Town's
wastewater treatment plant after the Town terminated PSG's contract to operate the facility – an
event that is the subject of this lawsuit.  PSG informed the Town of the documents' existence on
May 1, but has yet to turn over a single document, even though – by the plant manager's
description of the materials – the documents are overwhelmingly likely to contain numerous
documents responsive to the Town's requests for production.  Because PSG previously turned
produced only approximately one box of documents in this lawsuit, the existence of the 13 boxes
of materials relating to the wastewater treatment plant is a major development.  A pretrial is
scheduled in this case on June 22.

This dispute arises out of what the Town of Rockland (and the Massachusetts Inspector
General) contends was a tainted procurement of a 10-year contract to PSG to operate the Town's

JS#125353v1

Water Pollution Control Facility, and the illegal and allegedly improper activities that occurred in relation to that contract. One former PSG vice president and area manager, and the former Rockland Sewer Superintendent, have pleaded guilty to embezzlement charges relating to contract funds.

The Town of Rockland already has one motion to compel documents that is pending before Magistrate Judge Collings (Docket No. 33).    On May 1, 2006, after that motion to compel was filed, PSG's counsel notified counsel for the Town that they had become aware of the existence 13 boxes of documents relating to the wastewater treatment plant that were being kept at the home of the former plant manager, Aram Varjabedian.  PSG has previously only turned over about one box of documents during discovery,  so the 13 new boxes dwarfed the previous production.  According to Varjabedian's deposition testimony,[1]  he labeled the contents of the 13 boxes.  He said that the documents in the 13 boxes had been at the Rockland Sewer Department until PSG's contract was terminated and PSG departed.  On the day PSG left the facility, Varjabedian says, he boxed up the documents and brought them home.  Varjabedian says he notified his superiors he had the documents, but didn't make arrangements to deliver them until approximately April 2006.  He said that the documents consumed about one-half of his pick up truck when he delivered them.

According to Mr. Varjabedian's deposition testimony,   the boxes are likely to contain financial records, including reconciliations, cost detail reports, printouts of expenditures, and accountings for various accounts maintained by the contractor on behalf of the Town  for specific purposes such as repair and maintenance and capital expenditures. Such documents are highly relevant to the allegations in this case of financial impropriety in the administration of the

---

[1]   Because of various scheduling issues, Aram Varjabedian's deposition was not taken until May 25.

contract, and the use of monies that were earmarked under the et.  PSG's handling of funds paid to it by the Town for the management of the wastewater treatment plant is major issue in the lawsuit, and was the subject of a forensic audit prepared on behalf of the Town in 2004. See Forensic Audit report summary, Ex. 1.

Varjabedian also testified that the boxes are likely to contain such relevant items as lists of category codes for interpreting accounting records relating to various accounts holding contract monies,  and documents describing or relating to corporate procedures for the handling of accounting matters in the handling of contract monies, such as the processing of checks.  Mr. Varjabedian also indicated that there were many other documents contained within the boxes but he could not remember their content.    Without a better description of the documents, it is impossible to judge the all of document requests to which they are responsive, but the financial documents discussed by Mr. Varjabedian are responsive at least to Requests No. 13, 14, 15, 16, 58 of Town of Rockland's First Request for Documents. See Town of Rockland's First Request for Production of Documents, Ex. 2; PSG's Response to Town of Rockland's First Request for Production of Documents, Ex. 3.

To date, the Town of Rockland has not received any of these "Varjabedian documents." It has been almost a month since PSG first told the Town of Rockland of their existence.  PSG should have turned the documents over during the initial discovery period.  Mr. Varjabedian was not a rogue employee who stole the documents and hid them in his garage.  He specifically took the documents home with him because of a lack of space in PSG's Norwell office, with the approval of his supervisor, Jim Gallipo.  The documents were accessible to PSG during the entire discovery period in this litigation merely by contacting Mr. Varjabedian.  The Town should not be harmed in this litigation by PSG's failure to keep tabs on its documents.

Furthermore, after Mr. Varjabedian gave the documents to PSG in late April 2006, they should have been promptly turned over to the Town of Rockland.  Counsel for the Town suggested producing the documents on a rolling basis as PSG counsel reviews them, but PSG refused.  Counsel for PSG has now indicated that some documents would be produced by June 2, but the Town has no way of knowing how many of the documents will be produced.

At this point, PSG should not be able to pick and choose which of the documents that were formerly at the wastewater treatment it now will permit the Town to see.  The biggest dispute that the Town and PSG have had in document discovery is "relevance" and what is likely to lead to the discovery of admissible evidence. The Town does not want to repeat this skirmish with these 13 boxes of documents because it has been clearly established that  these documents relate to the wastewater treatment plant; it would be an enormous waste of the parties' resources as well as the Court's for the parties to battle over their discoverability at this point.  The pretrial conference in this case is so close (June 22), that an order requiring full production is the most effective and efficient resolution.

For the reasons stated above, the Town of Rockland asks the Court to order immediate production of the 13 boxes of documents removed from the Rockland wastewater treatment plant, the  "Varjabedian documents.") .

<u>Certificate and Statement Pursuant to Local Rules 7.1(A)(2) and 37.1(B)</u>

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 37.1 have been complied with.  A discovery conference was held by telephone on May 25, 2006. Seth Nesin, representing the Town of Rockland, and David Osborne,  representing PSG, participated in the conference.  Both counsel were at their offices in Boston.  The issue not resolved is the subject of this motion.

/s/ Seth Nesin

_____

TOWN OF ROCKLAND ,
By its attorneys,

/s/ Joanne D'Alcomo

_____
Joanne D'Alcomo
BBO #544177
Howard P. Blatchford, Jr.
BBO #045580
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500