# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br><br> Plaintiffs-in-Counterclaim and Crossclaim <br><br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br><br> Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSE, <br><br> Crossclaim Defendant | ) ) ) ) ) ) Civil No. 04-11131-PBS ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT TOWN OF
ROCKLAND'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Professional Services Group, Inc. ("PSG") hereby responds to Defendant Town of Rockland's First Request for Production of Documents to Plaintiff Professional Services Group, Inc. (the "Requests").

## GENERAL OBJECTIONS

1.     PSG objects generally to the Definitions in the Requests to the extent they add to or vary the scope of discovery permitted by the Federal Rules of Civil Procedure.

2.     PSG objects generally to the Requests to the extent they seek documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable claim of privilege.

3.     PSG objects generally to the Requests to the extent they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.     PSG objects generally to the Requests to the extent they contain vague, ambiguous, conclusory or undefined terms.

5.     PSG objects generally to the Requests to the extent they seek documents not in PSG's possession, custody or control.

6.     PSG objects generally to the Requests to the extent they are not reasonably limited in time.

7.     PSG objects generally to the Requests to the extent they are overly broad, unreasonable in scope, unduly burdensome, oppressive, duplicative, and/or impose unreasonable expense.

2

8.      PSG objects generally to the Requests to the extent they seek documents that are in the possession, custody or control of the Town of Rockland or are publicly available.

9.      PSG's responses to the Requests are not intended to constitute a representation that any such documents exist but only that PSG will produce whatever documents do exist.

10.     PSG will produce documents in accordance with the responses below at a time and place that is convenient for the parties' counsel.

11.     PSG responds to the Requests without waiving or intending to waive the right to object to the use of any document on any grounds.

12.     The inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein, nor shall the inadvertent production waive PSG's right to object to the use of any such document or the information contained therein during this or any other proceeding.

## RESPONSES AND OBJECTIONS

Subject to and without waiving the general objections, PSG responds to the Requests as follows.

### Request No. 1

All documentary materials referenced in plaintiff's automatic disclosures or automatic discovery.

3

**Response to Request No. 1**

PSG will produce all responsive documents.

**Request No. 2**

All contracts, agreements, contract amendments, memoranda of understanding, letter agreements, memoranda of understanding between the Town of Rockland and any of the following dated or generated from July 25, 1994 to March 1, 2004 concerning the operation of the plant:

a. PSG
b. Metcalf & Eddy
c. U.S. Filter.

**Response to Request No. 2**

PSG will produce all responsive documents.

**Request No. 3**

All documentary materials (except those protected by the attorney-client privilege or work-product doctrine) that describe, analyze, comment upon, or assess any contracts, agreements, letter agreements or memoranda of understanding between the plaintiff (or U.S. Filter or Metcalf and Eddy) and the Town of Rockland (or any governmental body of the Town of Rockland) in effect at any time since January 1, 1994.

**Response to Request No. 3**

PSG will produce all responsive documents.

**Request No. 4**

All requests for proposals, and corrections, amendments or modifications to requests for proposals, of the Town of Rockland for work or services relating to the operation of the plant dated from January 1, 1993 through January 1, 2004.

**Response to Request No. 4**

PSG will produce all responsive documents.

### Request No. 5

All proposals, or submissions, by PSG, U.S. Filter or Metcalf & Eddy to perform services to the Town of Rockland at any time from January 1, 1994 to the present relating to the operation of the plant.

### Response to Request No. 5

PSG will produce all responsive documents.

### Request No. 6

All documentary materials, including but not limited to drafts, handwritten or typed notes, etc., containing any drafts, draft inserts, comments on drafts, or inserts, for any submission in response to a Request for Proposal (including the pricing proposal as well as any technical proposal) submitted to the Town of Rockland, or any governmental entity of the Town of Rockland, since January 1, 1996 in connection with the operation of the plant.

### Response to Request No. 6

PSG objects to this request on the grounds that it is ambiguous and vague and to

the extent it seeks documents that are protected by the attorney-client privilege and the

work product doctrine. Subject to and notwithstanding this objection, PSG will produce

all non-privileged documents all documents submitted to the Town of Rockland or any

governmental entity of the Town of Rockland since January 1, 1996 relating to a

submission in response to a Request for Proposal in connection with the operation of the

plant.

### Request No. 7

All documentary materials generated from January 1, 1995 to July 26, 1997 referring to, describing, commenting upon, analyzing, or concerning a potential or actual Request for Proposal by the Town of Rockland for services relating to the operation of the plant.

**Response to Request No. 7**

PSG objects to this request to the extent it seeks documents that are protected by

the attorney-client privilege and the work product doctrine.  Subject to and

notwithstanding this objection, PSG will produce all responsive non-privileged

documents.

**Request No. 8**

> All documentary materials, including but not limited to, correspondence,
> drafts of contracts and proposals, emails, etc., constituting, reflecting,
> describing, embodying, or referring to any negotiations between PSG or
> U.S. Filter and the Town of Rockland concerning any contracts or
> agreements between PSG or US Filter and the Town of Rockland (or any
> proposed contracts or agreements) at any time from January 1, 1993 to
> June 1, 2004).

**Response to Request No. 8**

PSG objects to this request to the extent it seeks documents that are protected by

the attorney-client privilege and the work product doctrine.  Subject to and

notwithstanding this objection, PSG will produce all responsive non-privileged

documents.

**Request No. 9**

> All documentary materials generated from January 1, 1995 to the present
> (except those protected by the attorney-client privilege or work-product
> doctrine) commenting upon, analyzing, assessing, reporting on,
> summarizing, or referring to prospective or possible competing bidders in
> connection with any bidding process to operate the plant.

**Response to Request No. 9**

PSG objects to this request to the extent it seeks confidential business information

and documents protected by the attorney-client privilege and work product doctrine.

Subject to and notwithstanding this objection, PSG will produce all responsive non-confidential, non-privileged documents.

## Request No. 10

All documentary materials generated from January 1, 1995 to the present (except those protected by the attorney-client privilege or work-product doctrine) commenting upon, analyzing, assessing, reporting on, summarizing, or referring to (a) any procurement process of the Town of Rockland relating to the plant or (2) [sic] any Request for Proposal or public bidding or procurement process of the Town of Rockland relating to the plant.

## Response to Request No. 10

PSG objects to this request to the extent it seeks confidential business information and documents protected by the attorney-client privilege and work product doctrine. Subject to and notwithstanding this objection, PSG will produce all responsive non-confidential, non-privileged documents.

## Request No. 11

All documentary materials, including but not limited to, emails, correspondence, reports, hand-written or typed notes, generated from January 1, 1995 to the [sic] July 1, 1999 commenting upon, analyzing, assessing, reporting on, summarizing, discussing, or referring to the selection process or hiring process for Rockland Sewer Superintendent, or the candidacy of, or hiring of, Thomson for the position of Rockland Sewer Superintendent.

## Response to Request No. 11

PSG objects to this request to the extent it seeks documents that are protected by the attorney-client privilege and work product doctrine. Subject to and notwithstanding this objection, PSG will produce all responsive non-privileged documents.

7

**Request No. 12**

All documentary materials referring to, describing, commenting upon, reporting on, or discussing Thomson in any way.

**Response to Request No. 12**

PSG objects to this request on the grounds that it is overbroad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 13**

All documentary materials constituting, reflecting, embodying, analyzing, discussing, commenting upon, or referring to any check request submitted by Thomson, Sause, Aram Varjabedian or anyone else for funds or for a check to be sent to either of the following from January 1, 1997 to June 1, 2004: (a) Thomson; (b) Town of Rockland (or Rockland Sewer Commission).

**Response to Request No. 13**

PSG objects to this request to the extent it seeks documents that are protected by the attorney-client privilege and the work product doctrine. Subject to and notwithstanding this objection, PSG will produce all responsive non-privileged documents.

**Request No. 14**

All documentary materials constituting, reflecting, embodying, analyzing, discussing, commenting upon, or referring to any check request submitted by Thomson, Sause, Aram Varjabedian or anyone else for funds or a check to be sent in the name of Thomson, the Town of Rockland, or the Rockland Sewer Commission from January 1, 1996 to June 1, 2004.

**Response to Request No. 14**

PSG objects to this request to the extent it seeks documents that are protected by the attorney-client privilege and the work product doctrine. Subject to and

8

notwithstanding this objection, PSG will produce all responsive non-privileged documents.

## Request No. 15

All documentary materials reflecting, containing, describing, or referring to the process or procedures at PSG or US Filter for handling or approving check requests submitted to US Filter in connection with contracts to operate municipal water pollution control facilities or municipal sewage treatment plants during from [sic] 1993 through 2003.

## Response to Request No. 15

PSG objects to this request to the extent it seeks documents that are protected by the attorney-client privilege and the work product doctrine. Subject to and notwithstanding this objection, PSG will produce all responsive non-privileged documents.

## Request No. 16

All documentary materials reflecting, containing, describing, or referring to the process or procedures at PSG or US Filter for handling or approving check requests submitted to US Filter and/or PSG in connection with contracts to operate the plant.

## Response to Request No. 16

PSG objects to this request to the extent it seeks documents that are protected by the attorney-client privilege and the work product doctrine. Subject to and notwithstanding this objection, PSG will produce all responsive non-privileged documents.

## Request No. 17

All documentary materials, including, but not limited to, memoranda, email, handwritten or typed notes generated by Steven Kruger since January 1, 1995 concerning any of the following:

9

a. Thomson
b. Sause
c. PSG's, Metcalf & Eddy's and/or U.S. Filter's contract or business
   relationship with the Town of Rockland.

**Response to Request No. 17**

PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 18**

All professional development plans generated by Steven Kruger or
Michael Sause at any time from January 1, 1993 through July 1, 2004.

**Response to Request No. 18**

PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 19**

All documentary materials (except for materials protected by the attorney-
client privileged or work-product doctrine) including, but not limited to,
emails, hand written or typed notes, memoranda, correspondence, reports,
etc., referring directly or indirectly to Gregory Thomson.

**Response to Request No. 19**

PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 20**

All communications between Thomson and any of the following at any
time:

10

a. PSG
b. Metcalf & Eddy
c. U.S. Filter
d. Sause

### Response to Request No. 20

PSG objects to this request on the grounds that it is overbroad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

### Request No. 21

Any lease concerning a belt filter press owned by PSG at any time and used at the plant.

### Response to Request No. 21

PSG will produce all responsive documents.

### Request No. 22

All communications concerning a belt filter press used or owned by PSG at any time at the plant from January 1, 1994 to 2004.

### Response to Request No. 22

PSG will produce all responsive documents.

### Request No. 23

All documentary materials, including all emails, reports, memoranda, correspondence, referring to, relating to or concerning a belt filter press used in the operation of the plant at any time from January 1, 1994 to 2004.

### Response to Request No. 23

PSG will produce all responsive documents.

**Request No. 24**

      All documentary materials (except for materials protected by the attorney-client privilege and work-product doctrine) reflecting, describing, analyzing, commenting upon any work performed by Michael Sause at any time for Metcalf & Eddy Services, Inc. Professional Services Group, Inc. or U.S. Filter.

**Response to Request No. 24**

      PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 25**

      All documentary materials (except for materials protected by the attorney-client privilege and work-product doctrine) reflecting, describing, analyzing, commenting upon any work performed by Michael Sause at any time.

**Response to Request No. 25**

      PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 26**

      The account statements of any and all charge cards or credit cards used by Sause, or submitted by Sause, including but not limited to the account statements of any American Express card used by Sause.

**Response to Request No. 26**

      PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 27**

> All communications between Sause and PSG, US Filter or Metcalf &
> Eddy concerning any charge cards or credit card used by him, including
> any American Express card since January 1, 1994.

**Response to Request No. 27**

PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 28**

> All documentary materials referring to Michael Sause generated or dated
> since January 1, 1997.

**Response to Request No. 28**

PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 29**

> All written communications between Michael Sause (or anyone acting on
> Michael Sause's behalf) and any of the following since January 1, 1994
> concerning, referring to or relating to the plant:
>
> a. Metcalf & Eddy Services, Inc.;
> b. PSG
> c. U.S. Filter

**Response to Request No. 29**

PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

13

**Request No. 30**

All photographs of Sause or Thomson or Steven Kruger at any time.

**Response to Request No. 30**

PSG objects to this request on the grounds that it is overbroad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 31**

All documentary materials, including but not limited to emails, notes, memoranda, reports, telephone messages, etc., (except for materials protected by the attorney-client privilege or work-product doctrine) describing, evidencing, referring to communications with or from Sause (or anyone acting on Sause's behalf) from January 1, 1993 until July 1, 2004 that refer in any way to the Town of Rockland or to the plant.

**Response to Request No. 31**

PSG objects to this request on the grounds that it is overbroad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 32**

All documentary materials, including but not limited to, manuals, personnel handbooks, reports, codes, etc., describing or containing any policies of Metcalf & Eddy, PSG or US Filter concerning ethics codes, expenditure of corporation funds on prospective or actual customers, interactions with prospective or actual customers, expenditure of funds for clients or customer relations and sales purposes authored, in effect or implemented at any time from January 1, 1993 to July 1, 2004.

**Response to Request No. 32**

PSG will produce all responsive documents.

14

**Request No. 33**

      All documentary materials, including but not limited to, manuals, personnel handbooks, reports, codes, etc., describing or containing any policies of Metcalf & Eddy, PSG or US Filter concerning the use of corporate credit or charge cards that were authored, in effect or implemented at any time from January 1, 1993 to July 1, 2004.

**Response to Request No. 33**

      PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 34**

      Organizational charts of the following at all times from January 1, 1994 through June 1, 2004:

    a. Metcalf & Eddy Services, Inc.;
    b. PSG
    c. U.S. Filter

**Response to Request No. 34**

      PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 35**

      All check requests, requests for payment, or documents seeking payment signed by Gregory Thomson (or appeared to be signed by a person named Gregory Thomson), at any time.

**Response to Request No. 35**

      PSG objects to this request on the grounds that it is vague and ambiguous.

Subject to and notwithstanding this objection, PSG will produce check requests, requests

15

for payment and documents seeking payment that purport to have been signed by Gregory

Thomson.

### Request No. 36

All documentary materials depicting, describing, embodying or
constituting any action taken by US Filter or PSG in response to check
requests, requests for payment, or documents seeking payment that were
signed, or appeared to be signed, by Gregory Thomson.

### Response to Request No. 36

PSG objects to this request on the grounds that it is vague and ambiguous.

### Request No. 37

All documentary materials (except for documents protected by the
attorney-client privilege or work-product doctrine) describing, or recording
any payments made to or received by Metcalf & Eddy, PSG, or U.S. Filter
pursuant to the 1998 Contract, and the dates of such payments.

### Response to Request No. 37

PSG will produce all responsive documents.

### Request No. 38

All documentary materials (except for documents protected by the
attorney-client privilege or work-product doctrine) reflecting, describing,
or recording the total or aggregate payments made to or received by
Metcalf & Eddy, PSG, and/or U.S. Filter pursuant to the 1998 Contract.

### Response to Request No. 38

PSG will produce all responsive documents.

### Request No. 39

All documentary materials reports, pro formas, spread sheets, budgets,
etc., describing, calculating, analyzing, assessing, commenting upon, or
referring to any revenues, earnings and or profit earned, or projected to be
earned, by Metcalf & Eddy, PSG, and/or U.S. Filter as a result of the 1994
or 1998 Contract.

**Response to Request No. 39**

      PSG objects to this request on the grounds that it is overbroad, seeks confidential

business information, and seeks documents that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 40**

      All documentary materials containing or referring to any projections or
forecasts of revenue, earnings, and/or profits from the operation of the
plant at any time.

**Response to Request No. 40**

      PSG objects to this request on the grounds that it is overbroad, seeks confidential

business information, and seeks documents that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 41**

      All documentary materials including but not limited to, emails, reports,
memoranda, emails, spread sheets, etc., analyzing, commenting upon,
projecting, or concerning the profitability of any actual or proposed
contract to operate the plant.

**Response to Request No. 41**

      PSG objects to this request on the grounds that it is overbroad, seeks confidential

business information, and seeks documents that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 42**

      All documentary materials used, consulted upon, or relied upon to prepare
any draft or actual price or cost proposal submitted by or on behalf of PSG
to the town of Rockland in at [sic] any time from 1994 to 1997, including
the 1997 price or cost proposal, and including all documentary materials
used to calculate, formulate, prepare, analyze or draft any portion of such
price proposal(s).

**Response to Request No. 42**

PSG objects to this request on the grounds that it is overbroad, seeks confidential

business information, and seeks documents that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 43**

All documentary materials generated by PSG, U.S. Filter or Metcalf &
Eddy since January 1, 1996 describing, commenting upon, analyzing,
projecting or discussing the profit margin or profitability of operating a
municipal water pollution control facility or municipal wastewater
treatment plant or sewage treatment plant.

**Response to Request No. 43**

PSG objects to this request on the grounds that it is overbroad, seeks confidential

business information, and seeks documents that are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 44**

All documentary materials used, consulted upon, or relied upon to prepare
any agreement with the Town of Rockland affecting or concerning
compensation to PSG, U.S. Filter or Metcalf & Eddy to operate the plant
at any time from 1994 to 2004.

**Response to Request No. 44**

PSG objects to this request on the grounds that it is overbroad, unduly

burdensome, seeks confidential business information, and seeks documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 45**

All documentary materials referring to, constituting, embodying or
describing negotiations between the Town of Rockland and any of the

18

following concerning compensation to PSG or U.S. Filter under the 1994
or 1998 contract and any modifications to such contract:

a. Metcalf & Eddy Services, Inc.;
b. PSG
c. U.S. Filter.

## Response to Request No. 45

PSG will produce all responsive documents.

## Request No. 46

All documentary materials (except for materials protected by the attorney
work-product doctrine or attorney-client privilege) referring to, describing,
containing or embodying any contract negotiations (or amendments,
modifications, to contracts) or any other negotiations with the Town of
Rockland (or any governmental entity of the Town of Rockland) generated
from January 1, 1997 through June 1, 1994, [sic]

## Response to Request No. 46

PSG objects to this request on the grounds that the requested date range does not

exist.

## Request No. 47

All documentary materials, including but not limited to, emails, reports,
memoranda, drawings, photographs, correspondence, spreadsheets, videos
or other digital or electronic recordings, referring to, evidencing,
describing, containing or relating to, any work or services performed by
PSG or U.S. Filter for the Town of Rockland.

## Response to Request No. 47

PSG objects to this request on the grounds that it is overbroad, unduly

burdensome, seeks documents that are protected by the attorney-client privilege and work

product doctrine, and seeks documents that are neither relevant nor reasonably calculated

to lead to the discovery of admissible evidence.

19

**Request No. 48**

All documentary materials, including but not limited to, hand written or typed notes, memoranda, emails, correspondence, referring to, evidencing, describing or concerning, negotiations at any time between PSG, Metcalf & Eddy or U.S. Filter and the Town of Rockland (or any entity of the Town of Rockland) concerning the operation of the plant.

**Response to Request No. 48**

PSG objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 49**

All communications, and all documentary materials containing, referring to, or describing or embodying communications between PSG or US Filter and Thomson from January 1, 1997 to January 1, 2005.

**Response to Request No. 49**

PSG objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 50**

All communications between the Town of Rockland and any of the following concerning the Request for Proposal that resulted in the 1994 Contract:

a. PSG
b. Metcalf & Eddy
c. US Filter.

**Response to Request No. 50**

PSG will produce all responsive documents.

### Request No. 51

All documentary materials referring to, describing, commenting upon, analyzing, or discussion or relating to [sic] the Town of Rockland's requests for proposals that resulted in the 1994 contract and/or the 1998 contract.

### Response to Request No. 51

PSG objects to this request to the extent it seeks documents that are protected by the attorney-client privilege and the work product doctrine. Subject to and notwithstanding this objection, PSG will produce all responsive non-privileged documents.

### Request No. 52

All inventories or other documentary materials describing any equipment, software, vehicles or other items other than person [sic] items known by PSG or US Filter to have been removed from the plant or the plant's premises (and not returned) in 2004 up to the late [sic] date that PSG operated the plant.

### Response to Request No. 52

PSG will produce all responsive documents.

### Request No. 53

All documentary materials referring to, describing, discussing, analyzing or concerning PSG's or US Filter's plans, directions or instructions to cease operation of the plant in 2004, to leave the plant in 2004 and/or to close its operations at the plant in 2004.

### Response to Request No. 53

PSG objects to this request to the extent it seeks information that is protected by the attorney-client privilege and work product doctrine. Subject to and notwithstanding this objection, PSG will produce all responsive non-privileged documents.

### Request No. 54

All documentary materials, including but not limited to emails,
memoranda, reports, etc., describing, any actions taken by PSG or US
Filter in ceasing operations at the plant, leaving the plant and/or closing its
operations at the plant in 2004.

### Response to Request No. 54

PSG objects to this request to the extent it seeks information that is protected by

the attorney-client privilege and work product doctrine.  Subject to and notwithstanding

this objection, PSG will produce all responsive non-privileged documents.

### Request No. 55

All documents identifying, describing, documents identifying [sic] the
computerized programs for maintenance, process control, cost accounting
and laboratory Quality assurance/Quality control developed/and or
supplied by you under Section 2.4 of the 1998 contract or otherwise.

### Response to Request No. 55

PSG objects to this request on the grounds that it is overbroad and seeks

documents that are neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

### Request No. 56

All inventories provided or generated under Section 2.5 of the 1998
Contract, or otherwise provided to the Town of Rockland by PSG or US
Filter.

### Response to Request No. 56

PSG will produce all responsive documents.

### Request No. 57

All documentary materials, including but not limited to, reports,
memoranda, correspondence, emails, etc., describing, commenting upon,
analyzing, assessing, criticizing or discussing the staffing of the plant at

any time from January 1, 1996 to June 1, 1998, including any minimum
staffing or any proposal for minimum staffing requirements.

**Response to Request No. 57**

PSG objects to this request to the extent it seeks information that is protected by

the attorney-client privilege and work product doctrine.  Subject to and notwithstanding

this objection, PSG will produce all responsive non-privileged documents.

**Request No. 58**

All documentary materials generated by PSG or U.S. Filter (or on their
behalf) since January 1, 1994, discussing, referring to, analyzing,
recording, reporting on, commenting on, assessing, or referring to the
disposition of, maintenance of, or handling of any of the following:

a. accounts holding funds of the Town of Rockland relating to the 1994 or
   1998 contracts;
b. rebates to the Town of Rockland under the 1994 or 1998 contracts;
c. funds held or controlled by PSG or U.S. Filter that are funds of the
   Town of Rockland.

**Response to Request No. 58**

PSG objects to this request to the extent it seeks information that is protected by

the attorney-client privilege and work product doctrine.  Subject to and notwithstanding

this objection, PSG will produce all responsive non-privileged documents.

**Request No. 59**

Copies of all Proposals submitted by PSG or U.S. Filter to operate
municipal or government water pollution control facilities, wastewater
treatment plants and sewage treatment plants since January 1, 1994.

**Response to Request No. 59**

PSG objects to this request on the grounds that it is overbroad, unduly

burdensome, seeks confidential business information, and seeks documents that are

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 60**

All documentary materials submitted by PSG or U.S. Filter since January 1, 1994 concerning any investigations concerning contracts, procurements or bidding to the Federal Bureau of Investigation, the United States District Attorney for any district, the office of any county District Attorney, or any state or local governmental investigation agency.

**Response to Request No. 60**

PSG objects to this request on the grounds that it is overbroad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 61**

All documentary materials submitted by PSG or U.S. Filter to the Massachusetts Office of the Inspector General since January 1, 2003.

**Response to Request No. 61**

PSG objects to this request on the grounds that it is overbroad and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

PROFESSIONAL SERVICES GROUP, INC.,
By its attorneys,

Maria R. Durant (BBO # 558906)
David M. Osborne  (BBO # 564840)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000

DATED:  December 2⁄4, 2005

## CERTIFICATE OF SERVICE

I, David M. Osborne, hereby certify that, on this 2 8th day of December, 2005, I caused the foregoing document to be served by hand on Joanne D'Alcomo, Esq., counsel for the Town of Rockland, at Jager Smith P.C., One Financial Center, Boston, MA 02111 and by first-class mail, postage prepaid, on Michael Sause, 103 Par Haven Drive, Apt. K-11, Dover, Delaware 19904.

David M. Osborne

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PROFESSIONAL SERVICES GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, | ) | |
| | ) | |
| Plaintiffs-in-Counterclaim and Crossclaim | ) | Civil No. 04-11131-PBS |
| | ) | |
| v. | ) | |
| | ) | |
| PROFESSIONAL SERVICES GROUP, INC., | ) | |
| | ) | |
| Defendant-in-Counterclaim, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL SAUSE, | ) | |
| | ) | |
| Crossclaim Defendant | ) | |

## JOINT MOTION TO FURTHER AMEND SCHEDULING ORDER

Plaintiff Professional Services Group, Inc. ("PSG") and Defendants Town of Rockland and Rockland Sewer Commission ("Rockland") jointly move for the Court to amend the Scheduling Order in this action as follows:

Fact discovery completed and summary judgment motions due by March 31, 2006

Oppositions due by April 28, 2006

Reply due by May 12, 2006

Sur-replies due by May 26, 2006

Plaintiff's expert designation due by April 28, 2006

Defendants' expert designation due by May 26, 2006

Expert discovery completed by June 23, 2006

Hearing on summary judgment or pretrial conference to be set at Court's convenience

As grounds for this motion, the parties state that the parties have scheduled a mediation for January 20, 2006. Mediation was ordered by the Court but was delayed due to the death of counsel for Defendant Michael Sause ("Mr. Sause"). The brother of Mr. Sause's counsel filed a motion to withdraw on October 14, 2005, and that motion was allowed by the Court on October 27, 2005. Subsequently Rockland and PSG agreed on a mediation date with the understanding that Mr. Sause would appear *pro se*.

Mr. Sause has no position on this motion.[1]

---

[1] Defendant Gregory Thomson has not appeared in this action.

WHEREFORE, PSG and the Town request that this Court amend the Scheduling

Order as set forth in this motion.

Respectfully submitted,

PROFESSIONAL SERVICES GROUP, INC.,
By its attorneys,


/s/Maria R. Durant
Maria R. Durant (BBO # 558906)
David M. Osborne  (BBO # 564840)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000


TOWN OF ROCKLAND and
ROCKLAND  SEWER COMMISSION,
By their attorneys,


/s/Joanne D'Alcomo
Joanne D'Alcomo (BBO # 544177)
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

DATED:  November 29, 2005

## RULE 7.1(A)(2) CERTIFICATION

I, David M. Osborne, hereby certify that on November 29, 2005 I attempted to confer with Defendant Michael Sause in a good faith effort to resolve or narrow the issues in this motion and that Mr. Sause has indicated no position on the motion.

/s/David M. Osborne
David M. Osborne

## CERTIFICATE OF SERVICE

I, David M. Osborne, hereby certify that, on this 29th day of November, 2005, I caused the foregoing document to be served by first class mail, postage pre-paid, on Joanne D'Alcomo, Esq., counsel for the Town of Rockland, at Jager Smith P.C., One Financial Center, Boston, MA 02111; and Michael Sause, 103 Par Haven Drive, Apt. K-11, Dover, Delaware 19904.

/s/David M. Osborne
David M. Osborne