UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                            )
PROFESSIONAL SERVICES                      )
GROUP, INC.,                                              )
                                                            )
            Plaintiff,                                     )
                                                            )
      v.                                                  )
                                                            )
TOWN OF ROCKLAND, ROCKLAND      )
SEWER COMMISSION, GREGORY        )
THOMSON and MICHAEL SAUSE,       )
                                                            )
            Defendants.                                )
_____)
                                                            )
TOWN OF ROCKLAND, ROCKLAND      )
SEWER COMMISSION,                         )
                                                            )
            Plaintiffs-in-Counterclaim        )      Civil No. 04-11131-PBS
            and Crossclaim                       )
                                                            )
      v.                                                  )
                                                            )
PROFESSIONAL SERVICES                      )
GROUP, INC.,                                              )
                                                            )
            Defendant-in-Counterclaim,    )
                                                            )
and                                                        )
                                                            )
MICHAEL SAUSE,                                  )
                                                            )
            Crossclaim Defendant               )
_____)

**PLAINTIFF PROFESSIONAL SERVICE GROUP, INC.'S
MOTION TO COMPEL DISCOVERY OF CERTAIN
<u>DOCUMENTS FROM DEFENDANT TOWN OF ROCKLAND</u>**

Plaintiff Professional Services Group, Inc. ("PSG") moves pursuant to Fed. R. Civ. P. 37

to compel Defendant Town of Rockland ("Rockland") to produce all documents in files that

Rockland's counsel recently received from Defendant Michael Sause that are responsive to PSG's standing requests for production of documents under Fed. R. Civ. P. 34.  These documents are subject to Rockland's continuing obligation to produce responsive documents and are not subject to any privilege.  See Fed. R. Civ. P. 26(e)(2) ("A party is under a duty seasonably to amend a prior response to [a] … request for production … if the party learns that the response is in some material respect incomplete ….").

On Tuesday, June 13, 2006, Mr. Sause testified at his deposition that approximately two months ago he produced to Rockland's counsel the entire files of his former attorney in connection with this matter.  Those files included a grand jury transcript directly related to this case, and likely contains notes of conversations with Mr. Sause and other relevant documents.  Mr. Sause testified that he informed counsel for Rockland that she could use the documents in these files for any purpose, and Rockland's counsel confirmed to PSG's counsel during a break in the deposition that she had in fact reviewed the files after receiving them.  The following day, PSG's counsel orally requested that Rockland's counsel produce all documents in these files that are responsive to PSG's document requests.  Counsel for Rockland refused, claiming that Rockland had no obligation to produce documents that it obtained after the date of PSG's document requests.

Rockland is wrong.  Under Fed. R. Civ. P. 26(e)(2), a party has a continuing obligation to supplement its discovery responses and to produce responsive documents that were not in its possession at the time of a document request.  See L. Tarango Trucking v. County of Contra Costa, 202 F.R.D. 614, 623 (N.D. Cal. 2001) (ordering "all documents created after the close of discovery that should have been produced in a supplemental production pursuant to Rule 26(e)(2) of the Federal Rules of Civil Procedure"); Pizza Public Co., Ltd. v. Tricon Global

Restaurants, Inc., No. 99 CIV. 12056 BSJMHD, 2000 WL 1457010, at *1 (S.D.N.Y. 2000) (Rule 26(e)(2) "makes no distinction between information-including documents-acquired prior to and after the conclusion of fact discovery (or indeed of any discovery).").

PSG does not know precisely what materials are in the files Mr. Sause turned over to Rockland's counsel, but it is likely that at a minimum it includes documents responsive to Request No. 40 (statements of witnesses or potential witnesses), to which Rockland agreed to produce responsive non-privileged documents.  See Defendant Town of Rockland's Response to Plaintiff's First Request for Production of Documents (attached at Exhibit A).  Rockland has no basis for asserting any privilege as to documents that it received from Mr. Sause because (1) counsel for Rockland does not represent Mr. Sause and (2) Mr. Sause waived any attorney-client privilege in providing those documents to counsel for Rockland.  The files also may contain documents responsive to other requests with which Rockland agreed to comply.

Therefore, PSG moves this Court to compel production of those documents that Mr. Sause has provided to counsel for Rockland that are responsive to PSG's requests for production.

**REQUEST FOR ORAL ARGUMENT**

PSG respectfully requests oral argument on this motion.

        Respectfully submitted,

        PROFESSIONAL SERVICES GROUP, INC.,
        By its attorneys,

        /s/David M. Osborne_____
        Maria R. Durant (BBO # 558906)
        David M. Osborne (BBO # 564840)
        DWYER & COLLORA, LLP
        Federal Reserve Plaza
        600 Atlantic Avenue, 12th Floor
        Boston, MA 02210
        (617) 371-1000
        dosborne@dwyercollora.com

DATED: June 15, 2006

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2)**

I, David M. Osborne, hereby certify that on June 14, 2006 I made an unsuccessful good faith attempt to eliminate and narrow the issues raised in this motion by conferring with Joanne D'Alcomo, counsel for Defendant Town of Rockland.

        /s/David M. Osborne_____
        David M. Osborne

**CERTIFICATE OF SERVICE**

I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 15, 2006.

        /s/David M. Osborne_____
        David M. Osborne