UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, <br><br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br><br> Plaintiffs-in-Counterclaim and Crossclaim <br><br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br><br> Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSÉ, <br><br> Crossclaim Defendant | Civil No. 04-11131-PBS |

**AFFIDAVIT OF DAVID M. OSBORNE**

I, David M. Osborne, state under oath as follows:

JS\127498.1

1. I am a partner at the law firm of Dwyer & Collora, LLP. I represent Plaintiff Professional Services Group, Inc. ("PSG") in the above-captioned action.

2. On June 2, 2006, I caused a notice for the deposition of Gregory Thomson ("Thomson") to be served on Defendants Town of Rockland and Rockland Sewer Commission (together the "Town"). A true and accurate copy of that notice is attached at Tab A.

3. On June 7, 2006, I caused Thomson to be served with a subpoena to appear at a deposition scheduled for June 19, 2006, and also caused a copy of the subpoena to be served on the Town. A true and accurate copy of that subpoena is attached at Tab B.

4. Prior to June 19, I called Thomson's home and left a message for him to confirm whether he was appearing as directed by the subpoena. Thomson did not respond to my message, nor did he appear for his deposition on June 19.

5. On June 25, 2006, I called Thomson at his home to ask about rescheduling his deposition. He told me he would call me the following morning, June 26, 2006, with dates for his deposition.

6. Thomson did not call me on June 26. On the evening of June 26 I left a message for Thomson at his home asking him to call me before 9:00 a.m. on Tuesday, June 27, 2006, with dates for his deposition. Thomson did not respond to my message.

SIGNED UNDER THE PENALTIES OF PERJURY IN BOSTON, MASSACHUSETTS ON JUNE 27, 2006.

_____
David M. Osborne

JS\127498.1                                                    2

# TAB A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSE, <br><br> Defendants. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br><br> Plaintiffs-in-Counterclaim and Crossclaim <br><br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br><br> Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSE, <br><br> Crossclaim Defendant | Civil No. 04-11131-PBS |

## NOTICE OF DEPOSITION OF GREGORY THOMSON

PLEASE TAKE NOTICE that, pursuant to Rule 26 and Rule 30(b)(1) of the

Federal Rules of Civil Procedure, Plaintiff Professional Services Group, Inc. will take the

deposition upon oral examination of Gregory Thomson before an officer authorized by law to administer oaths commencing at 10:00 a.m. on Thursday, June 15, 2006, at the offices of Dwyer & Collora, LLP, 600 Atlantic Avenue, Boston, Massachusetts. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

                          PROFESSIONAL SERVICES GROUP, INC.,

                          By its attorneys,

                          _____
                          Maria R. Durant (BBO # 558906)
                          David M. Osborne  (BBO # 564840)
                          DWYER & COLLORA, LLP
                          Federal Reserve Plaza
                          600 Atlantic Avenue, 12th Floor
                          Boston, MA  02210
                          (617) 371-1000

DATED: June 2, 2006

## CERTIFICATE OF SERVICE

I, David M. Osborne, hereby certify that, on this 2nd day of June, 2006, I caused the foregoing document to be served by hand on Joanne D'Alcomo, Esq., counsel for the Town of Rockland and Rockland Sewer Commission, at Jager Smith P.C., One Financial Center, Boston, MA 02111.

_____
David M. Osborne

# TAB B

# UNITED STATES DISTRICT COURT

United States District Court for the     **DISTRICT OF**     Massachusetts

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br>                                Plaintiff, <br>                  V. <br> TOWN OF ROCKLAND et al., <br>                                Defendants. | **SUBPOENA IN A CIVIL CASE** <br><br> CASE NUMBER:    04-11131-PBS |

TO:     Gregory Thomson
           790 Liberty Street
           Rockland, MA 02370

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dwyer & Collora, LLP <br> 600 Atlantic Avenue, 12th Floor <br> Boston, MA 02210-1122 | Monday, June 19, 2006, beginning at 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> Attorney for Plaintiff Professional Services Group, Inc. | DATE <br> 6/7/06 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER <br>            David M. Osborne | Dwyer & Collora, LLP <br> 600 Atlantic Avenue <br> Boston, MA 02210-1122       (617) 371-1000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 86 (Rev. 11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.


| IN HAND | GREGORY THOMSON | RETURN OF SERVICE (3) | |
|---|---|---|---|
| RECEIVED BY SERVER | DATE June 07, 2006 | PLACE | Boston, Massachusetts |
| SERVED | DATE June 08, 2006 | PLACE 790 LIBERTY STREET, ROCKLAND | , Massachusetts |

| SERVED ON (NAME) | FEES TENDERED |
|---|---|
| GREGORY THOMSON | ☒ YES  ☐ NO  AMOUNT $ 53.00 <br> ☐ Advanced By Attorney |
| SERVED BY | TITLE |
| GERARD O'DONNELL JODREY | Process Server and a Disinterested Person |

## STATEMENT OF SERVICE FEES

| SERVICE FEE | | TOTAL |
|---|---|---|
| $ 130.00 | 2 Trips | $ 183.00 |

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ June 08, 2006 _____
Date

Signature of Server

One Devonshire Place, Boston, Massachusetts
Address of Server

**ADDITIONAL INFORMATION**
PLEASE NOTE THAT IT WAS NECESSARY TO MAKE __2__ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| 6-8-06 | AT 2 PM | NO SERVICE-NO ONE HOME. | $ 65.00 |
| 6-8-06 | AT 5:15 PM | IN HAND SERVICE MADE. | $ 65.00 |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | TOTAL | $ 130.00 |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "Fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)'

**Suvalle, Jodrey & Associates**          One Devonshire Place          Telephone # (617) 720-5733
**Massachusetts Constables since 1925**   Boston, MA 02109              Fax #       (617) 720-5737