UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES <br> GROUP, INC., Plaintiff, <br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND <br> SEWER COMMISSION, GREGORY <br> THOMSON and MICHAEL SAUSÉ, <br> Defendants <br><br> TOWN OF ROCKLAND, ROCKLAND <br> SEWER COMMISSION, <br>     Plaintiffs-in-Counterclaim <br>     and Crossclaim, <br> v. <br><br> PROFESSIONAL SERVICES <br> GROUP, INC., <br>     Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSÉ, <br>     Crossclaim Defendant | Civil No. 04-11131-PBS |

**DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFF
PROFESSIONAL SERVICES GROUP, INC. TO PRODUCE, FOR A LIMITED
DEPOSITION, A KNOWLEDGEABLE WITNESS TO TESTIFY CONCERNING
CERTAIN FINANCIAL DOCUMENTS THAT ARE THE SUBJECT OF THE
COURT'S ORDER OF JUNE 28,
OR
ALTERNATIVELY, TO PRECLUDE THE PLAINTIFF FROM CHALLENGING
DEFENDANTS' PROFERRED EVIDENCE OF PLAINTIFF'S PROFITS AS DAMAGES
UNDER THE STATE'S CONFLICT OF INTEREST STATUTE**

The Defendants Town of Rockland and Rockland Sewer Commission ("the Town")

hereby move to compel Professional Services Group, Inc. to produce, for a limited deposition, a

witness knowledgeable about certain of the financial data that PSG is now required to produce

JS#128124v1

pursuant to this Court's order of June 28 -- specifically, a portion of Request 39 relating to profits earned. The Town has been unfairly and wrongfully deprived of such information, and such information is essential to proving the damages that the Town is seeking for a violation of the state's Conflict-of-Interest Law.[1] PSG should not be permitted to benefit from its improper conduct in withholding this critical information about profits, which PSG has known is one of the largest elements of damages that the Town is seeking in its counterclaim.

---

[1] The Defendants contend that PSG's conduct violates Sections 2(a), 3(a) and 17(b) of the conflict of interest law, Mass. Gen. Laws, Chapter 268A.  Section 2(a) imposes liability on any person who:

> (a) …directly or indirectly, corruptly gives, offers or promises anything of any value to any…municipal employee…or who offers or promises any such employee…to give anything of value to any other person or entity with intent
>
> (1)  to influence any official act or any act within the official responsibility of such employee…, or
>
> (2)  to influence such an employee…to commit or aid in committing, or collude in, or allow, any fraud, or make opportunity for the commission of any fraud on…a…municipal agency, or
>
> (3)  to induce such an employee...to do or omit to do any act in violation of his lawful duty;

Section 3(a), in turn, imposes liability on any person who "directly or indirectly, gives, offers or promises anything of substantial value to any present or former…municipal employee…for or because of any official act performed or to be performed by such an employee…" See G.L. c.268A, §3(a).

Further, Section 17(b) provides that "[n]o person shall knowingly…directly or indirectly give, promise or offer [compensation to a municipal employee in relation to any particular matter in which the town has a direct and substantial interest.]" See G.L. c.268A, §17(b).

The Defendants maintain that PSG violated the above provisions of the Conflict of Interest Law by giving monetary value to Sewer Commissioner and then Sewer Superintendent Gregory Thomson (1) knowingly and in relation to the operation of the Sewer Plant; (2) with the intent to influence Thomson's official acts; (3) with the intent to influence Thomson to commit, aid in committing, collude in and allow fraud by Thomson in the conduct of the RFP, and the diversion of Town funds to himself by fraudulent means; and (4) with the intent to induce Thomson to do and omit to do acts contrary to his lawful duties.

 Section 21(b) provides that a town may bring a civil action "against any person who has acted to his economic advantage in violation of" Sections 2, 3, 8 and 15-20, and may recover damages "in the amount of such economic damages or five hundred dollars, whichever is greater." G. L. c. 268A § 21(b). (Emphasis added). Furthermore, "[i]f there has *been no final* criminal judgment of conviction or acquittal of the same violation, ... the [municipality] may in the discretion of the court recover additional damages…in an amount not exceeding twice the amount of economic recovery or five hundred dollars, whichever is greater…" Id. (Emphasis added).

PSG acted to its "economic advantage" by violating the Conflict of Interest statute through its employee, Sausé, and other managers.  Its "economic advantage" can be measured by the profits that it earned on the contract from the commencement of the contract in March 1998, to the termination of the contract in April 2004

Alternatively, and if the Town is not allowed to take a deposition and thus is irreparably disadvantaged by PSG's wrongful withholding of critical information, the Town seeks to preclude PSG from contesting or challenging any evidence or testimony offered by the Town to attempt to prove the amount of profits that PSG earned on the contract.

Specifically, the Town seeks an order compelling PSG to produce for deposition, within 5 days following its July 6 production of documents required by the Court's June 28th order, a witness knowledgeable about the documents produced in response to this portion of Document Request 39:

> **Request No. 39.** All documentary materials reports, pro formas, spread sheets, budgets, etc., describing, calculating, analyzing, assessing, commenting upon, or referring to any revenues, earnings and or profit earned, …. PSG, and/or U.S. Filter as a result of the … 1998 Contract.

The Court (Collings, M.J.) determined from the bench at the hearing on June 28 that PSG's blanket object to this request was improper, and that is refusal to produce any documents responsive to the request was improper. PSG had responded to the request as follows:

> **Response:** PSG objects to this request on the grounds that it is overbroad, seeks confidential business information, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

PSG's position was not only wholly unjustified, but it seriously prejudiced the Town. In one of its sections of the Joint Pretrial Memorandum, IV. 3, PSG readily acknowledged that the Town was seeking, as damages under Chapter 268A, the Conflict of Interest Statute, "PSG's profit under the 1998 Contract." Yet, PSG continued to take the position that such information was not discoverable. PSG's position seriously prejudiced the Town, because without the

information about PSG's profits, the Town would be unable to present evidence to the jury of the damages to which it is entitled for a violation of Chapter 268A. Earlier this month, PSG decided to produce many boxes of materials that had been removed from the Rockland wastewater treatment plant, and the Town's counsel discovered among them a box full of financial data about the plant. This was the first time that the Town had access to any detailed financial data about the profitability of the plant for PSG. However, because of the deliberately late production of even this financial data by PSG, the Town has never been able to question any witness about the data, and the meaning of the data, and the data produced this month does not even show profits for all years of the contract. All such data will have to be produced in response to Request No. 39 under the Court's June 28th order, and the Town will finally have access to the information it needs.

In short, PSG's wrongful withholding of critical information in response to Document Request 39 should not be permitted to prejudice the Town in its presentation of damages under Chapter 268A.. PSG should either be compelled to produce a witness knowledgeable about the documents produced in response to the above-referenced portion of Request 39, or PSG should be precluded from challenging the evidence that Town is able to muster about PSG's profits, and the testimony offered on that subject. PSG – having wrongfully withheld such obviously relevant information – should not be able to capitalize on its own wrongful conduct.

**Statement Pursuant to Local Rules 7.1(A)(2) and 37.1(B)**

A conference between Joanne D'Alcomo and Attorney David Osborne was held by telephone and in person on June 28, 2006, and could not resolve the issues.

_____
Joanne D'Alcomo

TOWN OF ROCKLAND , ROCKLAND SEWER COMMISSION
By its attorneys,

/s/Joanne D'Alcomo
_____
Joanne D'Alcomo
BBO #544177
Howard P. Blatchford, Jr.
BBO #045580
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500