UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
PROFESSIONAL SERVICES               )
GROUP, INC.,                        )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )
                                    )
TOWN OF ROCKLAND, ROCKLAND          )
SEWER COMMISSION, GREGORY           )
THOMSON and MICHAEL SAUSÉ,          )
                                    )
         .                          )
_____)
                                    )
TOWN OF ROCKLAND, ROCKLAND          )
SEWER COMMISSION,                   )
                                    )
         Plaintiffs-in-Counterclaim )   Civil No. 04-11131-PBS
         and Crossclaim             )
                                    )
    v.                              )
                                    )
PROFESSIONAL SERVICES               )
GROUP, INC.,                        )
                                    )
         Defendant-in-Counterclaim, )
                                    )
and                                 )
                                    )
MICHAEL SAUSÉ,                      )
                                    )
         Crossclaim Defendant       )
_____)

**PLAINTIFF'S REPLY TO OPPOSITION TO
MOTION TO COMPEL DISCOVERY OF CERTAIN
<u>DOCUMENTS FROM DEFENDANT TOWN OF ROCKLAND</u>**

In the Opposition of Town of Rockland and Rockland Sewer Commission to Plaintiff

Professional Service Group, Inc.'s Motion to Compel Discovery of Certain Documents from

JS\127498.1

Defendant Town of Rockland (the "Opposition"), the Defendants argue that they do not have custody, possession or control of the documents that are the subject of the motion to compel certain documents by Plaintiff Professional Services Group, Inc. ("PSG"). Attached hereto at Tab A are excepts from the deposition of Michael Sause ("Sause") taken on June 13, 2006 in which Sause states that he turned over his attorney's file to counsel for the Defendants, not for "safekeeping," but "as documents that she can use in this case" and "for her to use as she chose to use in this matter."

In the Opposition, the Defendants also claim that Sause produced the documents at issue pursuant to a joint defense or common interest agreement. During most of this litigation, the Defendants have had claims against Sause that mirror their claims against PSG, including violations of the Conflict of Interest law and the Uniform Procurement Act, and thus did not have a common interest. Indeed, PSG's alleged liability for those claims is premised on Sause's alleged conduct. It was not until April 25, 2006 that the Defendants agreed to waive their claims against Sause in order to obtain his deposition testimony. A copy of the waiver executed by the Defendants is attached hereto at Tab B. The waiver acknowledges the existence of claims against Sause.

        Respectfully submitted,

        PROFESSIONAL SERVICES GROUP, INC.,
        By its attorneys,


        /s/David M. Osborne_____
        Maria R. Durant (BBO # 558906)
        David M. Osborne (BBO # 564840)
        DWYER & COLLORA, LLP
        Federal Reserve Plaza
        600 Atlantic Avenue, 12th Floor
        Boston, MA 02210
        (617) 371-1000

## CERTIFICATE OF SERVICE

      I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 28, 2006.

                                          /s/David M. Osborne_____
                                          David M. Osborne