UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                      )
PROFESSIONAL SERVICES                 )
GROUP, INC.,                          )
                                      )
            Plaintiff,                )
                                      )
     v.                               )
                                      )
TOWN OF ROCKLAND, ROCKLAND            )
SEWER COMMISSION, GREGORY             )
THOMSON and MICHAEL SAUSÉ,            )
                                      )
            .                         )
_____ )
                                      )
TOWN OF ROCKLAND, ROCKLAND            )
SEWER COMMISSION,                     )
                                      )
            Plaintiffs-in-Counterclaim )     Civil No. 04-11131-PBS
              and Crossclaim          )
                                      )
     v.                               )
                                      )
PROFESSIONAL SERVICES                 )
GROUP, INC.,                          )
                                      )
            Defendant-in-Counterclaim, )
                                      )
and                                   )
                                      )
MICHAEL SAUSÉ,                        )
                                      )
            Crossclaim Defendant      )
_____ )
```

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
EMERGENCY MOTION TO COMPEL ADDITIONAL DEPOSITION**

Defendants Town of Rockland and the Rockland Sewer Commission filed their

emergency motion to compel the deposition of a witness from Plaintiff Professional Services

JS\127498.1

Group, Inc. ("PSG") to testify about PSG's profits, based on their assumption that numerous additional financial documents existed and would be produced as a result of Magistrate Judge Colling's order on June 28, 2006 to compel additional production.  Counsel for PSG is cooperating with counsel for the Defendants to identify and produce any additional documents responsive to the Defendants' request that were not included in the documents already made available to the Defendants earlier this month.[1]  Counsel for PSG expects that only a small number of additional documents will be necessary to satisfy the Defendants.

On June 22, 2006, at the pre-trial hearing on this matter, Judge Saris made clear that deposition practice in this matter is over.  When PSG's counsel raised the issue that PSG had not yet had an opportunity to cross-examine Michael Sause ("Mr. Sause") during his deposition, this Court responded, "You know, then you just won't do them if you waited this long.  I mean, that's just the end of the story.  You'll just do it the way in the good-old days that people did them."  Indeed, at a motion hearing held just yesterday, counsel for the Defendants took the position that Judge Saris had ordered the parties not to conduct any more depositions after June 22, 2006.  In Magistrate Judge Colling's order of June 28th, which denied PSG's motion to compel the deposition of Defendant Gregory Thomson ("Mr. Thomson") – who was under subpoena but did not appear for his deposition – the Court reiterated that "depositions which had not been done as of [June 22, 2006] would not take place."

PSG accepts that if it wishes to obtain the testimony of Mr. Sause, Mr. Thomson, or any other fact witness whose testimony had not been completed as of June 22, 2006, that witness must be examined at trial.  Counsel for the Defendants argued in favor of that rule just yesterday.

---

[1] Those documents were made available to the Defendants on June 8, 2006, after a large quantity of documents that had been removed from the Wastewater Treatment Plant in 2004 were unexpectedly delivered to PSG's offices by a former PSG employee.  The parties discussed this issue in their Joint Pre-Trial Memorandum, which was filed with the Court on June 20, 2006.

JS\127498.1                               2

They should not now be able to carve out an exception. Fairness dictates that the rule apply with equal force to depositions sought by the Defendants.

        Respectfully submitted,

        PROFESSIONAL SERVICES GROUP, INC.,
        By its attorneys,

        /s/ Sara Noonan_____
        Maria R. Durant (BBO # 558906)
        David M. Osborne  (BBO # 564840)
        Sara E. Noonan (BBO # 645293)
        DWYER & COLLORA, LLP
        Federal Reserve Plaza
        600 Atlantic Avenue, 12th Floor
        Boston, MA  02210
        (617) 371-1000

**CERTIFICATE OF SERVICE**

    I, Sara E. Noonan, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 28, 2006.

        /s/ Sara Noonan_____
        Sara Noonan