UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., Plaintiff,<br>   v.<br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ,<br>   Defendants<br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION,<br>   Plaintiffs-in-Counterclaim and Crossclaim,<br>   v.<br><br>PROFESSIONAL SERVICES GROUP, INC.,<br>   Defendant-in-Counterclaim,<br><br>and<br><br>MICHAEL SAUSÉ,<br>   Crossclaim Defendant | Civil No. 04-11131-PBS |

**TOWN OF ROCKLAND'S AND ROCKLAND SEWER COMMISSION'S REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION CONCERNING FINANCIAL DOCUMENTS**

The Town of Rockland and Rockland Sewer Commission ("the Town") hereby reply to the Plaintiff's opposition to Defendants' Emergency Motion To Compel Plaintiff Professional Services Group, Inc. To Produce, For A Limited Deposition, A Knowledgeable Witness To Testify Concerning Certain Financial Documents That Are The Subject Of The Court's Order Of June 28, Or Alternatively, To Preclude The Plaintiff From Challenging Defendants' Proferred Evidence Of Plaintiff's Profits As Damages Under The State's Conflict Of Interest Statute.

Plaintiff Professional Services Group, Inc. ("PSG") gives the impression that the Town of Rockland and the Rockland Sewer Commission no longer need the deposition for some reason. This is flatly incorrect. The thousands of financial documents that PSG wrongfully withheld until this month that contain some of the critical data necessary to establish PSG's profits earned, and additional documents yet to be produced under the Court's June 28th order that will help establish PSG's profits, are not self-explanatory. PSG should not permitted to exploit what Magistrate Judge Collings determined was a patently improper position in document production – that is, an absolute refusal to turn over these obviously relevant documents – by preventing the Defendants from deposing a person about the documents and pinning down PSG on the meaning of the entries on the documents. In other words, PSG, in an effort to downplay its profits, should not be permitted to argue that the entries on the documents mean something that the Defendants have not been able to inquire about learn about.

The deposition sought by the Town is <u>not</u> barred by Judge Saris' determination, since Judge Saris was obviously referring to depositions in the ordinary course – depositions that were *not being sought as the result of any wrongful withholding of documents*. The situation here is entirely different, because PSG deliberately, and in flagrant violation of its discovery obligations under the Federal Rules of Civil Procedure, withheld obviously highly relevant information that is essential to the Town's calculation of one of the largest elements of their damages under the statutory claims: disgorgement of PSG's profits. It would be a travesty for PSG to profit by its misbehavior and prevent the Town from effectively presenting evidence as to what it is entitled to receive under the state's Conflict of Interest Law.

If no deposition is permitted, then, alternatively, PSG should be precluded from challenging or contesting in any way the evidence and testimony that the Town is able to muster and present on the subject of PSG's profits, which is the measure of damages under the State's Conflict of Interest Law.

TOWN OF ROCKLAND AND ROCKLAND
SEWER COMMISSION
By its attorneys,

/s/ Joanne D'Alcomo
_____
Joanne D'Alcomo
BBO #544177
Howard P. Blatchford, Jr.
BBO #045580
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500
