UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                        )
PROFESSIONAL SERVICES                  )
GROUP, INC.,                                        )
                                                        )
                    Plaintiff,                          )
                                                        )
          v.                                              )
                                                        )
TOWN OF ROCKLAND, ROCKLAND  )
SEWER COMMISSION, GREGORY      )
THOMSON and MICHAEL SAUSÉ,       )
                                                        )
_____)
                                                        )
TOWN OF ROCKLAND, ROCKLAND  )
SEWER COMMISSION,                       )
                                                        )
                    Plaintiffs-in-Counterclaim  )       Civil No. 04-11131-PBS
                    and Crossclaim                 )
                                                        )
v.                                                        )
                                                        )
PROFESSIONAL SERVICES                  )
GROUP, INC.,                                        )
                                                        )
                    Defendant-in-Counterclaim, )
                                                        )
and                                                      )
                                                        )
MICHAEL SAUSÉ,                             )
                                                        )
                    Crossclaim Defendant        )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE DEFENDANTS' JURY TRIAL DEMAND AS TO
CONFLICT OF INTEREST AND PROCUREMENT ACT COUNTS**

Plaintiff has moved to strike Defendants' jury trial demand as to the counts in

Defendants' counterclaim under the Conflict of Interest Statute, Mass. Gen. L. c. 268A, § 21

(Counts IV, V, and VI), and the Uniform Procurement Act, Mass. Gen. L. c. 30B, § 17(c) (Count VII).[1]  Neither statute provides an implied right to a jury trial in a civil enforcement action because each statute creates new substantive rights in a wholly new cause of action.  The Court should exercise its discretion and reserve Defendants' claims under c. 268A and c. 30B, as well as c. 93A, for its own judgment, or in the alternative should reserve any damages award under those statutes.

## ARGUMENT

### I.    Defendants Have No Right to a Jury Trial for Their Claims Under § 21 of the Conflict of Interest Statute, c. 268A

In Massachusetts, the Legislature may create an express right to a jury trial when it establishes a new statutory cause of action.  See Trust Ins. Co. v. Bruce at Park Chiropractic Clinic, 430 Mass. 607, 608 n.3 (2000).  The Massachusetts Constitution protects an implied jury trial right only for those actions that existed at common law and entailed a jury trial (as opposed to those that were in equity jurisdiction) as of 1780.  See Rosati v. Boston Pipe Covering, Inc., 434 Mass. 349, 350 (2001); Trust Ins. Co., 430 Mass. at 609 n.3.  Therefore, a new statutory right of action does not include an implied right to jury trial if it "has created new substantive rights in conduct which heretofore lawful under common and statutory law is now unlawful." Nei v. Burley, 388 Mass. 307, 315 (1983); see also Dep't Revenue v. Jarvenpaa, 404 Mass. 177, 188 (1989) ("If a wholly new cause of action is created, a jury trial right does not attach to that claim.").

Even those actions "historically or analogously connected to actions at common law" do not require a jury trial of right when a plaintiff does not need to prove all of the elements of the

---

[1]  On September 21, 2004, the Court granted Defendants' motion to amend their counterclaim to add a jury trial demand for all issues so triable.  See Docket No. 19 (Defendants' Motion).

analogous common law action.  <u>Nei</u>, 388 Mass. at 314.  Thus, a generic analogy to common law

actions in contract or tort is not sufficient to establish an implied jury trial right in a statutory

cause of action.  <u>See</u> <u>id.</u>  In contrast, however, "the right to jury trial does not apply to cases

which traditionally would have fallen within the jurisdiction of a court of equity."  <u>Doherty v.</u>

<u>Retirement Board of Medford</u>, 425 Mass. 130, 137 (1997).

Applying these standards to Defendants' counterclaim, Defendants have no basis to assert

a jury trial right under the Conflict of Interest Statute, c. 268A.  Section 21 of c. 268A, which

establishes a civil cause of action for violations of the statute, provides:

> (a) [A]ny violation [of certain sections] which has substantially influenced the
> action taken by any municipal agency in any particular matter shall be grounds for
> avoiding, rescinding or canceling the action on such terms as the interest of the
> municipality and innocent third persons require.
>
> (b) The … city or town or state may bring a civil action against any person who
> has acted to his economic advantage in violation of [certain sections] and may
> recover damages for the city or town in the amount of such economic advantage
> or five hundred dollars, whichever is greater.  If there has been no final criminal
> judgment of conviction or acquittal of the same violation, … the city or town or
> state may *in the discretion of the court* recover additional damages for the city or
> town in an amount not exceeding twice the amount of the economic recovery or
> five hundred dollars, whichever is greater ….

c. 268A, § 21 (emphasis added).  Although c. 268A has been much litigated, most c. 268A

caselaw concerns the statute's criminal provisions, not the right of a civil action under § 21.

Consequently, the provision in § 21 for a civil action has rarely been examined or interpreted.

Section 21 clearly contains no express right to a jury trial.  Moreover, § 21 is silent as to

the nature of the "civil action" that it establishes.  In contrast, in <u>Boehm v. The Premier Ins. Co.</u>,

446 Mass. 689 (2006), the SJC considered whether a jury trial right existed in an insurance

statute that provides for recovery of "personal injury protection benefits" from an insurer through

"an action in contract."  <u>See</u> <u>id.</u> at 690-91 (discussing Mass. Gen. L. c. 90, § 34M).  The Court

noted that by expressly providing for a traditional contract action, the statute "demonstrate[d] the Legislature's intent to afford a right to a jury trial" under the statute because a common law contract action bears such a right. Id. at 691. Yet, § 21 indicates no such legislative intent. Cf. Beurklian v. Allen, 385 Mass. 1009, 1009 (1982) (holding that Massachusetts Tort Claims Act, Mass. Gen. L. c. 258, § 2, provided an implied jury trial right because it explicitly stated that public employers "shall be liable in the same manner and to the same extent as a private individual [for a common law tort] in like circumstances").

More importantly, § 21 creates "new substantive rights" in a cause of action that did not exist prior to the enactment of c. 268A. As the SJC explained in Zora v. State Ethics Comm'n, 415 Mass. 640, 652-53 (1993), actions for "civil violations of G.L. c. 268A are essentially sui generis and do not express a civil claim, right or remedy which was recognized at common law as requiring a jury trial." In Zora, the Court examined plaintiff's claim that he was denied a right to a jury trial when he was found liable for violations of c. 268A in adjudicatory proceedings before the State Ethics Commission. Id. at 652-53. The Court considered the nature of the civil enforcement provisions of c. 268A and held that they contained no implied right to a jury trial because they involved new substantive rights created by the Legislature. See id.

Through § 21, the Legislature created a right of recovery for municipalities "against any person who has acted to his economic advantage in violation" of certain specific provisions of the statute, including the bribery, gratuity, and compensation provisions. See § 21(b). In enacting this civil enforcement provision, the Legislature did not simply enshrine a traditional common law cause of action in statutory form. See Zora, 415 Mass. at 652-53; see also Everett Town Taxi, Inc. v. Board of Aldermen of Everett, 366 Mass. 534, 536 (1974) (benefit of § 21 was "conferred … by the Legislature"); id. (noting that legislative enactment of c. 268A "was the

4

product of extensive study and proposals by a Special Commission on Code of Ethics," as well as the study of comparable and model bribery and conflict of interest statues (quotation and citation omitted)).  Thus, although criminal liability for corruption and bribery is, perhaps, a long established principle, the specific grant to Massachusetts municipalities of a right of civil recovery of a violator's "economic advantage" is not.  Cf., e.g., "Alexander Scott, theft : simple grand larceny, 20th February, 1793," The Proceedings of the Old Bailey, available at www.oldbaileyonline.org/ (discussing prosecution of English constable for taking a bribe).

Likewise, the conduct at issue in a c. 268A violation is not easily analogized to a common law tort.  In Stonehill Coll. v. Mass. Comm'n Against Discrimination, 441 Mass. 549, 560-61 (2004), the SJC discussed the implied jury trial right under the state employment discrimination statute, Mass. Gen. L. c. 151B.  The Court noted, in particular, that courts had often analogized employment discrimination actions to common law wrongful discharge actions. Id. at 560.  In contrast, a cause of action under c. 268A for a municipality to recover the "economic advantage" that results from, for example, "promis[ing] anything of value" to a municipal employee to "influence any official act or any act within the responsibility of such employee" is not so easily equated with any traditional common law tort because, unlike statutory employment discrimination, a cause of action under § 21 of c. 268A has no common law counterpart.  See c. 268A, §§ 2(a)(1), 21; see also Zora, 415 Mass. at 652-53.

In many ways, the "substantive rights" established by the "wholly new cause of action" in § 21 are like those in c. 93A that have been held to preclude a jury trial right under that statute. See Nei, 388 Mass. at 315 (no right to a jury trial under c. 93A).  The particular elements of causes of action under § 21, like those under c. 93A,  are not the elements of traditional common law causes of action.  See, e.g., Scaccia v. State Ethics Comm'n, 431 Mass. 351, 356 (2000)

5

(bribery violation of c. 268A, § 2 requires proof of a "two-way nexus" or "quid-pro-quo, in which the giver corruptly intends to influence an official act through a 'gift,' and that 'gift' motivates an official to perform an official act").  Neither cause of action is "limited by traditional tort and contract law requirements."  See Nei, 388 Mass. at 312-13.  Consequently, analogies of either § 21 or c. 93A to common law torts, for example, are of limited use.  Compare Zora, 415 Mass. at 647 (analogizing c. 268A to common law tort action for limited purpose of applying three-year tort statute of limitations) with id. at 652-53 (noting that c. 268A actions "do not express a civil claim, right, or remedy which was recognized at common law"); see also Nei, 388 Mass. at 313 ("It can … be argued that analogies between common law claims for breach of contract, fraud, or deceit and claims under c. 93A are inappropriate.").

Both § 21 and c. 93A are intended to serve similar goals through similar means.  Whereas c. 93A is directed at "unfair and deceptive practices" in trade and business, c. 268A is directed at similar conduct in public affairs: "corruption in public office, inequality of treatment of citizens and the use of public office for private gain."  See Everett Town Taxi, Inc., 366 Mass. at 536.  Each statute achieves its purpose, in part, with a multiple damages provision that allows an increased recovery "against those defendants with a higher degree of culpability than that sufficient to ground simple liability."  See Goodrow v. Lane Bryant, Inc. 432 Mass. 165, 178 (2000) (quoting Kansallis Fin. Ltd. v. Fern, 421 Mass. 659, 672 (1996)).

More importantly, like c. 93A, § 21 provides traditional equitable remedies, as well as damages, for a violation.  Thus, a violation of c. 268A may be grounds for rescinding any "action taken by any municipal agency in any particular matter" that was "substantially influenced" by

conduct that violated the statute.[2]  See § 21(a).  "[R]escission is an equitable remedy awarded at the discretion of the court." Augustine v. Rogers, 47 Mass. App. Ct. 901, 902 (1999).  Moreover, a court applies equitable principles in determining whether to grant rescission under c. 268A. See § 21(a) (rescission not automatic but only "as the interests of the municipality and innocent third parties require"); Everett Town Taxi, Inc., 366 Mass. at 538 ("[T]he possibly harsh effect of rescission on innocent third parties who dealt with the municipality should be considered" in applying that equitable remedy.).  As with c. 93A, "the equitable nature" of this relief under c. 268A, and "the silence of the Legislature" regarding the right to a jury trial under the statute, as well as the nature and elements of the new cause of action that § 21 creates, indicate that c. 268A contains no implied jury trial right.  See Nei, 388 Mass. at 315; see also Zora, 415 Mass. at 652-53.

## II.    Defendants Have No Right to a Jury Trial for Their Claim Under § 17(c) of the Procurement Act

As with § 21 of c. 268A, Defendants have no basis for asserting a jury trial right for their putative cause of action under § 17(c) of the Procurement Act.  First, and most importantly, § 17(c) does not even provide a right of action to the Defendants in this case.[3]  The statute certainly contains no express right of action for their claim.  Cf. c. 30B, § 17(d) ("The inspector general shall have authority to institute a civil action to enforce paragraph (c) if authorized by the attorney general.").  Therefore, Defendants begin in a worse position in asserting a right to a jury trial under c. 30B than they do under c. 268A, or would under any comparable statute that contains an express right of action.

---

[2]  A cause of action that allows both legal and equitable remedies only bears an implied right to a jury trial if the Constitution otherwise requires a jury trial right for that cause of action.  See Stonehill Coll. v. Mass. Comm'n Against Discrimination, 441 Mass. 549, 560-61 (2004).

[3]  PSG will addresses this issue in detail in a separate motion.

However, even if Defendants may proceed with a cause of action under § 17(c), it is a "wholly new cause of action" created by the Legislature and unrelated, either explicitly or implicitly, to any cause of action at common law that existed in 1780.  Section 17(c) provides:

> A person who causes or conspires with another to cause a contract to be solicited or awarded in violation of a provision of [the Procurement Act] shall forfeit and pay to the appropriate governmental body a sum of not more than two thousand dollars for each violation. In addition, the person shall pay double the amount of damages sustained by the governmental body by reason of the violation, together with the costs of any action. *If more than one person participates in the violation, the damages and costs may be apportioned among them.*

Mass. Gen. L. c. 30B, § 17(c) (emphasis added).  This provision is, in many respects, comparable to § 21 of c. 268A.  Like § 21, § 17(c) provides no express jury trial right.  See also § 17(d).  It also is silent as to the nature of the cause of action created.  See Boehm, 446 Mass. at 690-91; Beurklian, 385 Mass. at 1009.

Moreover, as with § 21, a claim under § 17(c) is a claim in uncharted waters.  This provision, and the apportionment clause in particular, has not been examined or discussed previously in Massachusetts caselaw.[4]  The apportionment clause appears to be unique among Massachusetts statutes, and thus there is little guidance as to its appropriate interpretation.[5]

What is clear from § 17(c), however, is that it contains no implied right to a jury trial.  Any cause of action under § 17(c) is entirely a statutory creation that "dispenses with the need to prove many of the essential elements of … common law claims."  See Nei, 388 Mass. at 313.

---

[4]  The title of the statute, the Uniform Procurement Act, is somewhat misleading.  Chapter 30B is not based on a model statute, such as the Uniform Commercial Code, but was enacted in Massachusetts to provide "uniform" procurement procedures to public entities within the state.  Thus, there is no authority interpreting this "uniform" statute available from other states.

[5]  The closest analogous provision, Mass. Gen. L. c. 149, § 44J(7), provides for mandatory apportionment of damages among violators of the public works project bidding statute.  However, like § 17(c), § 44J(7) has not been examined in any previous caselaw.

For example, a § 17(c) action is not a traditional common law claim in contract.  In <u>Rosati</u>, for example, the SJC considered whether an employee's action to recover lost wages under the prevailing wage statute, Mass. Gen. L. c. 149, § 27, entailed an implied jury trial right.  <u>See</u> 434 Mass. at 351.  The Court held that it did because the plaintiff's action in the case amounted to a traditional breach of contract claim.  <u>See</u> <u>id.</u>  The Court explained that, other than the statutorily set "contract price" established by the prevailing wage statute, the plaintiff's claim was essentially "a contract claim for wages owed under an employment contract."  <u>See</u> <u>id.</u> Defendants' action under § 17(c) in this case, however, does not fit so easily into the mold of a traditional breach of contract claim.

While the Procurement Act certainly concerns contracts effected under its provisions, to prove a violation of the Procurement Act under § 17(c) a plaintiff does not need to prove the traditional elements of a common law breach of contract claim.  Instead, an action under § 17(c) lies only if a particular contract is invalid due to a violation of one of the Procurement Act's purely statutory and legislatively crafted provisions.  <u>See</u> c. 30B, § 17(c) (establishing liability for "[a] person who cause or conspires with another to cause a violation of a provision of this chapter").  These provisions are completely unrelated to traditional contract principles.  <u>See, e.g.</u>, § 3 ("A procurement officer who awards a contract … shall maintain a file on each such contract and shall include a file copy of all written documents required by this chapter."); § 5(c) ("The procurement officer shall give public notice of the invitation for bids a reasonable time prior to the date for the opening of bids.  The notice shall: (1) indicate where, when and for how long invitations for bids may be obtained …").  In contrast, nothing at common law would invalidate a contract that amounts to a "propriety specification," as Defendants have alleged in this case. <u>See</u> Counterclaim ¶ 23; <u>see also</u> c. 30B, § 14 ("[A]ll specifications shall be written in a manner

which describes the requirements to be met without having the effect of exclusively requiring a proprietary supply or service, or a procurement from a sole source.").

Similarly, an action under § 17(c) is not a common law tort action.  Cf. Stonehill Coll., 441 Mass. at 560-61 (analogizing statutory employment discrimination to common law wrongful discharge).  Again, as with c. 268A or c. 93A, a violation of § 17(c) may involve conduct that suggests traditional tort concepts.  See § 17(c) ("[a] person who causes or conspires with another to cause").  However, a claim under § 17(c) "dispenses with the need to prove" many of the elements of a common law tort.  See Nei, 388 Mass. at 14.  Causing or conspiring to cause a violation of the narrowly crafted specific provisions of the Procurement Act is no more comparable to a traditional common law tort than to a traditional common law breach of contract action.  See supra.

A cause of action under § 17(c) is distinct from common law causes of action because § 17(c), like § 21 of c. 268A, is intended to serve a particular legislatively mandated statutory purpose.  See Office of the Inspector General, Municipal, County, District, and Local Authority Procurement of Supplies, Services, and Real Property, at 1 (4th ed. 2000), available at www.mass.gov/ig/publ/30bmanl.pdf  (discussing origins and purpose of the statute).  This purpose could not be achieved through traditional common law causes of action.  Thus, § 17(c) creates new statutory "substantive rights" that were unavailable under the common law and, as a result, bears no implied right to a jury trial.  See Nei, 388 Mass. at 315.

III.    **The Court Should Reserve Defendants' Claims Under Both of These Statutes, and c. 93A, for Its Own Judgment, or At Least Reserve the Question of Multiple Damages and Apportionment**

Because c. 268A, c. 30B, and c. 93A do not contain the right to jury trial, the Court should exercise its discretion to reserve Defendants' claims under those statutes to itself.  Given

the novelty of Defendants' application of these statutes to the facts that they have alleged, as well as the lack of any guidance in caselaw or comparable statutes as to the appropriate interpretation of the operative provisions of the statutes, such an exercise of the Court's discretion is entirely appropriate in this case.  If nothing else, the Court should reserve the issues of multiple damages under c. 93A and apportionment of damages under  c. 30B to its own judgment, given that c. 268A expressly commits the issue of multiple damages to the Court's discretion.

Where a statute provides no right to a jury trial, the Court has discretion regarding how to proceed with claims under that statute.  Under c. 93A, for example, the Court has the discretion of "(1) letting the jury find the facts for both the common law and 93A claims; or (2) reserving to [the Court] all aspects of the c. 93A claim; or (3) asking the jury for a non-binding advisory on 93A issues."  Michael C. Gilleran, The Law of Chapter 93A, at 421 (West Group 1989); see Acushnet Fed. Credit Union v. Roderick, 26 Mass. App. Ct. 604, 606 (1988).

Defendants' unprecedented application of c. 268A and c. 30B to the facts they allege in their counterclaim warrants the Court's reservation of their claims under those statutes. Defendants' central allegation in this case is that Gregory Thomson, an employee of Defendant Rockland Sewer Commission, and Michael Sause, an employee of PSG, colluded and conspired in conduct that violates c. 268A and c. 30B.  See Joint Pretrial Memorandum at 8-13 (Defendants' Summary); Counterclaim at 10-11.  Thus, Defendants' have, in their counterclaim, stretched both statutes in an effort to win damages from PSG for Sause's conduct on a theory of respondeat superior when, even if Defendants prove such violations and Defendants succeed in proving PSG's vicarious liability for those violations, Defendants' own employee was, by their own allegations, an equal partner in the conduct alleged.  This certainly does not appear to be the

factual scenario, or the legal theory of liability, for which these statutes were intended, nor is it a scenario to which they have been previously applied.

Reservation of judgment on these allegations is also particularly apt given the lack of available guidance on the appropriate interpretation of the two statutes. As mentioned above, neither § 21 of c. 268A nor § 17(c) of c. 30B has been examined in previous caselaw. Consequently, there is little available guidance to direct the Court—let alone a jury—on the appropriate interpretation of these provisions.

This uncertainty extends to the damages provisions of each statute. Chapter 268A expressly commits the issue of multiple damages to the Court's discretion. See § 21(b) ("*may in the discretion of the court* recover additional damages for the city or town in an amount not exceeding twice the amount of the economic recovery" (emphasis added)). However, the statute provides no guidance or standards regarding the exercise of that discretion. Cf. Goodrow, 432 Mass. at 178 (multiple damages appropriate "against those defendants with a higher degree of culpability than that sufficient to ground simple liability"); Kattar v. Demoulas, 433 Mass. 1, 16 (2000) ("[u]ltimately, c. 93A ties liability for multiple damages to the degree of the defendant's culpability," where judge awards multiple damages based upon "experience with the case in its entirety").

Section 17(c) is similarly uncertain. Although the double damages provision of § 17(c) is not discretionary like § 21, the apportionment clause of § 17(c) is. See § 17(c) ("If more than one person participates in the violation, the damages and costs may be apportioned among them."). In this case, according to Defendants' allegations, both Thomson and Sause participated in causing any violation of § 17(c) that might be found. Given the lack of guidance as to § 17(c) or any comparable Massachusetts statute, however, it is unclear (1) when the

exercise of apportionment discretion under § 17(c) is appropriate, and (2) how that discretion should be exercised.  Given these uncertainties, and the express commitment of the multiple damages issue in c. 268A to the Court, the apportionment of damages under c. 30B is particularly appropriate for the Court's judgment, as well.  Therefore, the Court should, at least, reserve the issues of multiple damages under c. 93A and apportionment of damages under  c. 30B to its own judgment.  Cf. Stark v. Patalano Ford Sales, Inc., 30 Mass. App. Ct. 194, 204 (1991) (on c. 93A claim, judge accepted jury findings as to liability but reserved judgment on treble damages).

## CONCLUSION

For all the foregoing reasons, PSG requests that the Court strike the Defendants' jury trial demand and reserve for the Court's judgment the counts in Defendants' counterclaim under the Conflict of Interest Statute, c. 268A, and the Uniform Procurement Act, c. 30B.

Respectfully submitted,

PROFESSIONAL SERVICES GROUP, INC.,
By its attorneys,

/s/David M. Osborne_____
Maria R. Durant (BBO # 558906)
David M. Osborne  (BBO # 564840)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000

Dated:  July 4, 2006

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2)

I, David M. Osborne, hereby certify that on July 3, 2006, I made an unsuccessful good faith attempt to eliminate and narrow the issues raised in this motion by conferring with opposing counsel.

/s/David M. Osborne_____
David M. Osborne

## CERTIFICATE OF SERVICE

I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 4, 2006.

/s/David M. Osborne_____
David M. Osborne