UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br>    Plaintiff, <br><br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSE, <br>    Defendants <br><br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br>    Plaintiffs-in-Counterclaim and Crossclaim, <br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br>    Defendant-in-Counterclaim, <br>    and <br><br> MICHAEL SAUSE, <br>    Crossclaim Defendant | Civil No. 04-11131-PBS |

## DEFENDANT TOWN OF ROCKLAND'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Town of Rockland, Rockland Sewer Commission, responds to Plaintiff's First Request for Production of Documents as follows:

REQUEST NO. 1

All of Thomson's personnel records as defined by Mass. Gen. L. ch. 149, § 52C.

1

RESPONSE TO REQUEST NO. 1

Rockland objects to this requests on the grounds that it seeks confidential, private information about an individual, and the individual has not been served with this request, nor given notice pursuant to the Fair Information Practices Act. Furthermore, apart from dates identifying the duration of employment and title, the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 2

All documents relating to the negotiation and execution of the 1994 Contract, including but not limited to all drafts of the 1994 Contract and all communications relating to such drafts.

RESPONSE TO REQUEST NO. 2

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 3

All documents reflecting minutes or notes of any meetings at which the negotiation, execution, performance or breach of the 1994 Contract was discussed.

RESPONSE TO REQUEST NO. 3

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 4

All communications between PSG and Rockland relating to the 1994 Contract.

RESPONSE TO REQUEST NO. 4

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 5

All request for proposals relating to the 1994 Contract.

RESPONSE TO REQUEST NO. 5

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 6

All documents relating to the negotiation and execution of the 1998 Contract, including but not limited to all drafts of the 1998 Contract and all communications relating to such drafts.

RESPONSE TO REQUEST NO. 6

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 7

All documents reflecting minutes or notes of any meetings at which the negotiation, execution, performance or breach of the 1998 Contract was discussed.

RESPONSE TO REQUEST NO. 7

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 8

All communications between PSG and Rockland relating to the 1998 Contract.

RESPONSE TO REQUEST NO. 8

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 9

All documents relating to Rockland's engagement of Camp Dresser McKee to operate, maintain, manage, and/or audit, or otherwise provide services to, the Sewer Plant.

RESPONSE TO REQUEST NO. 9

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 10

All communications between Rockland and Camp Dresser McKee during the period 2002 to the present relating to the operation, maintenance, management, and/or audit of, or other provision of services to, Sewer Plant.

RESPONSE TO REQUEST NO. 10

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 11

All documents relating to the drafting, preparation and issuance of the RFP..

RESPONSE TO REQUEST NO. 11

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 12

All communication relating to the RFP.

RESPONSE TO REQUEST NO. 12

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 13

All communication between Rockland and Woodard & Curran relating to the operation, maintenance and/or management of the Sewer Plant.

RESPONSE TO REQUEST NO. 13

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 14

All documents relating to the allegation in Paragraph 19 of the Counterclaim that the RFP was prepared by Thomson "at the direction of Sause."

RESPONSE TO REQUEST NO. 14

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 15

All documents relating to the allegation in Paragraph 21 of the Counterclaim that the RFP" was intentionally written by Thompson and Sause to include requirements that favored PSG."

RESPONSE TO REQUEST NO. 15

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist

REQUEST NO. 16

All documents relating to the allegation in Paragraph 25 of the Counterclaim that Woodard & Curran "was ready and willing to perform the work required by the RFP for a fee significantly less than the fee paid to PSG."

RESPONSE TO REQUEST NO. 16

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist

REQUEST NO. 17

All documents relating to the allegation in Paragraph 26 of the counterclaim that Woodard & Curran "declined to submit a proposal to the Town because of the proprietary nature of the RFP."

RESPONSE TO REQUEST NO. 17

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist

REQUEST NO. 18

All documents relating to the allegation in Paragraph 27 of the Counterclaim that the 1998 Contract "was not awarded based upon the most advantageous proposal from a responsible and responsive offeror."

RESPONSE TO REQUEST NO. 18

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist

REQUEST NO. 19

All documents relating to the review, approval or acceptance by any entity of the RFP.

RESPONSE TO REQUEST NO. 19

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist

REQUEST NO. 20

All documents relating to the review, approval or acceptance by any entity of PSG's proposal in response to the RFP.

RESPONSE TO REQUEST NO. 20

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist

REQUEST NO. 21

All documents provided by Rockland to the Office of the Inspector General in connection with the investigation referenced in Paragraph 29 of the Counterclaim.

RESPONSE TO REQUEST NO. 21

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 22

All communications between Rockland and the Office of the Inspector General relating to the investigation referenced in Paragraph 29 of the Counterclaim.

RESPONSE TO REQUEST NO. 22

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 23

6

All communications between Rockland and the Plymouth County District Attorney relating to any investigation of Sause and/or Thomson in connection with the Sewer Plant, the 1998 Contract and/or the indictment referenced in Paragraph 30 of the Counterclaim.

RESPONSE TO REQUEST NO. 23

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 24

All documents provided by Rockland to the Plymouth County District Attorney in connection with any investigation of Sause and/or Thomson relating to the Sewer Plant, the 1998 Contract and/or the indictment referenced in Paragraph 30 of the Counterclaim.

RESPONSE TO REQUEST NO. 24

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 25

All documents provided by Rockland to any auditing firm, or any employee, servant, agent, consultant or representative thereof, in connection with the audit referenced in Paragraph 31 of the Counterclaim.

RESPONSE TO REQUEST NO. 25

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 26

All communications between Rockland and any auditing firm, or any employee, servant, agent, consultant or representative thereof, relating to the audit referenced in Paragraph 31 of the Counterclaim.

RESPONSE TO REQUEST NO. 26

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 27

All documents relating to the "significant fraudulent activity by PSG" referred to in Paragraph 32 of the Counterclaim.

RESPONSE TO REQUEST NO. 27

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 28

All documents relating to the allegation in Paragraph 33 that PSG "converted public funds."

RESPONSE TO REQUEST NO. 28

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 29

All documents relating to any and all "unauthorized bank accounts into which PSG deposited public funds" as alleged in Paragraph 34 of the Counterclaim, including but not limited to statements of account and records of deposits and withdrawals.

RESPONSE TO REQUEST NO. 29

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 30

All documents relating to the allegation in Paragraph 38 that "PSG used public funds to make unauthorized expenses in an amount totaling no less than $76,593.51."

RESPONSE TO REQUEST NO. 30

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 31

All documents relating to the rebating of monies allocated in the Allowance Accounts described in Paragraph 40 of the Counterclaim, including but not limited to all documents relating to the allegation in Paragraph 42 of the Counterclaim that PSG "failed to rebate" Rockland "no less than $119,599.55" during the first four years of the 1998 Contract.

RESPONSE TO REQUEST NO. 31

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 32

All documents demonstrating, establishing or reflecting Rockland's ownership of or title to the property identified in Paragraph 44 of the Counterclaim.

RESPONSE TO REQUEST NO. 32

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 33

All documents relating to the allegation in Paragraph 44 of the Counterclaim that PSG "absconded with" the property of Rockland.

RESPONSE TO REQUEST NO. 33

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 34

All documents relating to the allegations in Paragraphs 64, 69 and 74 of the Counterclaim that PSG gave "money" and paid "compensation" to Thomson.

RESPONSE TO REQUEST NO. 34

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 35

All documents constituting requests for proposals issued by Rockland during the period 1995 to the present.

RESPONSE TO REQUEST NO. 35

Rockland objects to this request to the extent that it seeks materials that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 36

9

All documents constituting requests for proposals issued by the Rockland Sewer Commission during the period 1995 to the present.

RESPONSE TO REQUEST NO. 36

Rockland objects to this request to the extent that it seeks materials that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 37

All contracts from 2002 to the present relating to the operation, maintenance, and/or management of the Sewer Plant, including but not limited to all such contracts with Camp Dresser McKee and/or Aquarion.

RESPONSE TO REQUEST NO. 37

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 38

All documents reflecting payments by Rockland from 1995 to the present pursuant to all contracts for the operation, maintenance and/or management of the Sewer Plant, including but not limited to the 1994 Contract, the 1998 Contract, and any contracts with Camp Dresser McKee and/or Aquarion.

RESPONSE TO REQUEST NO. 38

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 39

All documents reflecting the costs incurred for the operation, maintenance and/or management of the Sewer Plant from 1995 to the present by any entity which contracted with Rockland for the operation, maintenance and/or management of the Sewer Plant, including but not limited to PSG, Camp Dresser McKee and/or Aquarion.

RESPONSE TO REQUEST NO. 39

Rockland objects to this request on the grounds that it is confusing, unclear and cannot be reasonably understood in the context of this case.

REQUEST NO. 40

All documents relating to any statement, whether oral, written or recorded, by any witness or potential witness regarding any facts alleged in the Complaint.

RESPONSE TO REQUEST NO. 40

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 41

All documents relating to any statement, whether oral, written or recorded, by any witness or potential witness regarding any facts alleged in the Counterclaim.

RESPONSE TO REQUEST NO. 41

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 42

All documents relating to any statement, whether oral, written or recorded, by any witness or potential witness regarding any facts alleged in the Crossclaim.

RESPONSE TO REQUEST NO. 42

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 43

All documents relating to any affirmative defenses that Rockland has raised or anticipates raising in this litigation.

RESPONSE TO REQUEST NO. 43

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 44

All documents relating to any damages alleged in the Counterclaim.

RESPONSE TO REQUEST NO. 44

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 45

All documents identified in Section B of Rockland's Initial Disclosures.

RESPONSE TO REQUEST NO. 45

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 46

All documents relied on in producing the preliminary computation of damages set forth in Section C of Rockland's Initial Disclosures.

RESPONSE TO REQUEST NO. 46

Rockland objects to this request to the extent it seeks materials protected by the work-product doctrine and/or attorney-client privilege. Subject to this objection, Rockland agrees to produce non-objectionable responsive materials to the extent they exist.

REQUEST NO. 47

For all persons identified by Rockland as an expert witness in this action, all documents reviewed, consulted or relied on by such persons in such capacity.

RESPONSE TO REQUEST NO. 47

Rockland objects to this request on the grounds that it seeks to impose upon Rockland an obligation broader that provided by the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure provide a mechanism for expert discovery, and Rockland will comply with discovery issued pursuant to that procedure and/or court order.

REQUEST NO. 48

All policies of insurance which might provide coverage of any claim alleged in the Complaint.

RESPONSE TO REQUEST NO. 48

To the extent such documents exist, Rockland agrees to produce them.

REQUEST NO. 49

All documents which Rockland intends to mark as an exhibit, to use as a chalk or to introduce into evidence at the trial on this matter.

RESPONSE TO REQUEST NO. 49

Rockland objects to this request on the grounds that it seeks to impose upon Rockland obligations broader that the Federal Rules of Civil Procedure and on the grounds that it seeks attorney work-product at this time. Rockland will seasonably comply with the pre-trial disclosure required under the Rules which set forth the requirements for disclosure of exhibits.

TOWN OF ROCKLAND,
By its attorney,

_____
Joanne D'Alcomo
BBO #544177
Howard P. Blatchford, Jr.
BBO #045580
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

### CERTIFICATE OF SERVICE

I hereby certify that I forwarded a copy of the foregoing document to all interested parties, by hand directed to: David M. Osborne, Esq., Dwyer & Collora LLP, 600 Atlantic Avenue, 12th Floor, Boston, MA 02210 and by first class mail to CampoBasso & CampoBasso, P.O. Box 548, 54 Main Street, Leominster, MA 01453.

Date of Service: March 3, 2005.

_____
Howard P. Blatchford, Jr.