UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                )
PROFESSIONAL SERVICES           )
GROUP, INC.,                    )
                                )
        Plaintiff,              )
                                )
    v.                          )
                                )
TOWN OF ROCKLAND, ROCKLAND      )
SEWER COMMISSION, GREGORY       )
THOMSON and MICHAEL SAUSÉ,      )
                                )
        .                       )
_____ )
                                )
TOWN OF ROCKLAND, ROCKLAND      )
SEWER COMMISSION,               )
                                )
        Plaintiffs-in-Counterclaim )   Civil No. 04-11131-PBS
        and Crossclaim          )
                                )
    v.                          )
                                )
PROFESSIONAL SERVICES           )
GROUP, INC.,                    )
                                )
        Defendant-in-Counterclaim, )
                                )
and                             )
                                )
MICHAEL SAUSÉ,                  )
                                )
        Crossclaim Defendant    )
_____ )
```

**PLAINTIFF'S REPLY, WITH LEAVE OF THE COURT,
TO OPPOSITION TO PLAINTIFF'S
<u>MOTION TO AMEND ANSWER BY ADDING AFFIRMATIVE DEFENSE</u>**

In opposing the motion of Plaintiff Professional Services Group, Inc. ("PSG") to add a

statute of limitations affirmative defense, Defendants Town of Rockland and Rockland Sewer

Commission argue that PSG should have known about their statute of limitations defense based on documents produced during discovery. The Defendants also argue that PSG unduly delayed in taking the depositions of Kevin Donovan and William Stewart, the witnesses who provided evidence suggesting that the Defendants were on notice of an alleged violation of the Uniform Procurement Act at or around the time the parties entered into the 1998 contract that is at issue in this case (the "1998 Contract").

Neither claim is accurate. First, the Defendants did not produce to PSG until *yesterday* the only known document that establishes Mr. Donovan's contemporaneous knowledge that the Sewer Commission was procuring the 1998 Contract. Up until yesterday, the documents exchanged during discovery did not suggest one way or another whether Mr. Donovan, the Town of Rockland's Chief Procurement Officer and Town Administrator, knew that the procurement process for the 1998 Contract was underway without his participation. That information was critical because the Defendants allege that Mr. Donovan's lack of involvement in the procurement invalidated the 1998 Contract. If the Defendants prove that claim, but the evidence also shows that Mr. Donovan was aware that the procurement was taking place without his participation, the Defendants were on notice from the very beginning that the 1998 Contract was invalid and thus their claim is barred by the statute of limitations.

Inexplicably, the Defendants waited until yesterday to produce to PSG a letter dated November 10, 1997 to Mr. Donovan from Gregory Thomson, the Sewer Commission Superintendent whose ran the procurement process that allegedly violated the Uniform Procurement Act. In that letter, Superintendent Thomson informs Mr. Donovan that the Sewer Commission had reviewed PSG's proposal in response to the Sewer Commission's Request for Proposals ("RFP") and requests that PSG's price proposal be opened. To PSG's knowledge, this

is the *only* document constituting a communication to Mr. Donovan about the RFP process, and the Defendants failed to produce that document to PSG until the very day they filed their opposition to PSG's motion to add a statute of limitations defense.

Because PSG had no documents reflecting Mr. Donovan's knowledge of the procurement process, it had no choice but to obtain information about Mr. Donovan's knowledge of the procurement process from Mr. Donovan directly. It was perfectly appropriate for PSG to obtain that information through a deposition. The information Mr. Donovan provided in his deposition is not "confusing," contrary to the Defendants' claims. He testified that he understood the requirements of the Uniform Procurement Act, that he had been aware the procurement process for the 1998 Contract was underway, and that he had been aware the 1998 Contract was awarded to PSG. Thus, if the Defendants are correct in their allegation that Mr. Donovan did not participate in the procurement process in the manner required by the Uniform Procurement Act, the Town of Rockland – through its Chief Procurement Officer and Town Administrator, Mr. Donovan – was on notice over six years ago that the 1998 Contract was invalid under state law.

While the Defendants complain that PSG delayed in taking the deposition of Mr. Donovan, they fail to inform the Court that, with the exception of a single deposition of a collateral witness in February 2006, *none* of the parties took *any* depositions in this case until May of this year. As the Defendants are well aware, the parties deferred taking depositions until they could complete mediation ordered by the Court. That mediation was delayed due to the death of Defendant Michael Sause's attorney and Mr. Sause's prolonged uncertainty as to whether he would proceed in this case on a pro se basis. In the interim, the parties exchanged document requests and made document productions to each other. When that mediation finally took place in January 2006, no settlement was reached. After the first deposition notices were

3

served in March 2006 (excepting the single collateral witness who was deposed in February), the parties had difficulty scheduling depositions, in large part because the Defendants' counsel explained that she had significant time commitments in other cases followed by a two-week vacation in the latter part of April.  The parties did not begin deposing material witnesses until May 2006, anticipating that trial of this matter was not likely to happen until the fall of this year.

The Defendants' claim that it would be "seriously prejudiced" if PSG is permitted to offer evidence of a statute of limitations defense also is without merit.  The evidence that bears on a statute of limitations defense is simple:  when did Mr. Donovan (or other town officials) know that the procurement of the 1998 Contract allegedly did not comply with the Uniform Procurement Act?  While the burden is on PSG to prove the defense, a few questions at trial is all it would take to elicit the relevant evidence.  Moreover, since the Defendants did not begin preparing their case in earnest until May of this year (when they started taking the depositions of their first material witnesses), they cannot credibly claim that they would have been in a better position to obtain information about a statute of limitations defense if the defense had been asserted in PSG's original answer to the Defendants' counterclaims.

In addition, the exact same evidence that would prove PSG's affirmative defense that the Defendants failed to mitigate their damages (by honoring for six years a contract they allegedly knew was invalid by operation of law) also would be relevant to a statute of limitations defense.  The Defendants have been on notice of PSG's claim that they failed to mitigate damages since the very beginning of this litigation, and they undoubtedly have marshaled the evidence they believe would defeat that defense long before now.

**CONCLUSION**

For all of the foregoing reasons, PSG requests that the Court grant its motion to add a statute of limitations affirmative defense.

>Respectfully submitted,
>PROFESSIONAL SERVICES GROUP, INC.,
>By its attorneys,
>
>
>/s/David M. Osborne_____
>Maria R. Durant (BBO # 558906)
>David M. Osborne  (BBO # 564840)
>DWYER & COLLORA, LLP
>Federal Reserve Plaza
>600 Atlantic Avenue, 12th Floor
>Boston, MA  02210
>(617) 371-1000

**CERTIFICATE OF SERVICE**

I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 6, 2006.

>/s/David M. Osborne_____
>David M. Osborne