UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, <br><br> . <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br><br> Plaintiffs-in-Counterclaim and Crossclaim <br><br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br><br> Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSÉ, <br><br> Crossclaim Defendant | Civil No. 04-11131-PBS |

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY TRIAL DEMAND AS TO CONFLICT OF INTEREST AND PROCUREMENT ACT COUNTS**

The Defendants/Counterclaimants Town of Rockland and Rockland Sewer Commission (collectively referred to herein as "Town" or "Town of Rockland") hereby oppose Plaintiff

JS#128062v1

Professional Service's Group, Inc.'s motion to strike the jury demand from several counts in the counterclaim. The Town has brought counterclaims against PSG under numerous common-law theories, including fraud, breach of contract, breach of the implied covenant of good faith, conversion and civil conspiracy. The Town has also brought statutory claims against PSG under Mass. G.L. c. 268A (the Conflict of Interest Statute), Mass. G.L. c. 30B (the Uniform Procurement Act) and Mass. G.L. c. 93A. The Town has made a jury demand as to all applicable counts. PSG has now moved to strike the jury demand as to the counts under Mass. G.L. c. 268A and Mass. G.L. c. 30B. The Town opposes the motion to strike the jury demand because: 1) the Town has a constitutional right to a jury trial on those counts; 2) the jury will already need to consider these claims to evaluate the Town's defense to PSG's breach of contract claim and; 3) because PSG has waived its objection to the jury demand by waiting for almost two years until less than a month remains before the scheduled trial.

### I. The Implied Right To A Jury Trial Under The Massachusetts Constitution Is Broader Than The Federal Right To A Jury Trial

Unless specifically authorized in enabling legislation, all rights to a civil jury trial in Massachusetts stem from Article XV of the Massachusetts Declaration of Rights, which states:

> In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practiced, the parties shall have a right to trial by jury; and this method of procedure shall be held sacred

Article XV; See Newly Weds Foods, Inc. v. Westvaco Corp., 14 Mass. L. Rptr. 278, 2001 WL 1809810 at *1 (Mass. Super. Ct. Dec. 7, 2001).

The Massachusetts Constitution gives a substantially greater right to a jury trial than that guaranteed by the Seventh Amendment of the United States Constitution. The United States

Constitution has been interpreted only to "preserve the right to jury trial as it existed in 1791." Curtis v. Loether, 415 U.S. 189, 193 (1974). Under the federal constitution a court can provide a jury for claims unheard of at common law only if the action's essential nature involves "rights and remedies traditionally enforced in an action at law, rather than in an action in equity or admiralty." Pernell v. Southall Realty, 416 U.S. 363, 375 (1974). By contrast the jury trial right in Massachusetts "attaches to all new causes of action whatever their nature unless the relief permitted is other than penal and could have been granted by a Massachusetts court of equity in 1780." In re Achusnet River, 712 F.Sup. 994, 1010 (D.Mass.1989). Massachusetts extends the jury trial right beyond the scope of the federal standard by using a more dynamic model for assessing a party's right to a jury. See Newly Weds Foods, Inc., 2001 WL 1809810 at *2.

The jury trial right in Massachusetts is contingent upon one of two tests, depending on the nature of the claim. If a claim existed in 1780, there is a right to a jury if it would have been tried in front of a jury in 1780, or if the claim "sprung from the changes in an evolving society." Id; Stockbridge v. Mixer, 215 Mass. 415, 418 (1913). Article 15 of the Massachusetts Declaration of Rights thereby "preserves the 'common law trial by jury in its indispensable characteristics as established and known at the time the Constitution was adopted' in 1780." Department of Revenue v. Jarvenpaa, 404 Mass. 177, 185-186, 534 N.E.2d 286 (1989), quoting Opinion of the Justices, 237 Mass. 591, 596, 130 N.E. 685 (1921). The extension to claims that sprung from changes in society allows the law to be applied in a manner so that the "essential character" of the right is not diminished. See Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 222, 636 N.E.2d 212 (1994), (stating that Article 15 "must be construed with 'flexibility in its adaptation of details to the changing needs of society without in any degree impairing its

essential character." (quoting Bothwell v. Boston Elevated Ry., 215 Mass. 467, 473, 102 N.E. 665 (1913))).

A claim may also be entitled to a jury if the legislature creates an entirely new cause of action that did not exist in 1780. The Supreme Judicial Court has held that "the Legislature may grant a right to a trial by jury to one who is aggrieved by a violation of a statute." Nei v. Burley, 388 Mass. 307, 312, 446 N.E.2d 674 (1983). Therefore, the right to a jury in that situation depends upon an analysis of the legislature's intent. The SJC has been clear that the preference is to grant a jury trial. Where the legislature is silent about its intent, the SJC assumes that this silence is intended to provide the right to a jury. See Boehm v. Premier Ins. Co., 446 Mass. 689, 691, 846 N.E.2d 1145, 1147 (Mass. 2006) (holding that there was a jury right for claims brought under a statute that allows medical providers to directly sue a patient's insurance company because the legislature was silent on whether there was a jury right, and "when the Legislature has chosen not to provide the right to a jury trial, it has done so explicitly." (citing, e.g., G.L. c. 30A, § 14(5) ("review shall be conducted by the court without a jury"); G.L. c. 209C, § 12 ("trial shall be by the court without a jury"); G.L. c. 258C, § 9 (d) ("review shall be conducted by the district court without a jury"). A Court making such a determination is directed to "examine[ ] historical antecedents as reasonably viewed in a contemporary setting *with attention to the preference, in most instances, for the grant of a jury trial*." Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 561 n.16, 808 N.E.2d 205, 216 n.16 (2004). In addition to drawing significance from the silence of the legislature and the preference for juries, courts also look to the legislature's intent by analyzing whether the new cause of action has "substantially different elements of proof than those required by its common law

analogues," which might suggest a legislative intent not to require a jury.  See Newly Weds Foods, Inc., 2001 WL 1809810 at *3.

The SJC has been expansive in its view of the statutory claims on which Article 15 protects a plaintiff's right to a trial by jury.  See Dalis v. Buyer Advertising, Inc., 418 Mass. 220, 226, 636 N.E.2d 212 (1994) (holding that there was a jury right on a statutory claim of employment discrimination based on sex because such an action is "analogous to common law actions sounding in both tort and contract.."); Whalen v. NYNEX Information Res. Co., 419 Mass. 792, 794, 647 N.E.2d 716, 718 (1995) (same with respect to employment discrimination based on disability); MacCormack v. Boston Edison Co., 423 Mass. 652, 655, 672 N.E.2d 1 (1996) (same with respect to all damages claims under G.L. c. 151B, § 4).  Even in cases in which the remedy provides a "mixing [of] a traditionally equitable remedy with a traditionally legal remedy, ' [it] may not compromise [the] constitutional right to a trial by jury.'" Rosati v. Boston Pipe Covering, Inc., 434 Mass. 349, 352, 749 N.E.2d 143 (2001), (quoting Dalis, at 227, 636 N.E.2d 212).

## II.  A Jury Trial Is Guaranteed Under The Massachusetts Constitution For Claims Brought Under G.L. c. 268A

PSG has moved to strike the Town's jury demand on all of the counterclaims brought under G.L. c. 268A, the Conflict of Interest Statute.  The civil remedy for violations of this law is contained within G.L. c. 268A § 21, which states that the Town can bring a "civil action against any person who has acted to his economic advantage in violation of" various sections of the statute.  The Town has brought counterclaims against PSG based upon the following violations of the statute:

> directly or indirectly, corruptly giv[ing], offer[ing] or promis[ing] anything of value to any state, county or municipal employee . . . with intent (1) to influence any official act or any act within the official responsibility of such employee . . . or (2) to influence such an employee . . . to commit or aid in committing, or collude in, or allow, any fraud, or (3) to induce such an employee . . . to do or omit to do any act in violation of his lawful duty;

G.L. c. 268A § 2(a)

> directly or indirectly, giv[ing], offer[ing] or promis[ing] anything of substantial value to any present . . . municipal employee . . . for or because of any official act performed or to be performed by such an employee . . .

G.L. c. 268A § 3(a)

> knowingly, otherwise than as provided by law for the proper discharge of official duties, directly or indirectly giv[ing], promis[ing] or offer[ing] [compensation to a municipal employee in relation to any particular matter in which the same city or town is a party or has a direct and substantial interest.]

G.L. c. 268A § 17(b)

The SJC has stated that in determining whether a jury right exists for a particular statute, the statute must be read as a whole, rather than reading selective portions. Oliveira v. Pereira, 414 Mass. 66, 72-74 (1992). The elements of proving the claims in this case are identified in §§2(a), 3(a), and 17(b). The elements of proof in §§2(a), 3(a), and 17(b) are almost identical to the crime of common law bribery. At common law, "the giving or receiving of a bribe for official favor was a misdemeanor." Commonwealth v. Dowe, 315 Mass. 217, 225 52 N.E.2d 406, 411 (Mass. 1943). The same kind of conduct is contained within the prohibitions of G.L. c. 268A §§2(a), 3(a), and 17(b).

PSG's memorandum selectively only looks at Section 21 of the statute, authorizing a civil remedy, and argues that there is no jury right in pursuing a civil action under the law. There is

no justification for looking solely at the provision authorizing a civil remedy in determining whether the statute grants a right to a jury. A civil action brought under G.L. 268A is essentially an alternative to a criminal action under the statute. Section 21(b) states that a civil action can be brought against a person for violation of 268A by, among others, "the district attorney for that district" or a "town" and if additional damages are recovered, such damages "shall bar any criminal prosecution for the same violation." In other words, the legislature specifically provided municipalities with the option to proceed under 268A civilly, or proceed criminally, with an application for criminal complaint in the District Court, or pursuing a criminal action through a district attorney. .

There is no evidence that the legislature intended to strip the right to a jury away in the event a municipality or district attorney decided to proceed civilly against a defendant rather than criminally. It would be unjust for a person to lose his right to a jury simply because an action seeking damages was characterized as "civil" rather than "criminal."

PSG relies heavily on the case of Zora v. State Ethics Commission, 415 Mass. 640, 615 N.E.2d 180 (1993). The Zora case is completely inapplicable to the interpretation of the Town's right to a jury under Article XV. Article XV only applies to "controversies concerning property, and . . . all suits between two or more persons." The Zora case was an appeal of an administrative proceeding, in which the court held that Article XV was inapplicable because the proceedings did not involve a suit between two or more persons nor a controversy involving property. Zora, 415 Mass. at 652, 615 N.E.2d at 187. In this case there is no dispute about the fact that it is a suit between two or more persons. Article XV thus clearly applies.

PSG also relies heavily on Nei v. Burley, 388 Mass. 307, 314-15 (1983), which held that there was no constitutional right to a jury for claims brought under G.L c. 93A. This Court has

previously held, however, that "[t]he holding of Nei ought . . . be confined to the specific cause of action there considered." In re Acushnet River, 712 F.Supp. 994, 1010, n. 1 (D. Mass. 1989). The Nei case has little precedential value in the interpretation of any statutes other than G.L. c. 93A.

### III.  The Right To A Jury Trial Is Guaranteed Under The Massachusetts Constitution For Claims Brought Under G.L. c 30B.

PSG has also moved to strike the Town's jury demand on the counterclaim brought under G.L. c. 30B, the Uniform Procurement Act.  The claim is brought under the following provision:

> (c) A person who causes or conspires with another to cause a contract to be solicited or awarded in violation of a provision of this chapter shall forfeit and pay to the appropriate governmental body a sum of not more than two thousand dollars for each violation. In addition, the person shall pay double the amount of damages sustained by the governmental body by reason of the violation, together with the costs of any action. If more than one person participates in the violation, the damages and costs may be apportioned among them.

G.L. c. 30B, § 17(c).  For many of the same reasons listed with respect to G.L. c. 268A, supra, there is a jury right with respect to G.L. 30B.  Once again, PSG selectively identifies one section of the statute in conducting its analysis, in contradiction to the SJC's guidance that the statute must be read as a whole. Oliveira, 414 Mass. at 72-74.  Examining G.L. c. 30B in its entirely reveals that it is analogous to common law tort and contract claims.  For example, G.L. c. 268A § 10 requires all bidders to bid "in good faith and without collusion or fraud with any other person."  The language of this provision indicates that the statute is violated when a party violates the familiar common law principles of good faith or fraud.  There is no reason to believe that, for example, a fraud claim includes a right to a jury but a Chapter 30B claim based upon fraud was intended by the legislature not to contain a right to a jury.

PSG has filed a separate motion arguing that there is no independent cause of action for violations of 30B § 17(c), which the Town will respond to in due course.  It is worth noting, however, that there is no support for PSG's claim that a jury right is less likely in a statute without an express right of action.  As explained above, the default, in the absence of legislative guidance to the contrary, is that a right to a jury exists for all claims.  See Boehm, 446 Mass. at 691, 846 N.E.2d at 1147 (Mass. 2006) ("when the Legislature has chosen not to provide the right to a jury trial, it has done so explicitly."); Stonehill College, 441 Mass. at 561 n.16, 808 N.E.2d at 216 n.16 ("the preference, in most instances, [is] for the grant of a jury trial").  If the Town is correct that there is an right of action under G.L. c. 30B § 17(c), it is PSG's responsibility to explain why the statute should not be read in the typical manner, providing a right to a jury.

**IV. If There Is Any Doubt About Whether There Is A State Constitutional Right To A Jury For These Claims, The Court Should Exercise Its Discretion To Have The Jury Decide The Claims**

Even if the Court believes that the Town has no constitutional right to a jury trial, it is still within the Court's discretion to commit these claims to jury deliberation.  See Travis v. McDonald, 397 Mass. 230, 233-34, 490 N.E.2d 1169 (1986).[1]  There are several reasons why it makes sense for the Court to commit these claims to a jury.  The first reason is purely prophylactic.  No Massachusetts court appears to have spoken clearly on the issue of whether there is a constitutional right to a jury for these particular claims.  To the extent there is any doubt, the safest route is to commit them to a jury.  Denying a party its right to a jury trial is

---

[1] For example, the Supreme Judicial Court held in Nei v. Burley, 388 Mass. 307, 314-15 (1983) that there is no constitutional right to a jury for claims brought under G.L.c. 93A action, yet it has been observed that judges in Massachusetts courts "routinely commit such claims to the jury."  In re Acushnet River, 712 F.Supp. 994, 1010, n. 1 (D. Mass. 1989).

reversible error. There is no good reason to take that risk in this case, because *there is no parallel right for PSG to have claims decided by the Court*.

Furthermore, reserving these claims to the judgment of the Court will cause a number of procedural and case management problems. There is undoubtedly a right to have a jury hear PSG's claim of breach of contract. One of the Town's affirmative defenses to that claim is that "[a]ny contract between PSG and the Town was invalid by operation of law pursuant to G.L. c.30B, § 17." See Defendants Town of Rockland's and Rockland Sewer Commission's Answer, Counterclaim, and Crossclaim Against Michael Sause, Docket No. 11 at 7. As a result of that affirmative defense, the jury is required to make the determination of whether PSG violated G.L. c.30B, § 17 when they determine whether the Town is liable for breach of contract. Similarly, a violation of Section 2 of Chapter 268A "which has substantially influenced the action taken by a municipal agency in any particular matter shall be grounds for avoiding, rescinding or canceling the action on such terms as the interest of the municipality and innocent third persons require." Mass. Gen. Laws ch. 268A § 21(a). As a result, the jury will be required to make the determination of whether PSG violated G.L. c. 268A, § 2 when they determine whether the Town is liable for breach of contract.

Taking those decisions away from the jury would violate the Town's right to have a jury decide PSG's breach of contract claim. The Court might potentially allow the jury to determine violations of those statutes for purposes of the affirmative defense and reserve the same decisions for itself with respect to the Town's claim. However, doing so would waste judicial resources, and potentially lead to an inconsistent verdict.

## V. Even If The Court Holds That PSG's Motion to Strike Has Merit, It Should Be Denied For Untimeliness

The Town filed its assented motion to amend its counterclaims to make a demand for a jury trial on September 9, 2004. The Court granted that motion on September 17, 2004. The first time PSG made its objection to a jury trial known to the Town was on June 3, 2006, almost two full years after the jury was demanded, and less than a month before the jury trial was scheduled to begin. The motion was filed a day later.

PSG was well aware that a jury had been demanded for almost two years, yet it did not did not object to a jury at the time the demand was made, nor any subsequent time, including in the joint pretrial conference brief filed with the Court on June 21, 2006, nor at the actual pretrial conference held before the Court on June 22, 2006. Numerous federal courts have held that a party has waived its right to object to a jury demand by making a similar delay. See United States v. 79.36 Acres of Land, More or Less, In Pima, AZ, 951 F.2d 364, 1991 WL 275355 at *2 (9th Cir. Dec. 20, 1991) (unpublished opinion) (vacating bench trial because the government had waived its right to object to the jury demand by the "inexcusable" act of "fail[ing] to act within a reasonable amount of time [by waiting over two years and four months after jury demand], and . . . delay[ing] in objecting to defendant's demand for jury trial until the very eve of trial [less than two months before the scheduled trial date]"); Daniel Int'l Corp. v. Fischbach & Moore, Inc., 916 F. 2d 1061 (5th Cir. 1990) (vacating bench trial because the plaintiff had waived its right to object to the jury demand by waiting for over a year, until the case was already scheduled for trial, before objecting); Epic Tech. Servs., Inc. v. Williams Field Servs.-Gulf Coast Co., L.P., 2003 WL 21715026 (July 22, 2003 E.D. La) (unpublished opinion) (denying motion

to strike jury trial demand because "this case has been designated a jury trial for well over a year . . . [and defendant] failed to file an objection until approximately one month before trial.").

PSG's motion to strike the jury demand is simply too late. It should therefore be denied.

**VI.     Conclusion**

For the reasons stated above, PSG's motion to strike the jury demand should be denied.

                                Respectfully submitted,

                                TOWN OF ROCKLAND and
                                THE ROCKLAND SEWER COMMISSION,
                                By their attorneys,


                                /s/Seth Nesin
                                Joanne D'Alcomo (BBO # 544177)
                                Seth Nesin (BBO # #650739)
                                JAGER SMITH P.C.
                                One Financial Center
                                Boston, MA 02111
                                (617) 951-0500

DATED:  July 12, 2006