UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., Plaintiff,<br>v.<br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ,<br>Defendants<br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION,<br>Plaintiffs-in-Counterclaim and Crossclaim,<br>v.<br><br>PROFESSIONAL SERVICES GROUP, INC.,<br>Defendant-in-Counterclaim,<br><br>and<br><br>MICHAEL SAUSÉ,<br>Crossclaim Defendant | Civil No. 04-11131-PBS |

**TOWN OF ROCKLAND'S AND ROCKLAND SEWER COMMISSION'S MOTION IN LIMINE TO PRECLUDE "APPORTIONMENT" ARGUMENT, COMMENT OR INQUIRY**

The Town of Rockland and the Rockland Sewer Commission (together "the Town") hereby move to preclude Professional Services Group ("PSG") from making any arguments or comments in the opening statement, closing or during trial concerning its legal theory that a portion of the Town's damages under the Uniform Procurement Act should be "apportioned" to the town under the statute. There is no legal basis for such a position.

JS#129103v1

The Town further moves to preclude PSG from offering evidence or eliciting testimony for the purpose of establishing some kind of "apportionment" argument under the Uniform Procurement Act..

The Uniform Procurement Act, G.L. 30B § 17(c), states as follows:

> A person who causes or conspires with another to cause a contract to be solicited or awarded in violation of a provision of this chapter shall forfeit and pay to the appropriate governmental body a sum of not more than two thousand dollars for each violation. In addition, the person shall pay double the amount of damages sustained by the governmental body by reason of the violation, together with the costs of any action. If more than one person participates in the violation, the damages and costs may be apportioned among them.

G.L. 30B § 17(c). PSG has stated that it reads the last sentence of that provision to mean that a portion of the damages and costs could be apportioned to the Town of Rockland by the jury. This is a clear misreading of the statute.

Interpreting the statute in the manner that PSG does would destroy the Town of Rockland's protection of sovereign immunity, which protects it from liability for conduct that might be attributable to it, except for the narrow areas authorized by the Massachusetts State Tort Claims Act. G.L. 258.[1] There is no distinction between bringing a suit against a municipality for its conduct and diminishing the award of damages to a municipality for its conduct. There is no evidence that the legislature intended to waive this sovereign immunity under the Uniform Procurement Act. If it had wished to do so, the legislature would have done so explicitly.

A similar argument was addressed by this Court in <u>Chaabouni v., City of Boston</u>, 133 F.Supp.2d 93 (D.Mass. 2001) (Young, J.). In that case, the Court addressed the argument of whether a municipality could be held vicariously liable under the Massachusetts Civil Rights Act

---

[1] None of the areas of suit authorized by the State Tort Claims Act is implicated in this case, and, in any event, no presentment was made.

(MCRA). Id. at 102-04. That statute similarly allows a "person" to be liable, and the plaintiff claimed that the City of Boston could be considered a "person" for purposes of the statute. The Court disagreed, holding that "[i]t is a widely accepted rule of statutory construction that general words in a statute such as 'persons' will not ordinarily be construed to include the State or political subdivisions thereof" in the context of creating a remedy against a party. Id. at 102 (quoting Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass.App.Ct. 86, 96 n.10, 711 N.E.2d 911 (1999)). The court held that the common law doctrine of sovereign immunity could not be waived "without an indication of such intent on the part of the legislative body enacting a statute." Id. at 103 ("to the extent that the Massachusetts legislature intended to waive that immunity in order to expand the liability of municipalities, it might be expected to have done so explicitly.")

The same situation exists in this case. There is no evidence that the legislature intended to create the sort of comparative fault scheme amongst private actors and municipalities that PSG claims. This is a misreading of the law, and PSG should not be permitted to confuse the jury with any such arguments.

PSG's argument also lacks any merit given the posture of the case. PSG failed to bring a Uniform Procurement Act claim against the Town. Therefore, it cannot recover indirectly, under this contorted theory, for what it failed to do directly, that is, assert a claim against the Town for a violation of the Uniform Procurement Act.

For the reasons stated above, the Town's motion should be granted.

Certificate and Statement Pursuant to Local Rules 7.1(A)(2) and 37.1(B)

The undersigned certifies that counsel have conferred by both phone and email and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 37.1 have been complied with.  The issue not resolved is the subject of this motion.

/s/ Joanne D'Alcomo
_____


TOWN OF ROCKLAND ,
By its attorneys,

/s/ Seth Nesin
_____
Joanne D'Alcomo
BBO #544177
Howard P. Blatchford, Jr.
BBO #045580
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

DATED:  July 13, 2006