UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
PROFESSIONAL SERVICES               )
GROUP, INC.,                        )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )
                                    )
TOWN OF ROCKLAND, ROCKLAND          )
SEWER COMMISSION, GREGORY           )
THOMSON and MICHAEL SAUSÉ,          )
                                    )
         .                          )
_____)
                                    )
TOWN OF ROCKLAND, ROCKLAND          )
SEWER COMMISSION,                   )
                                    )
         Plaintiffs in Counterclaim )   Civil No. 04-11131-PBS
         and Crossclaim             )
                                    )
    v.                              )
                                    )
PROFESSIONAL SERVICES               )
GROUP, INC.,                        )
                                    )
         Defendant in Counterclaim, )
                                    )
and                                 )
                                    )
MICHAEL SAUSÉ,                      )
                                    )
         Crossclaim Defendant       )
_____)

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE
UNRELATED PRIOR BAD ACTS EVIDENCE**

Plaintiff/Counterclaim Defendant Professional Services Group, Inc. ("PSG") submits this

memorandum in support of its motion to preclude Defendants/Counterclaim Plaintiffs the Town

1

of Rockland and the Rockland Sewer Commission (collectively, "Rockland") from introducing evidence pertaining to two unrelated criminal cases from different districts involving other former PSG employees. There is absolutely nothing to connect any of the issues in this case with either of the two extrinsic cases that Rockland seeks to introduce at this trial. None of the actors implicated in those cases had anything to do with the operations at the Rockland water treatment facility. They were not supervised by the same people who supervised Michael Sause, and there is no evidence that Sause or any other PSG employee involved with this case knew any of the actors implicated in those cases, or were aware of any improprieties that may have taken place in those cases. In sum, the evidence amounts to inadmissible propensity evidence, is unfairly prejudicial, and should be excluded under Fed. R. Evid. 404(b) and 403.

## RELEVANT BACKGROUND

One of the major issues in this case involves the extent to which PSG can be held liable for the wrongful conduct of its former employee, Michael Sause. Rockland has marked as potential trial exhibits two press releases involving criminal cases that were prosecuted in other states and that involved former PSG employees who are not connected in any way to this case. See Tab A (Press Releases). It presumably intends to argue that the unrelated convictions reflect a "general culture of corruption" at PSG.

The evidence of the extrinsic cases cannot provide even one link in a chain to establish any of the claims or defenses at issue here. One case involved the 2003 conviction of the mayor of Bridgeport, Connecticut on numerous counts of racketeering, extortion, bribery and related crimes, two charges of which involved allegations that the mayor had forced PSG to pay an exorbitant consulting fee to one of the mayor's co-conspirators as a condition of its selection to operate the town's wastewater treatment facility. PSG employees were not charged in that

matter and, instead, served as government witnesses against the Mayor. The other case involved a 2001 plea agreement between the government and Aqua Alliance, a holding company owned by PSG's corporate parent, and Aqua Alliance's subsequent plea to a one-count Information alleging bribery in connection with an unlawful relationship between a member of the Sewerage & Water Board of New Orleans and a former PSG employee, in which the former employee paid for real estate deals and personal litigation expenses in exchange for the Board member's assistance with PSG's contract. PSG was not charged in these or any other cases and has never been convicted of any criminal conduct.

## ARGUMENT

**A.     <u>The Evidence of Unrelated Crimes Is Inadmissible Under Fed. R. Evid. 404(b).</u>**

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 403(b). Yet Rockland plans to use evidence of the extrinsic cases to draw an inference that PSG must have approved of Michael Sause's wrongful conduct based on nothing more than that some other PSG employees also engaged in wrongful conduct in other parts of the country at some other time. This is precisely the type of "propensity" evidence that is inadmissible under the Rules.

Rockland's attempt to frame its use of the evidence in terms of PSG's "wrongful knowledge" rather than its "propensity" should be rejected as a pretense. Rockland has no evidence that PSG engaged in the wrongful conduct happening in New Orleans or Bridgeport, any more than it has evidence that PSG engaged in the wrongful conduct alleged in this case. Indeed, in a telling slip, Rockland previously indicated that the evidence of prior bad acts of other PSG employees could "lend support to the argument that there was a general culture of corruption at PSG." <u>See</u> Def. Motion to Compel, pp. 16, filed April 18, 2006. Thus it is clear

3

that, protestations about "wrongful knowledge" evidence aside, Rockland wants to use the prior bad act evidence to show that it is more likely than not that PSG encouraged criminal conduct on the part of its employees.

Significantly, it is PSG's knowledge of Sause's conduct – and only that knowledge– that is relevant to this case. But "introducing evidence of the other two cases would inevitably result in trying those cases, or at least portions of them, before the jury." Kinan v. City of Brockton, 876 F.2d 1029, 1034 (1st Cir. 1989) (affirming exclusion of prior cases against police officer in § 1983 action against city under Fed. R. Evid. 403). Thus, for example, if Rockland were to introduce evidence of the other cases to argue that PSG knew or should have known about Sause's conduct because it also knew about the wrongful conduct occurring in New Orleans or Bridgeport, PSG would need to respond with its own evidence that it did not in fact know about the New Orleans or Bridgeport conduct at any time relevant to this case. The result of these mini-trials would inevitably be confusion and the consumption of unnecessary time, with the end result being that the jury would still have to resolve the ultimate issue of what PSG knew about Sause and Thomson.

This is not a case where prior convictions should have put PSG on notice. Both of the extrinsic cases that Rockland wishes to bring into this trial were charged in 2001 – well after the 1997 procurement process that Rockland claims was tainted and well after the period between 1998 and mid-1999 when Sause and Thomson were embezzling money.[1] Nor has there been any suggestion that PSG was criminally responsible for Thomson and Sause's conduct. PSG actively cooperated with the criminal investigation conducted by the Plymouth County District Attorney's Office, and was not charged with any crime. For all of the foregoing reasons, the

---

[1] Sause was transferred out of Rockland in mid-1999 and abandoned the criminal scheme at that time. Thomson, however, continued to embezzle money from Rockland on his own until 2002 when the investigation into his activities began.

4

proposed evidence should be excluded as improper propensity evidence under Fed. R. Evid. 404(b).

**B.     The Unfair Prejudice of the Evidence of Unrelated Crimes Substantially Outweighs Any Probative Value It May Have.**

Even if the evidence of the prior bad acts was marginally relevant for some proper purpose, it is so manifestly prejudicial and confusing that it must be excluded under Fed. R. Evid. 403. Rockland's purported justification for admitting the evidence is remarkably similar to that given by the defendants in the case of CPC Intern'l, Inc. v. Northbrook Excess and Surplus Ins. Co., 144 F.3d 35 (1st Cir. 1998). The issue in CPC was whether the defendant insurance company was liable to CPC under an insurance contract for environmental clean-up costs associated with a toxic chemical spill that occurred in 1974, where the damage was discovered in 1979, the policy year. See id. at 36-37. The defense rested, in part, on allegations that CPC knew or should have known that its routine waste-disposal and polluting activities would cause property damage long before 1979, as shown by two previous CPC coverage suits involving groundwater contamination at other CPC facilities in other states. Id. at 42-44.

The First Circuit affirmed the trial court's decision to exclude the evidence as unfairly prejudicial under Rule 403: "Northbrook sought to introduce evidence in the form of judicial decisions that two other courts had made findings that other CPC operations had contaminated groundwater. Citizens do not look fondly on industrial polluters, particularly when the industries have been found to be such by a court." Id. at 45. This created a danger that "such evidence would lead to a decision based on emotion or a desire to punish. We have said exclusions under Rule 403 were appropriate where such dangers are strong." Id. (listing cases). The Court further found that "the evidence, even if relevant, would result in jury confusion, wasted time, and be unfairly prejudicial" because it opened up the possibility that those prior cases would need to

5

relitigated, at least in part.  Id. (*citing* Kinan, 876 F.2d at 1033-35).  Weighed against these dangers was the "seemingly weak probative value of the evidence," which could be strengthened only by perfecting the analogy between Northbrook's case and the two extrinsic cases, again, through a mini-trial on the facts of the prior litigation.  Id.

This reasoning is equally applicable to the case at bar.  The public does not like cases of public corruption; indeed, it is this very image of a "culture of corruption" that Rockland wants to create with the evidence of the two extrinsic criminal cases.  Thus, the danger of an emotionally-driven (as opposed to evidence-driven) decision is as strong in this case as it was in CPC.  Also as in CPC, the only way for Rockland to demonstrate the evidence's relevance would be by showing that the facts of those extrinsic cases were sufficiently similar to the Rockland facts – a tactic that would put it squarely within Rule 404(b)'s prohibitions and would unnecessarily waste large amounts of trial time.  The proposed evidence should be excluded under Fed. R. Evid. 403 as well.

                                          Respectfully submitted,
                                          **PROFESSIONAL SERVICES GROUP, INC.**,
                                          By its attorneys,

                                          ___/s/ Sara Noonan_____
                                          Maria R. Durant (BBO # 558906)
                                          David M. Osborne  (BBO # 564840)
                                          Sara E. Noonan (BBO # 645293)
                                          DWYER & COLLORA, LLP
                                          Federal Reserve Plaza
                                          600 Atlantic Avenue, 12th Floor
                                          Boston, MA  02210
                                          (617) 371-1000

Dated: July 14, 2006

## CERTIFICATE OF SERVICE

      I, Sara E. Noonan, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on this 14th day of July, 2006.

                                        /s/Sara Noonan
                                        Sara E. Noonan