UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PROFESSIONAL SERVICES GROUP, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, | ) ) ) ) ) | |
| . | ) ) | |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, | ) ) ) ) | |
| Plaintiffs-in-Counterclaim and Crossclaim | ) ) ) | Civil No. 04-11131-PBS |
| v. | ) ) | |
| PROFESSIONAL SERVICES GROUP, INC., | ) ) ) | |
| Defendant-in-Counterclaim, | ) ) | |
| and | ) ) | |
| MICHAEL SAUSÉ, | ) ) | |
| Crossclaim Defendant | ) ) | |

**TOWN OF ROCKLAND'S AND ROCKLAND SEWER COMMISSION'S MOTION IN LIMINE TO PRECLUDE PROFESSIONAL SERVICES GROUP, INC. FROM OFFERING TESTIMONY OF MICHAEL SAUSE PERSONNEL ISSUES THAT IT FAILED TO PRODUCE WHEN PRODUCING HIS PERSONNEL RECORDS, AND FAILED TO PRODUCE IN RESPONSE TO ANY OTHER DOCUMENT REQUEST**

JS\129114.1

The Defendants/Counterclaimants Town of Rockland and Rockland Sewer Commission (collectively referred to herein as "Town" or "Town of Rockland") hereby move to preclude evidence be proffered by Plaintiff Professional Services Group, Inc. of personnel issues concerning Michael Sause that were not part of the personnel records produced, and were not part of any other documents produced by PSG in connection with the recent document production ordered by Magistrate Judge Collings.

PSG has disclosed for the first time – in its section of the second joint pre-trial memorandum sent to the Town's counsel at 4:53 p.m. on July 14 – its view that Michael Sause was forced to resign when it questioned him about two checks. There is no mention of such evidence in the personnel records of Michael Sause, and no mention of such personnel action in the documents concerning Michael Sause recently ordered produced by Magistrate Judge Collings. In October of 2004, the Town had made a specific request for Michael Sause's personnel records under Massachusetts law, with an authorization from Michael Sause. Under Massachusetts Law, personnel records are defined not simply as those records contained in an employee's personnel file, but also the following:

> a record kept by an employer that identifies an employee, to the extent that the record is used or has been used, or may affect or be used relative to that employee's qualifications for employment, promotion, transfer, additional compensation or disciplinary action.

As you are no doubt aware, under Massachusetts Law, personnel records are defined not simply as those records contained in an employee's personnel file, but also the following:

> a record kept by an employer that identifies an employee, to the extent that the record is used or has been used, or may affect or be

> used relative to that employee's qualifications for employment, promotion, transfer, additional compensation or disciplinary action.

Other personnel record information required to be disclosed in response to the request included:

> Job title and description; rate of pay and any other compensation paid to the employee; starting date of employment; the job application of the employee; resumes or other forms of employment inquiry submitted to the employer in response to his advertisement by the employee; all employee performance evaluations, including but not limited to, **employee evaluation documents; written warnings of substandard performance**; lists of probationary periods; waivers signed by the employee; copies of dated termination notices; **any other documents relating to disciplinary action regarding the employee.**

Mass. Gen. Laws ch. 149, §52C.

Although PSG produced what it claimed were Sause's personnel records in 2004, no such information was contained therein. The first time that PSG revealed any information about this personnel action involving Michael Sause was at 4:53 pm. on July 14, 2006 in a second draft pre-trial memorandum sent to the Town's counsel.

In addition, in discovery, the Town sought extensive information concerning Michael Sause. Although PSG had refused to provide the information, Magistrate Judge Collings ordered production in an order dated June 26, 2006.

In sum, PSG should be precluded from relying in any way on such evidence concerning Michael Sause that improperly withheld, including questioning Michael Sause or any other witness about the information, commenting on the information, or making any argument about the evidence.

TOWN OF ROCKLAND ,

By its attorneys,

/s/ Joanne D'Alcomo

_____
Joanne D'Alcomo
BBO #544177
Howard P. Blatchford, Jr.
BBO #045580
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

DATED: July 14, 2006