UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
PROFESSIONAL SERVICES )
GROUP, INC., )
)
       Plaintiff, )
)
  v. )
)
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, GREGORY )
THOMSON and MICHAEL SAUSÉ, )
_____)
)
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, )
)
       Plaintiffs-in-Counterclaim )   Civil No. 04-11131-PBS
       and Crossclaim )
)
v. )
)
PROFESSIONAL SERVICES )
GROUP, INC., )
)
       Defendant-in-Counterclaim, )
)
and )
)
MICHAEL SAUSÉ, )
)
       Crossclaim Defendant )
_____)

**PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE* TO PRECLUDE
"APPORTIONMENT" ARGUMENT, COMMENT OR INQUIRY**

Plaintiff Professional Services Group, Inc. ("PSG") hereby opposes Defendants' motion *in limine* to preclude PSG from making any "apportionment" argument because Defendants' motion ignores the plain language of the civil enforcement provision of the Uniform Procurement Act, Mass. Gen. L. c. 30B, § 17(c), as well as Defendants' own factual allegations.

According to Defendants' allegations, Gregory Thomson, an employee of Defendant Rockland Sewer Commission, was an equal partner with Michael Sause, PSG's employee, in any conduct that violated c. 30B. For example, Defendants have alleged that Michael Sause "conspired with the then-Sewer Superintendent Gregory Thomson to write the Request for Proposals in 1997, in an effort to give PSG a clear advantage in the bidding." See Final Pretrial Memo (7/14/06), at 9 (Defendants' Summary); see also Counterclaim ¶¶ 19-23 ("The RFP was intentionally written by Thomson and Sause to include requirements that favored PSG."). Similarly, Defendants allege that PSG is liable for a violation of § 17(c) in that PSG, through Sause, "violated the Uniform Procurement Act *by conspiring* [with Thomson] to cause a contract to be solicited and awarded in violation thereof." See Counterclaim ¶ 79 (emphasis added); see also Cross-Claim ¶ 49 (alleging that Sause violated c. 30B, § 17(c)). Consequently, proof of Defendants' own counterclaim will necessarily require evidence that both Mr. Sause and Mr. Thomson participated in causing any violation of Section 17(c).

The Uniform Procurement Act explicitly addresses circumstances like those Defendants have alleged. See § 17(c) ("[a] person who causes or *conspires with another to cause* a contract to be solicited or awarded in violation of a provision of this chapter …" (emphasis added)). More importantly, § 17(c) plainly and explicitly allows for apportionment under these circumstances. Contrary to Defendants' assertion that there is "no legal basis" for apportionment in this case, § 17(c) states: "If more than one person participates in the violation, the damages and costs may be apportioned among them." See § 17(c).[1]

---

[1] Based on this plain language of the statute, Plaintiff has proposed a jury instruction that addresses the facts as Defendants allege them: " [I]f you find that Mr. Sause conspired with Gregory Thomson to cause a contract to be solicited or awarded in violation of a provision of the Procurement Act, then you may divide the damages and costs that occurred by reason of the violation into proportionate shares for Mr. Thomson and Mr. Sause. If you apportion damages

2

Despite the plain language of the statute, Defendants argue that Plaintiff may not present an "apportionment" theory at trial because, they assert, the Town of Rockland and Rockland Sewer Commission cannot be liable, as a matter of law, for any conduct of Mr. Thomson that violated § 17(c). However, according to the statute, this argument is irrelevant. As the statute makes clear, apportionment concerns dividing damages and costs among the "person[s]" who "participate[d] in the violation"—not among those who ultimately may pay such damages and costs. See § 17(c). Section 17(c) does not refer to "parties" in a c. 30B action, or to those "persons or entities who may be liable" for a violation in an action under § 17(c). Apportionment in this case concerns dividing damages and costs between Mr. Thomson and Mr. Sause. Of course, Defendants are seeking to recover from PSG on a theory of respondeat superior liability for Mr. Sause's conduct. However, PSG may be liable under § 17(c) only for that portion of damages and costs that "may be apportioned" to Mr. Sause. See supra n.1.

Defendants also assert that PSG should not be able to achieve "indirectly" on an apportionment theory what it did not achieve "directly" because it did not bring a c. 30B claim against the Town. See Motion *in Limine* at 3. However, Defendants cannot recover "indirectly" from PSG those damages that may appropriately be apportioned to Mr. Thomson under § 17(c), simply because the Town failed to bring a c. 30B claim "directly" against him. Defendants have presented no argument or theory whereby PSG should be liable for the conduct of Mr. Thomson because there is "no legal basis" for such a contention.

Although damages and costs expressly "may be apportioned" under § 17(c), neither the statute nor relevant caselaw provide guidance on the exercise of apportionment discretion. The statute is silent as to when and how damages and costs appropriately "may be apportioned."

---

and costs in this way, then PSG is liable only for Mr. Sause's share of those damages and costs." See PSG's First Proposed Jury Instructions, at 37 (7/14/06).

3

Combined with the plain language of the statute, and with Defendants' own allegations, this unbounded discretion is more reason why Plaintiff should be allowed to argue at trial that apportionment under § 17(c) is appropriate in this case.[2]

---

[2] Of course, the apportionment clause is also silent as to who (the jury or the Court) should exercise the discretion in the provision. As Plaintiff has previously stated, the lack of guiding authority on the appropriate interpretation of § 17(c), and of the "apportionment" clause, in particular, makes Defendants' c. 30B claim particularly apt for judgment by the Court in the absence of a jury trial right. See Memorandum of Law in Support of Plaintiff's Motion to Strike Jury Trial Demand, at 8, 12-13.

**CONCLUSION**

For the foregoing reasons, Plaintiff asks this Court to deny Defendants' motion *in limine* to preclude "apportionment" argument, comment, or inquiry.

                Respectfully submitted,

                PROFESSIONAL SERVICES GROUP, INC.,
                By its attorneys,

                /s/ David M. Osborne
                Maria R. Durant (BBO # 558906)
                David M. Osborne  (BBO # 564840)
                Sara E. Noonan (BBO # 645293)
                DWYER & COLLORA, LLP
                Federal Reserve Plaza
                600 Atlantic Avenue, 12th Floor
                Boston, MA  02210
                (617) 371-1000

Dated:  July 20, 2006

**CERTIFICATE OF SERVICE**

I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 20, 2006.

                /s/ David M. Osborne
                David M. Osborne