UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————
)
PROFESSIONAL SERVICES )
GROUP, INC., )
 )
Plaintiff, )
 )
v. )
 )
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, GREGORY )
THOMSON and MICHAEL SAUSÉ, )
 )
. )
———————————————————)
 )
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, )
 )
Plaintiffs-in-Counterclaim )     Civil No. 04-11131-PBS
and Crossclaim )
 )
v. )
 )
PROFESSIONAL SERVICES )
GROUP, INC., )
 )
Defendant-in-Counterclaim, )
 )
and )
 )
MICHAEL SAUSÉ, )
 )
Crossclaim Defendant )
———————————————————)

## OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF STEPHEN GUNZBURGER

The Defendants/Counterclaimants Town of Rockland and Rockland Sewer Commission

(collectively referred to herein as "Town" or "Town of Rockland") hereby oppose Plaintiff

Professional Service's Group, Inc.'s ("PSG") Motion in Limine To Exclude Expert Testimony of Stephen Gunzburger (Docket No. 89). Stephen Gunzburger is a certified public accountant who has been retained by the Town of Rockland to testify concerning the "profits and any other economic advantage" that PSG received as a result of the 1998 contract with the Town of Rockland.

## I. Mr. Gunzburger Has Specialized Knowledge That Will Help The Jury

PSG's first argument is that Mr. Gunzburger's testimony is unnecessary because the Town is capable of introducing evidence of profits without his expertise. PSG goes so far as to state that the PSG claims that the Town could inform the jury as to profits by either calling a PSG employee to interpret PSG's income statements, or by calling a "summary witness" to testify about the income statements.

Federal Rule of Evidence Rule 702 indicates that expert testimony is appropriate whenever "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." As a Certified Public Accountant, Mr. Gunzburger has specialized knowledge in the field of accounting and the interpretation of financial records. PSG states that the records on which profits can be determined are attached to their motion at Tab B and there is no need for special expertise to read them. Tab B of PSG's motion contains 31 pages of spreadsheets with numerous line items and columns. It contains accounting terms unlikely to be familiar to a jury. Even a highly educated and intelligent juror would find it impossible to review those documents and know the profits that PSG earned from the contract.

PSG offers several alternatives to having Mr. Gunzburger testify about profits.  As an initial matter, there is no rule or case that states that a party is obligated <u>not</u> to use an expert if possible.  The Town of Rockland is permitted to put on its case in the manner it chooses, subject to the Federal Rules and any orders of the Court.  PSG has no authority to demand that the Town put on its case in any particular manner.  Furthermore, none of PSG's suggestions is  satisfactory in conveying the information to the jury.

PSG's first suggestion is that "the parties likely can stipulate as to what PSG's *net income* totaled during the life of the contract."  Docket No. 89 at 5. (Emphasis added) This suggestion is disingenuous.  PSG has never prepared such a stipulation at any time and it is unclear at this point whether an agreement could be reached on such "net income" numbers. The Town of Rockland cannot be precluded from presenting critical information to the jury simply because it *might* be possible to reach a stipulation on some of that information. Even more importantly, however, PSG has said it disagrees about the meaning of net income, and disagrees that such numbers represent profit.  Therefore, the Town must rely on Mr. Gunzburger as an expert to explain to the jury what the accounting term "net income" means in this situation.  PSG cannot insist that it can explain its view of what "net income" means and deprive the Town of having a knowledgeable expert explain the Town's view.  Mr. Gunzburger's is the Town's expert to provide that perspective to the jury.

PSG then suggests that, even without a stipulation, the Town can introduce evidence of income by using a <u>PSG employee</u> to interpret the data.   While PSG might wish the Town would adopt such a litigation strategy, it makes no sense from the Town's point of view to rely on a PSG employee to present its evidence of damages.  Such an approach is certainly not mandated by the Federal Rules.   The Town cannot be forced to rely on a hostile witness for the purpose of

explaining to the jury what is contained with the income statements. Moreover, PSG already has conveyed through its attorneys that it disagrees with Mr. Gunzburger's interpretation. Therefore, it would be unfair for the Town to have to rely on PSG witnesses to present its damages information when PSG has already stated that it – and presumably the witnesses under its control – disagree with the Town's experts interpretation of the financial statements. Furthermore, even if it were possible to present this information through a PSG employee, the Court has indicated that it will impose strict time limits on the presentation of the case. Extracting relevant and useful information for the jury through a witness that is likely to be uncooperative would waste trial time unnecessarily.

Lastly, PSG suggests that Rockland can call a "summary witness" to testify about the amounts listed in the income statements. PSG cites Federal Rule of Evidence Rule 1001 for this argument, which merely contains definitions. Presumably it intended to cite Rule 1006, which states that voluminous writings can be presented "in the form of a chart, summary, or calculation." The Town of Rockland has not created any such document, and is under no duty to do so. Furthermore, to the extent the "chart, summary, or calculation" contained any calculations, Rule 702 would require that the individual creating the summary "was qualified as an expert and that his opinion would assist the trier of fact." Wright & Gold, Federal Practice and Procedure: Evidence § 8043 n.40 (2000). Using a "summary witness" in the manner described by PSG would be identical to calling Mr. Gunzburger as an expert because he would be needed to present the summary evidence. PSG has not suggested who other than Mr. Gunzburger on the would presenting such summary information to the jury.

## II.  Mr. Gunzburger's Testimony Would Not Usurp The Jury's Role

PSG also argues that Mr. Gunzburger should not be permitted to testify because it would be testimony consisting of "legal conclusions."  PSG argues that because Mr. Gunzburger indicated in his report that he would be testifying as to the "profits and any other economic advantage" that PSG received from the contract, he would be making a legal conclusion, because the statute similarly uses "economic advantage" as the measure of damages.  PSG therefore argues that Gunzburger would be supplanting the role of the jury.  In making this argument, PSG completely ignores Federal Rule of Evidence 704, which addresses this precise issue.

Rule 704(a) states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an <u>ultimate issue to be decided by the trier of fact.</u>"  (Emphasis added). The rule was adopted specifically to abolish the common law doctrine that prevented witnesses from opining about ultimate issues to be decided by the jury.  <u>See</u> Rule 704 Advisory Committee's Note (1969).  PSG attempts to get around this rule by arguing that Mr. Gunzburger would be testifying about the "legal standard" that the jury should apply.  Mr. Gunzburger will not be testifying about "legal standards."  PSG acknowledges in its motion that "economic advantage" is a term that the jury is "perfectly capable of understanding" because it has no special legal significance.  <u>See</u> Docket No. 89 at 6.  The amount of PSG's profits and economic advantage is a question of fact, not of law.  There is nothing inappropriate about Mr. Gunzburger's testimony.

### III. Mr. Gunzburger's Expert Disclosure Conforms to the Requirements of Rule 26(a)(2)(b)

PSG's final argument is that Mr. Gunzburger's testimony should be excluded for failure to meet the requirements of expert disclosures in Federal Rule of Civil Procedure 26(a)(2)(B). This argument is completely inconsistent with the first argument made by PSG. The very purpose of the requirement of an expert report under Federal Rule of Civil Procedure 26(a)(2)(B) is to avoid unfair surprises and allow for the opposing party an opportunity for meaningful cross-examination. See Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992) ("In the arena of expert discovery-a setting which often involves complex factual inquiries- Rule 26 increases the quality of trials by better preparing attorneys for cross-examination, minimizing surprise, and supplying a helpful focus for the court's supervision of the judicial process." (internal cites omitted)). In this case, PSG has argued that Mr. Gunzburger's testimony is neither complex nor surprising, and that it could just as easily be achieved through lay testimony. It is inconsistent to argue in the exact same motion that Mr. Gunzburger's testimony should be precluded because PSG "cannot prepare an effective cross examination of Mr. Gunzburger."

PSG's primary criticism of the report is that it fails to provide sufficient support for his opinion that PSG also received an economic advantage from the contract by being able to charge overhead expenses against the contract that it would have incurred anyway. Mr. Gunzburger states clearly that the basis for this argument is his assumption and understanding that "the regional office and the headquarters were in existence for purposes other than merely servicing the Rockland contract." Mr. Gunzburger does not state any specific figure for the economic advantage gained through such overhead expenses, but merely explains the principle such that the jury might use to calculate such a figure if it is provided with the appropriate evidence.

Finally, to the extent the court agrees with PSG that Mr. Gunzburger's report is inadequate in any sense, it is not compelled to preclude his testimony in whole or in part. Federal Rule of Civil Procedure 37(c)(1) gives the Court the power to impose "other appropriate sanctions" for failure to make an adequate expert report "in lieu of" precluding the testimony. Furthermore, to the extent the Court believes that any part of Mr. Gunzburger's report is inadequate, it would only be necessary to preclude him from speaking about that subject in particular. PSG does not appear to claim that Mr. Gunzburger's report is inadequate with respect to the income received under the contract. As a result, that portion of his testimony should undoubtedly be allowed, even if the Court agrees with PSG as to the remainder of the report.

For the reasons stated above, the Court should deny the motion to exclude deposition testimony of Stephen Gunzburger.

Respectfully submitted,

TOWN OF ROCKLAND and
THE ROCKLAND SEWER COMMISSION,
By their attorneys,


/s/Seth Nesin_____
Joanne D'Alcomo (BBO # 544177)
Seth Nesin (BBO # #650739)
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500


DATED: July 20, 2006