UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, <br> . <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br><br> Plaintiffs-in-Counterclaim and Crossclaim <br><br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br><br> Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSÉ, <br><br> Crossclaim Defendant | Civil No. 04-11131-PBS |

### OPPOSITION TO PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM UNDER THE UNIFORM PROCUREMENT ACT

The Defendants/Counterclaimants Town of Rockland and Rockland Sewer Commission (collectively referred to herein as "Town" or "Town of Rockland") hereby oppose Plaintiff

JS#138224v1

Professional Service's Group, Inc.'s ("PSG") Rule 12(b)(6) Motion To Dismiss Defendants' Counterclaim Under the Uniform Procurement Act. The motion should be denied.

**I. There is Clear, Unambiguous Precedent Stating That There Is A Right of Action Under the Uniform Procurement Act**

A Massachusetts Superior Court has already determined that there exists a private right of action under the State Procurement Act. Town of Lunenburg v. Carlson, 2005 WL 937730 (Mass.Super. March 31, 2005) (Agnes, J.). The Court stated in no uncertain terms that:

> [T]he Legislature has, very clearly expressed its intention, as the Town points out, to allow municipalities and towns to sue and be sued. There being no express prohibition against private actions nor any express reservation for public actions, as well as the Legislature's intent to allow towns to sue and be sued, and the fact that the Town possesses a right that the public at large does not have, the Town should be allowed to pursue its claim under G.L. c. 30B.

Id. at *3; see also, All Brands Container Recovery, Inc., v. Merrimack Valley Distributing Co., Inc., 54 Mass. App. Ct. 297, 764 N.E.2d 931 (2002) (analyzing question of existence of private right of action under bottle bill).

Despite the fact that PSG disagrees with the outcome of the Lunenburg decision, it is the best explication of the law of Massachusetts unless and until it is overturned or at least there is conflicting authority. There are no subsequent (or prior) decisions that conflict with Lunenburg. A federal court sitting in diversity jurisdiction is guided by the decisions of a state court on issues of state substantive law. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). PSG's request for this Court to substitute its judgment for that of a Massachusetts state court should be denied.

**II. PSG's Motion Is Untimely**

PSG's motion is brought "pursuant to Rule 12(b)(6)." Docket No. 73 at 1. Motions to dismiss brought under 12(b) "shall be made before pleading," and it is therefore untimely. See Fed. Rule of Civ. P. 12(b). When untimely motions are brought under 12(b)(6), the Court may choose instead to consider the motion under 12(c), which allows that a motion can be brought "within such time as not to delay the trial." See, e.g., Gabriel v. Preble, 396 F.3d 10, 12 (1st Cir. 2005) ("Because the motion to dismiss was untimely, see Fed.R.Civ.P. 12(b) (requiring that such a motion be filed before the movant has answered the complaint), the district court treated it as a motion for judgment on the pleadings, see Fed.R.Civ.P. 12(c).") PSG cites to Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387-88 (1st Cir. 2001) for support in its position that a 12(b)(6) motion can be brought at any time, but in Silva the motion was brought before the end of discovery, so the Court may very well have been treating the motion as one under 12(c) and determined that it would not delay the trial.

In this case, the issue of whether there is a right of action under 30B is one that easily could have been brought at any time during the litigation, yet PSG only decided to file its motion exactly three weeks before trial. "If a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion the ground that its consideration will delay or interfere with the commencement of the trial." Wright & Miller, Federal Practice & Procedure, Civil 3d § 1367 n. 16. . Furthermore, "if the pleadings do not resolve all of the factual issues in the case, a trial on the merits would be more appropriate than an attempt at resolution of the case on a Rule 12(c) motion." Id. at § 1367 n. 16 (citing Roberts v. Robert V. Rohrman, Inc.,

909 F.Supp.545, 552 (N.D.Ill. 1995). PSG's last-minute motion should be denied as untimely by the Court.

For the reasons stated above, PSG's motion should be denied.

        Respectfully submitted,

        TOWN OF ROCKLAND and
        THE ROCKLAND SEWER COMMISSION,
        By their attorneys,

        /s/Seth Nesin
        Joanne D'Alcomo (BBO # 544177)
        Seth Nesin (BBO # #650739)
        JAGER SMITH P.C.
        One Financial Center
        Boston, MA 02111
        (617) 951-0500

DATED: July 20, 2006