UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, <br><br>  . <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br><br> Plaintiffs-in-Counterclaim and Cross claim <br><br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br><br> Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSÉ, <br><br> Cross claim Defendant | Civil No. 04-11131-PBS |

**DEFENDANTS TOWN OF ROCKLAND'S AND ROCKLAND SEWER COMMISSION'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE "UNRELATED PRIOR BAD ACTS EVIDENCE"**

JS#130736v1                                                 1

Town of Rockland and the Rockland Sewer Commission (collectively "Town" or "Rockland") oppose the Motion of Professional Services Group, Inc. ("PSG") to preclude the introduction of evidence pertaining to two criminal cases involving conduct of PSG employees. The evidence is both relevant and admissible to the allegations in this lawsuit, which are based on conduct of PSG employees from approximately 1996 through May 2002.

In one case at issue in PSG's motion, PSG employees were charged with fraud, conspiracy and interstate travel in aid of bribery. It was alleged that PSG employees provided legal services and cash payments to a New Orleans Water and Sewer Board in order to influence and reward her for supporting PSG's business interests. Then-parent company of PSG, Aqua Alliance, Inc. was sentenced in June 2001 to pay $3 million in fines and five years' probation for a scheme to pay bribes to her. See Department of Justice press release, Ex. A The scheme began in 1993.

In another case, the former mayor of Bridgeport, Connecticut, was convicted of various charges stemming from payments made by PSG to a PSG consultant, who then kicked back money to the mayor. The mayor conditioned the award of a city contract to PSG on PSG making payments to the consultant, which PSG employees then made.

Rockland does not seek to admit such evidence to prove PSG's character, or propensity to commit a crime. Rather, Rockland seeks to admit such evidence for the proposition that before and during events at issue in this case – specifically the diversion of thousands of dollars in numerous checks made out to Sewer Superintendent Gregory Thomson through May 2002 -- PSG and its employees had been involved in investigations involving bribery and extortion and alleged improper payments to

municipal officials and that PSG should have been and indeed was aware of the heightened standards of behavior necessary in public contracts, and thus should not have allowed (or should have inquired into more deeply) the numerous checks that its employees arranged to have written to Thomson until May 2002. That PSG blithely allowed such checks to be written, check after check, and allowed its employees to approve and divert to the superintendent thousands of dollars that were supposed to be used in operation of the Rockland wastewater treatment plant, is highly relevant to, at minimum, its negligence.

Federal Rule of Evidence 404(b) provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of …knowledge, identity, or absence of mistake or accident…"

It is important to distinguish this case from the criminal or civil cases wherein proof of prior crimes or wrongs is sought. PSG misapprehends the position of Rockland. Rockland does not seek to draw an inference that PSG must have formally approved of its employees' wrongful conduct. Instead, since PSG and its related companies were involved in the area of public procurement, and they and their employees were involved in criminal investigations, PSG should have had a heightened awareness and sensitivity to the unusual and out of the ordinary transactions between PSG and employees of the public entity, and tightened rules about cash flowing to public officials connected to their contracts.

The First Circuit uses a two-part test to determine whether evidence of extrinsic acts is admissible. Such evidence is admissible if (1) it is probative of an issue in the

case without including bad character or propensity in the inferential chain; and (2) its probative value is not substantially outweighed by the danger of undue prejudice, confusion of issue, or misleading the jury. United States v. Frankhauser, 80 F.3d 641, 648-649 (1st Cir. 1996).

Here, the issue is knowledge, or a heightened awareness of wrongdoing. As explained in a leading treatise:

> Knowledge may be a fact of consequence to the action in a number of different ways. For example, knowledge is properly in issue when the defendant claims that he or she was unaware that a criminal act was being perpetrated. In such cases, the hypothesis justifying the admission of other-act evidence is similar to that invoked with intent therefore the likelihood that repeated instances of behavior, even if originally innocent, will have resulted in defendant's having the requisite state of knowledge by the time of the charged crime.

Weinstein's Federal Evidence, section 404.22[2] at 404-100-404-100.2 In this Circuit, the admission of prior cocaine convictions on the issue of knowledge where defendant claimed to be an innocent bystander has been affirmed. United States v. Nickens, 955 F.2d 112, 124-125 (1st Cir. 1992).

The situation presented here is also analogous to those cases where courts have admitted evidence to show notice of dangerous or defective condition. In re Air Disaster at Lockerbie, Scotland, 37 F.3d 804, 823 (2d Cir. 1994), evidence of the airline's prior misconduct was admitted to help the jury consider whether willful misconduct existed. See also Bailey v. Southern Pac Transp Co., 613 F.2d 1385, 1389 (5th Cir. 1980), evidence of other railroad crossing accidents properly admitted to show that crossing was dangerous and that railroad had notice of danger; degree of similarity goes to weight.

The case of Kinan v. City of Brockton, 876 F.2d 1029 (1st Cir. 1989), cited by PSG, is inapposite. In that case, the plaintiff sought to admit two previous §1983 cases

against the Brockton Police Department to prove custom or practice. The Court affirmed the trial court's exclusion of that evidence because the trial court felt the two previously settled cases would only serve to confuse the jury. Here, the only issue is the awareness of PSG of cash compensation and bribery issues in dealing with public officials, and the importance of not giving cash compensation to public officials as a reward for advancing PSG's business interests. In both cases, PSG was not a defendant, although its employees were witnesses and defendants in one case. These are not prior bad acts of PSG, but of individuals employed by PSG.

Another case cited by PSG, <u>CPC International, Inc. v. Northbrook Excess and Surplus Insurance Company</u>, 144 F.3d 35 (1st Cir. 1998), is also not apposite. In that case, defendant alleged that plaintiff should have known that its waste-disposal activities would cause damage, as shown by two previous coverage lawsuits. The trial court, after extensive voir dire, rejected the introduction of the evidence because the facts of the waste disposal and chemicals were confusing and did not involve a similar spill occurrence. The Court of Appeals sustained that ruling and held that under Fed. R. Evid. 403(b) the danger of unfair prejudice outweighed its probative value because "citizens do not look fondly on industrial polluters…"

Here, however, PSG was not a defendant in either case. Nonetheless, its employees were involved, if only as witnesses. The company was inextricably involved in an awareness of public corruption, the dangers it entails, and of appropriate efforts to curb such abuse. The evidence is not being offered to prove PSG's "character."

## CONCLUSION

The introduction of evidence concerning the other scenarios involving PSG's employees does not implicate Fed. R. Evid. 404(b) because the acts at issue were not those of PSG, but of its employees. Even if Rule 404(b) does facially apply, the evidence is nevertheless admissible. Rockland does not intend to use the evidence to prove PSG's character. Proof of knowledge is an exception and the facts of the other matters raise the issue of PSG's heightened awareness and scrutiny concerning the activities of its employees. Since PSG was not a defendant in the proceedings sought to be admitted, any prejudicial effect will be minimal.

TOWN OF ROCKLAND AND
ROCKLAND SEWER COMMISSION,

By their attorneys:

/s/Seth Nesin
Joanne D'Alcomo (BBO # 544177)
Seth Nesin (BBO # #650739)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
617-951-0500

Dated: July 20, 2006