## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| PROFESSIONAL SERVICES ) | |
| GROUP, INC., ) | |
|             ) | |
|     Plaintiff,         ) | |
|             ) | |
|     v.             ) | |
|             ) | |
| TOWN OF ROCKLAND, ROCKLAND ) | |
| SEWER COMMISSION, GREGORY ) | |
| THOMSON and MICHAEL SAUSÉ, ) | |
|             ) | |
|     .             ) | |
| _____) | |
|             ) | |
| TOWN OF ROCKLAND, ROCKLAND ) | |
| SEWER COMMISSION, ) | |
|             ) | |
|     Plaintiffs in Counterclaim ) | Civil No. 04-11131-PBS |
|       and Crossclaim    ) | |
|             ) | |
|     v.             ) | |
|             ) | |
| PROFESSIONAL SERVICES ) | |
| GROUP, INC., ) | |
|             ) | |
|     Defendant in Counterclaim, ) | |
|             ) | |
| and             ) | |
|             ) | |
| MICHAEL SAUSÉ, ) | |
|             ) | |
|     Crossclaim Defendant ) | |
| _____) | |

**OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO
PRECLUDE TESTIMONY ABOUT "MICHAEL SAUSE PERSONNEL ISSUES"**

Plaintiff Professional Services Group, Inc. ("PSG") opposes the motion of Defendants

Town of Rockland and Rockland Sewer Commission to preclude PSG from offering testimony

of "personnel issues concerning Michael Sause that were not part of the personnel records produced" by PSG in this litigation, including evidence of the circumstances surrounding Mr. Sause's resignation from PSG.

As an initial matter, the Defendants failed to comply with Local Rule 7.1(a)(2) by conferring with PSG about this motion before filing it, nor is there any certification to that effect on the motion. Had the Defendants complied with their obligation to confer about this motion before filing it with the Court, the matter likely would have been resolved without the need for judicial intervention, which is the policy behind Local Rule 7.1.

More importantly, the Defendants have all responsive non-privileged documents related to Mr. Sause's employment at PSG. In addition to the personnel records and other documents PSG has produced in this litigation, in the spring of this year Mr. Sause produced to the Defendants – pursuant to a so-called "joint defense agreement" – the *entire legal file* of Stephen CampoBasso, an attorney who represented Mr. Sause from at least 2002 until 2005.[1] During this period, Mr. CampoBasso represented Mr. Sause with regard both to this litigation and to his employment at PSG, and on information and belief the file that Mr. Sause produced to the Defendants contained, among other documents, all correspondence between Mr. CampoBasso and PSG regarding his employment.

Although the Defendants received the correspondence between Mr. CampoBasso and PSG several months ago, they chose not to include any of those documents on their exhibit list.[2] Obviously the Defendants did not deem this correspondence to be significant to their claims.

---

[1] After discovering that Mr. Sause had produced his legal file to the Defendants even after the Defendants brought a counterclaim against him in this litigation, PSG attempted to obtain any relevant documents from the file. The Defendants invoked an alleged joint defense agreement with Mr. Sause – an individual they had *sued* – to prevent PSG from obtaining those documents.

[2] It appears the only exhibit the Defendants designated from Mr. Sause's legal file was a draft joint defense agreement.

2

PSG, too, did not include any correspondence between Mr. CampoBasso and PSG as an exhibit. PSG intends to rely on the testimony of witnesses to establish the circumstances surrounding Mr. Sause's departure from PSG. The Defendants have all the documents they may need to cross-examine those witnesses on this subject.

There are no grounds for precluding any party from offering relevant evidence of the circumstances surrounding Mr. Sause's resignation from PSG. The Defendants do not – and cannot – claim that they have been prejudiced, given their months-long access to the correspondence between Mr. CampoBasso and PSG, their decision not to offer any of that correspondence as exhibits, and their "joint defense agreement" with Mr. Sause. Accordingly, the Court should deny the Defendants' motion to preclude PSG from offering testimony of personnel issues concerning Mr. Sause.

                              Respectfully submitted,

                              **PROFESSIONAL SERVICES GROUP, INC.**,
                              By its attorneys,


                              /s/David M. Osborne_____
                              Maria R. Durant (BBO # 558906)
                              David M. Osborne (BBO # 564840)
                              Sara E. Noonan (BBO # 645293)
                              DWYER & COLLORA, LLP
                              Federal Reserve Plaza
                              600 Atlantic Avenue, 12th Floor
                              Boston, MA  02210
                              (617) 371-1000

Dated: July 20, 2006

**CERTIFICATE OF SERVICE**

      I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 20, 2006.

      /s/David M. Osborne_____
      David M. Osborne