UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PROFESSIONAL SERVICES GROUP, INC.,

Plaintiff,

v.

TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ,

TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION,

Plaintiffs-in-Counterclaim and Crossclaim

v.

PROFESSIONAL SERVICES GROUP, INC.,

Defendant-in-Counterclaim,

and

MICHAEL SAUSÉ,

Crossclaim Defendant

Civil No. 04-11131-PBS

**PLAINTIFF'S REPLY, WITH LEAVE OF COURT, TO OPPOSITION TO MOTION TO STRIKE DEFENDANTS' JURY TRIAL DEMAND AS TO CONFLICT OF INTEREST AND PROCUREMENT ACT COUNTS**

## I. Defendants' Arguments Are Irrelevant and Misconstrue the Standard for Finding an Implied Jury Trial Right in a Statutory Cause of Action

In their Opposition to Plaintiff's Motion to Strike Defendants' Jury Trial Demand ("Opposition"), Defendants make arguments that either are irrelevant or misconstrue the standard for finding an implied jury trial right in a statutory cause of action. Defendants' primary argument, comparing the right to jury trial under the Massachusetts and federal constitutions, respectively, has no bearing on the reality that Defendants' c. 268A and c. 30B claims, under the Massachusetts Constitution, contain no such right. As Plaintiff has argued extensively in its Memorandum of Law in Support of its motion ("Memorandum"), the civil enforcement provisions of c. 268A and c. 30B both fail the standard in Massachusetts for inferring a jury trial right in a statute, in that each creates "new substantive rights" in " wholly new cause[s] of action." See Nei v. Burley, 388 Mass. 307, 315 (1983); Dep't of Revenue v. Jarvenpaa, 404 Mass. 177, 188 (1989).

Defendants bristle at the focus in Plaintiff's Memorandum on the civil enforcement provisions of the two statutes. See c. 30B, § 17(c); c. 268A, § 21(b). Defendants inexplicably but repeatedly cite Oliveira v. Pereira, 414 Mass. 66, 72-74 (1992), in support of an assertion that Plaintiff is wrong to focus on these provisions but should look instead to the entire statutory scheme in determining the right to a jury trial. See Opposition at 6, 8 (citing Oliveira). Oliveira has nothing to do with the right to a jury trial.[1]

---

[1] Oliveira concerns the standard for determining the appropriate statute of limitations for a statutory action. The tests for determining the statute of limitations and the existence of an implied jury trial right in a statute are entirely distinct and can yield very different results. Compare Zora v. State Ethics Comm'n, 415 Mass. 640, 647 (1993) (analogizing c. 268A to common law tort action for limited purpose of applying three-year tort statute of limitations) with id. at 652-53 (noting that c. 268A actions "do not express a civil claim, right, or remedy which was recognized at common law" and therefore bear no implied jury trial right).

Focusing on the civil enforcement provisions of the two statutes is entirely appropriate because it is these provisions that create "wholly new cause[s] of action." Section 21 of c. 268A, for example, takes bribery completely out of its common law and criminal contexts in providing both equitable relief and a town's civil recovery for a defendant's "economic advantage" that resulted from a violation of the statute. See c. 268A, § 21. Thus, even though bribery was a crime at common law, the Supreme Judicial Court has appropriately stated that "[p]roceedings to adjudicate *civil violations* of G.L. c. 268A are essentially sui generis and do not express a civil claim, right, or remedy which was recognized at common law as requiring a jury trial." Zora v. State Ethics Comm'n, 415 Mass. 640, 653 (1993) (emphasis added). Similarly, a civil action under c. 30B, § 17(c) is distinct from any traditional common law cause of action. The rights created in § 17(c) are not those of common law "good faith or fraud" actions, as Defendants contend. See Opposition at 8. As Plaintiff described in its Memorandum, the provisions of the Procurement Act are unique statutory creations, and proof of a violation of § 17(c) does not involve the traditional elements of such common law torts. See Memorandum at 9-10.

Defendants also misconstrue the standard for determining the existence of a jury trial right in a statute. For example, Defendants cite Boehm and Stonehill College in support of their assertion of a general preference for an implied jury trial right. See Boehm v. The Premier Ins. Co., 446 Mass. 689 (2006); Stonehill Coll. v. MCAD, 441 Mass. 549 (2004). In each case, however, the SJC focused on the traditional analysis of the cause of action at issue to determine whether it included an implied jury trial right. In addition, as Plaintiff noted in its Memorandum, the statutes at issue in those cases were markedly distinct, in terms of that analysis, from c. 30B and c. 268A. In Boehm, the Court expressly held that the statute at issue bore an implied jury

trial right because it explicitly provided for "an action in contract." 446 Mass. at 691.[2] Likewise, in Stonehill, a cause of action for discrimination under c. 151B included a right to a jury trial because of the close analogy of such an action to "common-law wrongful discharge actions." 441 Mass. at 560; see also Opposition at 5 (citing other c. 151B cases). Thus, the examination of "historical antecedents … reasonably viewed in a contemporary setting" that the Defendants trumpet in their Opposition yields a very different result with c. 30B and c. 268A then it did in Boehm, Stonehill, and the other cases that Defendants cite. See Stonehill, 441 Mass. at 561 n. 16.

Moreover, in their discussion of c. 268A, Defendants fail to appreciate the distinction between the right to a jury in a criminal versus a civil proceeding. It is entirely appropriate, contrary to Defendants' assertion, that "a person should lose his right to a jury" depending on whether a provision of a statute is criminal or civil. See Opposition at 7. The criminal provisions of a statute implicate rights completely distinct from those in a civil action. See Doherty v. Retirement Board of Medford, 425 Mass. 130, 137 (1997) ("Article 15 does not apply to penal statutes or criminal matters …."). Therefore, again, the SJC appropriately noted that the civil enforcement provision of c. 268A, despite the criminal provisions of the statute, does not involve an action "recognized at common law as requiring a jury trial." Zora, 415 Mass. at 653.

---

[2] Defendants repeatedly cite Boehm to suggest that a jury trial right exists in every statute except those where the Legislature has explicitly denied one. See Opposition at 4, 9 (citing Boehm, 446 Mass. at 691). In Boehm, the Court made a statement in this regard in explaining that if the Legislature had wanted to treat the explicit "action in contract" provided for in the statute at issue "differently from the ordinary [common law] contract action, it would have said so explicitly." 446 Mass. at 691. Moreover, a standard that required an explicit legislative statement for the absence of a jury trial right would contradict much of the existing caselaw on the issue.

**II. Plaintiff's Motion is Not Untimely and Defendants Have Shown No Prejudice**

Contrary to Defendants' assertion, Plaintiff's motion is not untimely. See Kramer v. Banc of Am. Securities, LLC, 355 F.3d 961, 968 (7th Cir. 2004), cert. denied, 542 U.S. 932 (2004) (noting district court granted motion to strike jury demand, following withdrawal of assent to jury trial, two weeks prior to trial); CPI Plastics, Inc. v. USX Corp., 22 F. Supp. 2d 1373, 1378 (N.D. Ga. 1995) (granting motion to strike jury trial demand two weeks before trial). This Court set the trial date in this case for July 31 at a pretrial conference on June 22, at which the Court discussed with counsel, for the first time, the scope and logistics of trial, including the presence of potential non-jury claims such as Defendants' c. 93A counterclaim. Plaintiff filed its motion promptly thereafter on July 4.

Plaintiff's motion does not seek to undo any specifically asserted or long-established jury trial right as to a particular claim. Likewise, Plaintiff's motion does not seek to strike Defendants' jury trial demand as to all, or even most, of the fourteen counts in Defendants' counterclaim. Defendants' jury trial demand is a generic assertion that extends broadly to all claims "so triable" to a jury. Plaintiff's motion seeks simply to establish that the four counts in Defendants' counterclaim under c. 30B and c. 268A are not "so triable" as a matter of right and should not be so tried in the Court's discretion.

More importantly, Defendants have shown no prejudice that would result from a grant of Plaintiff's motion. See Kramer, 355 F.3d at 968 (grant of motion to strike jury trial demand where plaintiff showed no prejudice); CPI Plastics, Inc., 22 F. Supp. 2d at 1378 (same). If anything, Defendants, in their Opposition, have expressly denied any potential prejudice from the Court granting Plaintiff's motion: They have asserted that they will present the same

evidence to the jury to prove their affirmative defense that the contract was invalid under c. 268A and c. 30B, regardless of whether the jury is charged with deciding PSG's liability under those statutes. See Opposition at 10.[3] Therefore, the Court's reservation of judgment as to PSG's liability under the statutory claims in this case will have little practical effect. Just as a court may reserve on a c. 93A claim that is based in a breach of contract or tort, where the parties must try the underlying common law action to a jury, so in this case can Defendants try their affirmative defenses and their common law claims to the jury without suffering any prejudice or complications from the Court's reservation of judgment as to the c. 30B and c. 268A claims.

Finally, Defendants contend that granting Plaintiff's motion will lead to "a number of procedural and case management problems" without identifying any true hazards. See Opposition at 10. Reserving judgment on the c. 268A and c. 30B claims in this case would, again, be no more difficult or complicating for the Court, the parties, or the jury than reserving on a c. 93A claim. Combined with the unprecedented application of these statutes in this case and the lack of guiding authority on their appropriate interpretation, particularly with respect to their damages provisions, as well as the presence of Defendants' c. 93A claim, the Court should exercise its discretion and reserve these claims for its own judgment.

[3] Although Defendants may put on the same evidence, in each statute separate provisions, with distinct legal standards, govern the invalidity of a contract and the liability related to such a contract. Compare c. 268A, § 21(a) ("any violation … which has substantially influenced the action taken by the municipal agency … shall be grounds for avoiding, rescinding, or canceling …") with § 21(b) (town "may bring a civil action against any person who has acted to his economic advantage in violation ..."); compare c. 30B, § 17(b) ("a contract made in violation of this chapter shall not be valid") with § 17(c) ("A person who causes or conspires to cause a contract to be solicited or awarded in violation of a provision of this chapter …").

## CONCLUSION

For the foregoing reasons, PSG again requests that the Court strike the Defendants' jury trial demand and reserve for the Court's judgment the counts in Defendants' counterclaim under the Conflict of Interest Statute, c. 268A, and the Uniform Procurement Act, c. 30B.

Respectfully submitted,

PROFESSIONAL SERVICES GROUP, INC.,
By its attorneys,

/s/ David M. Osborne

Maria R. Durant (BBO # 558906)
David M. Osborne (BBO # 564840)
Sara E. Noonan (BBO # 645293)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA 02210
(617) 371-1000

Dated: July 20, 2006

## CERTIFICATE OF SERVICE

I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 20, 2006.

/s/ David M. Osborne
David M. Osborne