UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
PROFESSIONAL SERVICES        )
GROUP, INC.,                              )
                                            )
       Plaintiff,                         )
                                            )
   v.                                       )
                                            )
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, GREGORY )
THOMSON and MICHAEL SAUSÉ,  )
_____)
                                            )
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION,              )
                                            )
       Plaintiffs-in-Counterclaim   )   Civil No. 04-11131-PBS
       and Crossclaim                 )
                                            )
v.                                          )
                                            )
PROFESSIONAL SERVICES        )
GROUP, INC.,                              )
                                            )
       Defendant-in-Counterclaim, )
                                            )
and                                        )
                                            )
MICHAEL SAUSÉ,                       )
                                            )
       Crossclaim Defendant       )
_____)

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
REGARDING "APPORTIONMENT" UNDER UNIFORM PROCUREMENT ACT**

    Plaintiff Professional Services Group, Inc. ("PSG") submits this supplemental memorandum of law regarding "apportionment" under the Uniform Procurement Act, Mass. Gen. L. c. 30B, § 17(c), pursuant to the Court's invitation at the final pretrial conference on July 21, 2006 ("pretrial conference").

I.      **Defendants' Interpretation of the Apportionment Clause Distorts Both § 17(c) and the Realities of This Case**

Defendants' interpretation of the apportionment clause of § 17(c) ignores both the plain language of that provision and the Defendants' own allegations in this case. Defendants' primary argument is an attempt to undermine the analogy of apportionment under § 17(c) to principles of comparative negligence. Defendants argue that damages and costs under § 17(c) cannot be apportioned among the persons "who participate[d] in the violation" because the comparative negligence statute is limited to persons "against whom recovery is sought." See Town of Rockland's and Rockland Sewer Commission's Supplemental Memorandum of Law Regarding "Apportionment" (7/27/06) ("Defendants' Memo."), at 3 (quoting Mass. Gen. L. c. 231, § 85).

Defendants ignore the reality that the plain language of § 17(c) contains no such limit. Although, as the Court noted at the pretrial conference, principles of comparative negligence are appropriately analogous to apportionment under § 17(c), apportionment under § 17(c) is broader than comparative negligence because it is not confined to parties "against whom recovery is sought." Under § 17(c), damages and costs may be apportioned among the "persons" who "participate[d] in the violation." See § 17(c).[1]

In this case, the persons who allegedly "participate[d] in the violation" were Gregory Thomson and Michael Sause. See Counterclaim ¶¶ 19-23. To prove the violation of § 17(c) that Defendants have alleged, Defendants must prove that Sause and Thomson conspired to cause the contract at issue to be solicited or awarded in violation of a provision of c. 30B. See § 17(c).

---

[1] The apportionment language of § 17(c) is unique among Massachusetts statutes. As Defendants acknowledge, with the exception of the public bidding statute, c. 149, § 44J, every other reference to apportionment "involve[s] apportioning damages among recipients rather than among payers." See Defendants' Memo. at 12. Therefore, other statutes and related caselaw have little bearing on the appropriate interpretation of § 17(c).

2

Therefore, although PSG may be proven vicariously liable for Mr. Sause's conduct, any damages and costs under § 17(c) in this case may appropriately be apportioned between Mr. Sause and Mr. Thomson.

In addition to misreading the statute, Defendants' interpretation of § 17(c) distorts the realities of this case. In all of their discussion of c. 30B and its intended purpose, Defendants omit the fact that § 17(c) has never been applied to a case like this one, where Defendants are seeking to recover multiple damages from a contractor based on the contractor's vicarious liability for an alleged conspiracy between the contractor's employee and the Defendants' own employee. Moreover, Defendants have contorted their own allegations in an effort to make apportionment appear inappropriate in this case.

First, Defendants spend considerable effort emphasizing that PSG is the only party "against whom recovery is sought" under § 17(c) and discussing their inability to pursue claims against Mr. Sause. See Defendants' Memo. at 4, 11, 14-15. However, Defendants completely ignore their own allegation that Mr. Thomson was a partner and co-conspirator with Mr. Sause in any conduct that violated § 17(c). Defendants repeatedly refer to Mr. Sause without ever addressing Mr. Thomson's role in or liability for the scheme alleged.

Second, Defendants ignore the reality that, according to their own allegations, PSG's liability under § 17(c) is entirely based upon its alleged vicarious liability for Mr. Sause's conduct. Defendants argue that "neither the jury nor the Court is permitted to assign any fault or responsibility to … Sause" because the Town is not seeking recovery from him. See Defendants' Memo. at 4. Defendants seem to forget, however, that Mr. Sause's liability under § 17(c) is a necessary predicate to PSG's vicarious liability under § 17(c).

3

Third, Defendants repeatedly refer to their inability to recover from Mr. Sause directly because he declared bankruptcy between the time of the conduct at issue in this case and now. See Defendants' Memo. at 4, 15. Defendants completely ignore the fact that *they expressly waived all claims against Mr. Sause*, before his discharge, in order to obtain his assistance in their case against PSG. See Stipulation By and Between Debtor and Town of Rockland, Massachusetts for Limited Modification of Automatic Stay, Nunc Pro Tunc ("Stipulation"), In re: Michael R. Sause, No. 06-10059-MFW (Bankr. Del. Apr. 25, 2006).

Defendants themselves state that apportionment is "an equitable matter." See Defendants' Memo. at 2.[2] Based on their allegations in this case—including the role of their own agent in any conduct that violated § 17(c), and the purely vicarious nature of PSG's alleged liability under that provision—apportionment of any § 17(c) damages and costs between Mr. Thomson and Mr. Sause is entirely appropriate. Moreover, apportionment of any "monetary remedy" awarded to Defendants will not undermine the "remedial purpose" of the statute because any damages under § 17(c) are subject to the automatic doubling provision of the statute. See Defendants' Memo. at 7-8; see also § 17(c). However, as a matter of both law and equity, Defendants may recover from PSG only those damages and costs that may be apportioned to Mr. Sause.

---

[2] Defendants also apparently recognize that apportionment may appropriately be the province of the Court and not the jury. See Defendants' Memo. at 2 ("The Town believes … the Court may, as an equitable matter, apportion the damages awarded …."); see also Memorandum of Law in Support of Motion to Strike Defendants' Jury Trial Demand as to Conflict of Interest and Procurement Act Counts, at 11-13.

Respectfully submitted,

PROFESSIONAL SERVICES GROUP, INC.,
By its attorneys,

/s/ David M. Osborne
Maria R. Durant (BBO # 558906)
David M. Osborne  (BBO # 564840)
Sara E. Noonan (BBO # 645293)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000

Dated:  July 29, 2006

**CERTIFICATE OF SERVICE**

I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 29, 2006.

/s/ David M. Osborne
David M. Osborne