UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
PROFESSIONAL SERVICES               )
GROUP, INC.,                        )
                                    )
           Plaintiff,               )
                                    )
       v.                           )
                                    )
TOWN OF ROCKLAND, ROCKLAND          )
SEWER COMMISSION, GREGORY           )
THOMSON and MICHAEL SAUSÉ,          )
_____)
                                    )
TOWN OF ROCKLAND, ROCKLAND          )
SEWER COMMISSION,                   )
                                    )
           Plaintiffs-in-Counterclaim )   Civil No. 04-11131-PBS
           and Crossclaim           )
                                    )
       v.                           )
                                    )
PROFESSIONAL SERVICES               )
GROUP, INC.,                        )
                                    )
           Defendant-in-Counterclaim, )
                                    )
and                                 )
                                    )
MICHAEL SAUSÉ,                      )
                                    )
           Crossclaim Defendant     )
_____)

**PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S DECISION TO
ADMIT INTO EVIDENCE THE INSPECTOR GENERAL'S LETTER OF 1/30/04**

Plaintiff Professional Services Group, Inc. ("PSG") moves this Court to reconsider its decision to admit into evidence the letter from Inspector General Gregory W. Sullivan to Bradley Plante, Rockland Town Administrator, and Robert Corvi, Sr., Chairman of the Rockland Sewer Commission, dated January 30, 2004 ("January 30 letter" or "letter").

In conference with counsel at trial on August 1, 2006, the Court ruled that the January 30 letter is admissible as evidence of the Town's state of mind in declaring the 1998 contract between Defendants and PSG void based on the Inspector General's advice contained in the letter. Therefore, the Court ruled, the letter is relevant to proof of Defendants' affirmative defense to PSG's breach of contract claim. See Mass. Gen. L. c. 30B, § 17(b) ("a contract made in violation of this chapter shall not be valid").

However, the Town's state of mind in declaring the 1998 Contract invalid is irrelevant to whether that contract was void as a matter of law. See Fed. R. Evid. 402 ("Evidence which is not relevant is inadmissible."). "Whether a contract made in violation of a statute is void depends upon the terms of the statute and the nature of the violation," *not* on the belief of a party to the contract that the contract is void. See Baltazar Contractors, Inc. v. Town of Lunenburg, 65 Mass. App. Ct. 718, 720-21 (2006); see also id. at 724 (party's "good faith" belief as to whether contract was valid had no bearing on whether contract was "authorized in accordance with the law"). Thus, in this case, whether the 1998 Contract was void under the Uniform Procurement Act, Mass. Gen. L. c. 30B, depends on the terms of c. 30B and on the nature of the conduct that Defendants allege violated c. 30B—not on the Inspector General's opinion, or on whether the Town acted in good faith in declaring the contract void. Accord Sullivan v. O'Connor, 363 Mass. 579, 584 (1973) ("[I]t is hardly a defence to a breach of contract that the promisor acted innocently …."); Mass. Parole Bd. v. Civil Service Com'n, 47 Mass. App.Ct. 760, 766 (1999) (employee in discharge action could not "mitigate his penalty because he relied in good faith upon the advice of counsel which proved erroneous").

Moreover, even if the letter is relevant for the limited purpose that the Court indicated, any probative value is substantially outweighed by its prejudice to Plaintiff and potential

2

confusion of the jury. See Fed. R. Evid. 403 (Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."). The Inspector General's opinion in the January 30 letter is not based on any independent investigation by the Inspector General's office, but is based solely on information provided to that office by Defendants. See January 30 letter ("information provided by your counsel"). However, jurors could easily confuse the Inspector General's general advice to Defendants that a contract made in violation of c. 30B is void with a factual and legal conclusion that the 1998 Contract, specifically, was void as a matter of law. Inspector General Sullivan himself practically draws such a conclusion in the letter. See id. ("This determination, coupled with evidence and inferences of impropriety in the awarding of the contract, would appear to justify issuance of a notice of termination."). Moreover, the letter contains highly prejudicial language that suggests standards for finding a contract void under c. 30B that have no apparent legal basis and nothing to do with the actual specific requirements of c. 30B. Compare id. ("It is sound public policy and fiscally prudent to exercise your legal rights to abandon a contract *that you have determined is tainted by scandalous activity, poorly serves the financial interest of your community, and has given rise to an appearance of misfeasance in the use of public funds.*" (emphasis added)) with c. 30B. The finder of fact at this trial—not Inspector General Sullivan, or Defendants—must determine whether the 1998 Contract was made in violation of c. 30B and, as such, was void. See c. 30B, § 17(b).

      Therefore, based on its irrelevance and highly prejudicial nature, Plaintiff requests that the Court exclude the January 30 letter from evidence.

        Respectfully submitted,

        PROFESSIONAL SERVICES GROUP, INC.,
        By its attorneys,

        /s/ Sara E. Noonan
        Maria R. Durant (BBO # 558906)
        David M. Osborne  (BBO # 564840)
        Sara E. Noonan (BBO # 645293)
        DWYER & COLLORA, LLP
        Federal Reserve Plaza
        600 Atlantic Avenue, 12th Floor
        Boston, MA  02210
        (617) 371-1000

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2)

I, Sara E. Noonan, hereby certify that on August 2, 2006, David Osborne attempted to confer with opposing counsel in a good faith effort to eliminate and narrow the issues raised in this motion.

        /s/ Sara Noonan
        Sara E. Noonan

### CERTIFICATE OF SERVICE

I, Sara E. Noonan, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 2, 2006.

        /s/ Sara Noonan
        Sara E. Noonan