UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br><br>    Plaintiff, <br><br>v. <br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, <br><br>    . <br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br><br>    Plaintiffs-in-Counterclaim and Crossclaim <br><br>v. <br><br>PROFESSIONAL SERVICES GROUP, INC., <br><br>    Defendant-in-Counterclaim, <br><br>and <br><br>MICHAEL SAUSÉ, <br><br>    Crossclaim Defendant | Civil No. 04-11131-PBS |

**TOWN OF ROCKLAND'S AND ROCKLAND SEWER COMMISSION'S MEMORANDUM OF LAW REGARDING PSG'S ASSERTION OF THE ATTORNEY-CLIENT PRIVILEGE FOR COMMUNICATIONS BETWEEN MICHAEL SAUSE AND ATTORNEY DAVID LURIE**

JS#150876v1

The Town of Rockland and the Rockland Sewer Commission (together "the Town") hereby submit this memorandum of law regarding PSG's assertion of the attorney-client privilege for communications between Michael Sausé and PSG attorney David Lurie. PSG cannot be permitted to argue to the jury that such communications were outside the scope of Mr. Sause's employment, while privately asserting the attorney-client privilege to prevent the disclosure of those communications. The Town asks the Court to allow the jury to see PSG's assertion of the attorney-client privilege, or to provide an instruction to the jury instructing them that PSG considers the communications between Michael Sausé and David Lurie to be on behalf of PSG.

**Background**

In 1996, Michael Sause, a PSG area vice-president, had communications with David Lurie, a lawyer with the firm of Mintz Levin who had represented PSG. As a result of those communications, Mr. Lurie drafted a memorandum, Exhibit 511, in which he described the procedure by which Rockland could create a full-time Sewer Superintendent position, and how a part-time Rockland Sewer Commissioner could become the full-time Sewer Superintendent. That memorandum was passed along to Gregory Thomson, who used the information provided to him as a roadmap for obtaining the position. The letter was the subject of testimony of Gregory Thomson.

The Town alleges in this case that the legal services provided to Mr. Thomson were an effort to curry favor with Thomson and influence Thomson in violation of the Massachusetts Conflict of Interest Statute, G.L. ch. 268A. The Town believes those legal services were something of substantial value that PSG, through Michael Sausé, arranged to have provided to

JS#150876v1

Gregory Thomson in an attempt to influence him in his public capacity and to secure favoritism in the upcoming procurement process.

Among PSG's defenses at trial is that any illegal conduct done by Mr. Sausé was as a "rogue employee" outside of the scope of his employment, and therefore PSG cannot be held liable for his conduct. Nonetheless, at David Lurie's deposition in this case on February 16. 2006, PSG asserted the attorney-client privilege with respect to all communications between Mr. Sausé and Mr. Lurie.

**Argument**

The scope and application of the attorney-client privilege in this action—which concerns claims brought and defenses asserted under Massachusetts law—are governed by Massachusetts law. See Fed. R. Evid. 501 (providing that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law"). The attorney-client privilege only applies to "confidential communications made for the purpose of facilitating the rendition of professional legal services *to the client.*" Proposed Mass. R. Evid. 502(b). Therefore, PSG is only entitled to assert the privilege if the communications between David Lurie and Michael Sausé were for the benefit of PSG. PSG's assertion of the privilege at deposition and at trial therefore judicially estops it from arguing that Sausé was acting outside the scope of his employment when he obtained Lurie's legal services on behalf of Gregory Thomson.

Under Massachusetts law, a party may comment at trial upon the adverse party's claim of the attorney-client privilege, and may argue to the jury that such claim constitutes an implied admission that the matter sought to be protected as privileged would be harmful to the adverse

party's case.  See generally Phillips v. Chase, 201 Mass. 444, 450 (1909).  A party may be called before the jury even though it is known that the party will claim the attorney-client privilege.  Kendall v. Atkins, 374 Mass. 320, 325-26, 372 NE.2d 764, 767-68 (1978).  PSG seeks to avoid having to assert the privilege in front of the jury or have the Court instruct the jury about its assertion of privilege.  This would deprive the jury of critical information linking PSG to the legal services provided in violation of the Conflict of Interest Law.  PSG cannot have it both ways by claiming Sausé was acting outside the scope of his employment, while at the same time asserting the privilege as if it were the client to which legal services were provided.

PSG also is not permitted to change its position and waive the privilege at trial.  In analogous contexts, the courts have declined to permit parties to assert testimonial privileges prior to trial and then voluntarily waive such privileges at trial to the surprise or detriment of the opposing parties.  See Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 576-577 (1st Cir. 1989) (defendant who invoked privilege against self-incrimination during deposition properly precluded from testifying at trial); Rubenstein v. Kleven, 150 F.Supp. 47, 48 (D. Mass. 1957), aff'd on other grounds, 261 F.2d 921 (1st Cir. 1958) (defendant's claim of privilege during deposition precluded his testimony as to certain evidence during trial); see also Kaye v. Newhall, 356 Mass. 300, 305 (1969) (plaintiff properly commented to jury about defendant's invoking privilege against self-incrimination); Neitlich v. Peterson, 15 Mass.App.Ct. 622, 628 (1983) (citations omitted) (noting "[w]hen witness in a civil case is closely aligned with a party and has an interest in the outcome of the proceeding, the opposing party may comment upon invocation by the witness of a privilege", and that same principle applies when party invokes privilege).  It would be unfair for PSG to waive the attorney-client privilege with respect to matters that it precluded the Town of Rockland from exploring during discovery.

JS#150876v1

For the reasons stated above, the Town requests that PSG be forced to assert the attorney-client privilege in front of the jury, and that the jury be instructed that PSG's assertion of the privilege indicates that PSG was the client seeking legal services from Mr. Lurie.

TOWN OF ROCKLAND AND ROCKLAND
SEWER COMMISSION
By their attorneys,

/s/ Seth Nesin
_____
Joanne D'Alcomo
BBO #544177
Howard P. Blatchford, Jr.
BBO #045580
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

DATED: August 8, 2006

JS#150876v1