UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                           )
PROFESSIONAL SERVICES                      )
GROUP, INC.,                               )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )
                                           )
TOWN OF ROCKLAND, ROCKLAND                 )
SEWER COMMISSION, GREGORY                  )
THOMSON and MICHAEL SAUSÉ,                 )
_____)
                                           )
TOWN OF ROCKLAND, ROCKLAND                 )
SEWER COMMISSION,                          )
                                           )
            Plaintiffs-in-Counterclaim     )   Civil No. 04-11131-PBS
               and Crossclaim              )
                                           )
      v.                                   )
                                           )
PROFESSIONAL SERVICES                      )
GROUP, INC.,                               )
                                           )
            Defendant-in-Counterclaim,     )
                                           )
and                                        )
                                           )
MICHAEL SAUSÉ,                             )
                                           )
            Crossclaim Defendant           )
_____)

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING DEFENDANTS'**
**PLEADING OF FRAUD AND CHAPTER 268A**

Plaintiff Professional Services Group, Inc. ("PSG") submits this memorandum to address the suggestion that Defendants Town of Rockland and Rockland Sewer Commission may assert fraud in connection with the non-collusion affidavit in PSG's proposal as either (1) an affirmative defense to Plaintiff's breach of contract claim or (2) the basis of the fraud count in

Defendants' counterclaim (Count I).  Defendants may do neither, and are similarly precluded from asserting c. 268A, § 21(a) as an affirmative defense to Plaintiff's breach of contract claim.

Defendants may not assert either fraud or § 21(a) as an affirmative defense because they failed to do so in their Answer and Counterclaim and have never amended that pleading.  See Defendants' Answer and Counterclaim at 7-8 (listing affirmative defenses); see also § 21(a) (c. 268A violation "which has substantially influenced the action taken … shall be grounds for avoiding, rescinding, or canceling the action").  Fed. R. Civ. P. 8(c) states that any "matter constituting an avoidance or affirmative defense" must be stated in a party's pleading or it is waived.  "Rule 8(c) is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense."  Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003).  Defendants' failure to meet the requirements of Rule 8(c) precludes them from now asserting fraud or § 21(a) as an affirmative defense.

Defendants are also prohibited from asserting fraud in connection with the non-collusion affidavit as the theory of the fraud count in their Counterclaim.  For a pleading of fraud, Fed. R. Civ. P. 9(b) requires that "the circumstances constituting fraud … shall be stated with particularity."  The purposes of this requirement include "giv[ing] notice to defendants of the plaintiffs' claim … and prevent[ing] the filing of suits that simply hope to uncover relevant information during discovery."  United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 226 (1st Cir. 2004) (quoting Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir.1996)).

Defendants now suggest that the "factual basis" for their fraud claim is that "PSG committed fraud by submitting a bid and falsely representing in the anti-collusion affidavit that its bid or proposal  has been made or submitted in good faith and without collusion or fraud with

2

any other person." See Statement of Town of Rockland and Rockland Sewer Commission Identifying the Factual Basis for Each Individual Claim (8/8/06), at 6.  However, this fraud is entirely different from the fraud alleged by Defendants' in their Answer and Counterclaim.  There, Defendants based their fraud claim entirely upon PSG's conduct in relation to the rebate funds at issue in this case.  See Counterclaim ¶ 53 ("In furtherance of its effort to defraud the Town, PSG established unauthorized bank accounts and deposited public funds therein; knowingly failed and refused to rebate to the Town monies due and owing to the Town under Contract No. 2; absconded with Town property upon vacating the Sewer Plant; made unauthorized expenses with public funds; and converted public funds to personal use (collectively the 'Fraudulent Activity').").  Having arrived at the middle of trial, Defendants may not abandon that basis in favor of one that they now prefer.

Plaintiff has filed herewith a proposed jury verdict form that reflects the preclusion of fraud and c. 268A as affirmative defenses to Plaintiff's breach of contract claim, and of the non-collusion affidavit in PSG's proposal as the basis for Defendants' fraud claim.

Respectfully submitted,

PROFESSIONAL SERVICES GROUP, INC.,
By its attorneys,

   /s/ David M. Osborne
Maria R. Durant (BBO # 558906)
David M. Osborne  (BBO # 564840)
Sara E. Noonan (BBO # 645293)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000

Dated:  August 16, 2006

3

**CERTIFICATE OF SERVICE**

      I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 16, 2006.

                                                      /s/ David M. Osborne
                                                      David M. Osborne