UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
PROFESSIONAL SERVICES )
GROUP, INC., )
)
      Plaintiff, )
)
v. )
)
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, GREGORY )
THOMSON and MICHAEL SAUSÉ, )
_____)
)
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, )
)
      Plaintiffs-in-Counterclaim )  Civil No. 04-11131-PBS
      and Crossclaim )
)
v. )
)
PROFESSIONAL SERVICES )
GROUP, INC., )
)
      Defendant-in-Counterclaim, )
)
and )
)
MICHAEL SAUSÉ, )
)
      Crossclaim Defendant )
_____)

**PLAINTIFF'S BRIEF IN RESPONSE TO *AMICI* AND DEFENDANTS
REGARDING UNIFORM PROCUREMENT ACT RIGHT OF ACTION**

    Plaintiff Professional Services Group, Inc. ("PSG") submits this memorandum to respond briefly to the recent filings of Defendants and *amici curiae* regarding Defendants' purported right of action under § 17(c) of the Uniform Procurement Act, Mass. Gen. L. c. 30B. See Memorandum of Law *Amicus Curiae* (8/18/06) ("Amicus Memo"); Town of Rockland and

Rockland Sewer Commission's Supplemental Memorandum of Law (8/11/06) ("Defendants' Memo.").

The controlling precedent and standards for inferring a right of action in a statute—not the interest or "position" of *amici*—determines whether this Court may infer a right of action for Defendants' § 17(c) claim.  See Amicus Memo. at 2.  Unfortunately, both *amici* and Defendants largely ignore those standards, which Plaintiff has previously addressed at length.  See Memorandum of Law in Support of Plaintiff's Rule 12(b)(6) Motion to Dismiss (7/10/06) ("Plaintiff's Memo.").

As *amici* acknowledge, the "intent of the Legislature" is determinative in identifying an implied right of action in a statute.  See Loffredo, 426 Mass. at 543.  In §§ 17(c) and 17(d), however, there is no indication that the Legislature intended a right of action other than the right explicitly and exclusively assigned to the Inspector General.  Both *amici* and Defendants assert that the creation in § 17(c) of a distinct right of recovery for a governmental body implies such a right of action.  See Amicus Memo. at 4-5; Defendants' Memo. at 2-3.  However, both ignore the other half of the equation: that § 17(d) *explicitly and exclusively assigns enforcement of that right to the Inspector General.*  Cf. id.  Precedent clearly establishes that when a right of enforcement "is expressly conferred upon specified public officers," it is assumed that the Legislature did not intend to create a cause of action for other parties, as well.  See Local 1445, UFCW v. Police Chief of Natick, 29 Mass. App. Ct. 554, 558 (1990); see also All Brands Container Recovery, Inc. v. Merrimack Valley Distrib. Co., Inc., 54 Mass. App. Ct. 297, 302 (2002) (citing Local 1445, UFCW); Loffredo v. Ctr. for Addictive Behaviors, 426 Mass. 541, 547 (1998) ("where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it").

Contrary to the arguments of both *amici* and Defendants, § 17(d) ensures that the lack of a municipal right of action to enforce § 17(c) will not "permit[] a contracting party who violated the Act to escape Section 17(c) liability." See Amicus Memo. at 7; see also Defendants' Memo. at 6-7 (arguing that interpreting § 17 "as PSG urges" would leave a municipality "with no remedy at all"). Surely *amici*, in particular, do not intend to suggest that the Inspector General is incapable of protecting the interests of towns aggrieved under § 17(c) by fulfilling the "mandate" that the Legislature has assigned exclusively to him. See Amicus Memo. at 7-8 (Legislature granted "mandate" to Inspector General to "prevent and detect fraud, waste and abuse in the expenditure of public funds" (quoting c. 12A, § 7)).

In addition, Defendants assert that § 17(c) must bear a right of action for their claim because § 17(c) requires payment of the "costs of any action." See Defendants' Memo. at 2. However, § 17(c) does not limit "costs" to those sustained by a "governmental body." Cf. id. at 2, 5 (asserting, with no basis, that § 17(c) requires that costs be paid "to the governmental body"). Instead, it refers more broadly to the "costs of *any* action" to enforce § 17(c). See § 17(c) ("[T]he person shall pay double the amount of damages sustained by the governmental body by reason of the violation, together with the costs of any action."). In combination with § 17(d), therefore, "costs" in § 17(c) should plainly be read as the "costs" sustained by the Inspector General in bringing an enforcement action. See, e.g., Mass. Gen. L. c. 12 § 5I(1) (allowing recovery of attorney's fees and "costs" for action brought by Attorney General under state false claims act).

Plaintiff has previously addressed Defendants' remaining argument regarding precedent for inferring a right of action under *other provisions* of c. 30B, the enforcement of which is *not*

3

*expressly and exclusively assigned to the Inspector General.*  See Defendants' Memo. at 3-6.[1] Plaintiff has also addressed the misconstruction and misapplication of the Court of Appeals decision in All Brands by the Superior Court in Town of Lunenburg—a decision that is not controlling authority in this Court but that both *amici* and Defendants rely upon heavily.  See generally All Brands, 54 Mass. App. Ct. 297; Town of Lunenburg v. Carlson, No. 03-573A, 2005 WL 937730 (Mass. Super. 2005).

Therefore, for the reasons outlined above, as well as those Plaintiff has set forth previously, Plaintiff again submits that the Court should dismiss Defendants' § 17(c) claim.

Respectfully submitted,

　　/s/ David M. Osborne　　
Maria R. Durant (BBO # 558906)
David M. Osborne  (BBO # 564840)
Sara E. Noonan (BBO # 645293)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000

Dated:  August 20, 2006

**CERTIFICATE OF SERVICE**

I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 20, 2006.

　　/s/ David M. Osborne　　
David M. Osborne

---

[1] In support of their position on this issue, Defendants also cite Bradford & Bigelow, Inc. v. Commonwealth, 24 Mass. App. Ct. 349 (1987), a case in which a plaintiff brought suit *against the agency charged with enforcement* of the relevant statute, Mass. Gen. L. c. 5, § 1, for failure to enforce that provision fairly.