UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| PROFESSIONAL SERVICES GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, _____) | ) ) ) ) ) | |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, | ) ) ) | |
| Plaintiffs-in-Counterclaim and Crossclaim | ) ) ) | Civil No. 04-11131-PBS |
| v. | ) ) | |
| PROFESSIONAL SERVICES GROUP, INC., | ) ) ) | |
| Defendant-in-Counterclaim, | ) ) | |
| and | ) ) | |
| MICHAEL SAUSÉ, | ) ) | |
| Crossclaim Defendant _____) | ) ) | |

**PLAINTIFF'S BRIEF REGARDING NEGLIGENCE DUTY**
**UNDER INVALID CONTRACT**

Plaintiff Professional Services Group, Inc. ("PSG") submits this brief in response to

discussion with the Court regarding whether Defendants can prove their negligence claim if the

1998 Contract was invalid.  They cannot.

"To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care …." Jupin v. Kask, 447 Mass. 141, 146 (2006); see also Remy v. MacDonald, 440 Mass. 675, 677 (2004) ("If no such duty exists, a claim of negligence cannot be brought"). Defendants assert that the "factual basis" for their fraud claim is that "PSG committed fraud by submitting a bid and falsely representing in the anti-collusion affidavit that its bid or proposal  has been made or submitted in good faith and without collusion or fraud with any other person." See Defendants' 8/8/06 Statement, at 6. Although "the existence or nonexistence of a duty is question of law," Jupin, 447 Mass. at 146, Defendants in this case have failed to present any basis for defining the existence or scope of a legal duty of PSG "to manage the Town's money properly." See, e.g., Harris v. Magri, 39 Mass. App. Ct. 349, 353 (1995) (stating "general requirement of expert evidence to establish [a failure] to meet the standard of care owed in the particular circumstances" of legal malpractice case (internal quotation omitted)).

A duty of care may arise from a contract. See O'Brien v. Christensen, 422 Mass. 281, 287 (1996) ("Obligations created by contract can provide a basis for an action in tort."); see also, e.g., Pinette v. McLaughlin, 96 Conn. App. 769, 774 n.3 (2006) ("Of course, a contract to undertake certain obligations may give rise to a duty that forms the basis for a claim of negligence."). If the contract is invalid, however, the contracting party cannot have "undertake[n]" those contractual obligations that create the duty and form the basis for a negligence claim. See Pinette, 96 Conn. App. at 774 n.3. Therefore, in this case, even if the 1998 Contract gave rise to a duty of care by PSG (which PSG asserts it did not), the invalidity of that contract would preclude PSG's liability for negligence.

Respectfully submitted,
**PROFESSIONAL SERVICES GROUP, INC.**,
By its attorneys,


_____/s/ David M. Osborne_____
Maria R. Durant (BBO # 558906)
David M. Osborne  (BBO # 564840)
Sara E. Noonan (BBO # 645293)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000

Dated:  August 21, 2006


## CERTIFICATE OF SERVICE

I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 21, 2006.

_____/s/ David M. Osborne_____
David M. Osborne