UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., Plaintiff, <br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, <br> Defendants <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br>    Plaintiffs-in-Counterclaim <br>    and Crossclaim, <br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br>    Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSÉ, <br>    Crossclaim Defendant | Civil No. 04-11131-PBS |

**DEFENDANTS' MEMORANDUM
ON THE ISSUE OF VICARIOUS LIABILITY**

**I. Introduction**

Defendants' Town of Rockland and Town of Rockland Sewer Commission (collectively "Rockland") submit this memorandum on the principles of vicarious liability to assist the Court in connection with its finalization of the verdict form and jury charge.

Specifically, Rockland objects to the repeated use of the phrase "*acting within the scope of his employment at PSG and on its behalf*," (referring to Michael Sause)

throughout the Special Verdict Form and in the Jury Instructions for two reasons. First, in order for vicarious liability to attach under Massachusetts law it is not necessary to separately prove that an act be performed "*on behalf of*" an employer. Second, vicarious liability can attach in certain circumstances even where the employee's conduct was <u>not</u> within the scope of his employment.

## II. General Principles

The law allows for vicarious liability because "as between two innocent parties—the principal-master and the third party—the principal-master who for his own purposes places another in a position to do harm to a third party should bear the loss." *Kansallis Finance Ltd., v. Fern*, 421 Mass. 659, 664 (1996). "A principal who requires an agent to transact his business, and can only get that business done if third parties deal with the agent as if with the principal, cannot complain if the innocent third party suffers loss by reason of the agent's act." Id. "[T]he master who must put an instrument into his servant's hands in order to get his business done, must also bear the loss if the servant causes harm to a stranger in the use of that instrument as the business is transacted." Id.

## III. Respondeat Superior

An employee is an agent of his employer. *See Kansallis Finance Ltd., v. Fern*, 421 Mass. 659, 662 (1996) ("servants…are categorized as agents of their principals"), citing *Restatement (Second) of Agency* § 218 Title B, Torts of Servants, introductory note, fourth par. (1957) (servants are agents of their master); W.A. Seavey, *Agency* § 2(B) (1964) (master and servant included in agency relation). A principal may be held vicariously liable for the acts of its agent if those acts were committed within the scope of the agent's employment. *Worcester Insurance Co. v. Fells Acre Day School, Inc.,* 408

Mass. 393, 404 (1990). "[C]onduct of an agent is within the scope of employment if [1] it is of the kind he is employed to perform…; [2] if it occurs substantially within the authorized time and space limits…; and [3] **if it is motivated, at least in part, by a purpose to serve the principal**… ." *Id*., quoting *Wang Laboratories, Inc. v. Business Incentives, Inc*., 398 Mass. 854, 859 (1986) (emphasis added).

Thus, the doctrine of respondeat superior does *not* require separate proof that an employee acted "on the employer's behalf" *in addition to* proving that that the employee acted within the scope of his employment. This is because it is both necessary and sufficient to prove that the employee's conduct was "**motivated, at least in part, by a purpose to serve the principal**… ." as an element of proving that the employee was acting within the scope of his employment. Id. (emphasis added).

### IV. Vicarious Liability For Acts Outside Scope of Employment

In addition to imposing liability upon a principal for the acts of an agent committed within the scope of the agent's employment, liability may also be imposed upon a principal where the agent acted with the actual or apparent authority of the principal. This method of determining vicarious liability is particularly appropriate where the harm to the victim resulted from the voluntary transaction of business, as in the cases of contracts, of fraud and misrepresentation. *Kansallis Finance Ltd., v. Fern*, 421 Mass. 659, 664 (1996)

Where an agent has "actual authority to transact the very business or to do the very act that causes the harm, the agent acts as the extension of the will of his principal and the case for vicarious liability is very clear." *Id*., at 665. Even where the agent's

authority is apparent, but not actual, the principal will still be vicariously liable because "vicarious liability recognizes that it is the principal who for his own purposes found it useful to create the impression that the agent [was] act[ing] with his authority." *Id.*

Although a principal ordinarily will not be held liable for the acts of an agent that exceed the scope of the agent's authority, there are some circumstances where liability will nevertheless be imposed vicariously upon a principal even where the agent has acted beyond the scope of his employment. *Id.*, at 665-666. For example, a principal will be vicariously liable without regard to whether the agent acted within the scope of his employment where the principal took an unreasonable risk that resulted in his agent misusing his authority—actual or apparent—to act on the principal's behalf. *Id.*, at 666 n6.

Principles of agency can be used to impose vicarious liability upon a corporate principal for the fraud of an agent. *Makino, U.S.A., Inc. v. MetLife Capital Credit Corp.*,, 25 Mass. App. Ct. 302, 313 (1988), quoting *Restatement (Second) of Agency* § 261 comment a (1958) (A principal's liability for the fraud of an agent results if "the agent's position facilitates…the fraud, in that from the point of view of the third person the transaction seems regular on its face and the agent appears to be acting in the ordinary course of the business confided to him." ).  Those same principles can impose vicarious liability upon a corporate principal for the deceptive acts of an agent as well. Id., at 312 (A principal is liable for the deceptive acts of an agent if the deceptive acts "were within the actual authority, implied authority or apparent authority, or, if not within {the agent's] authority were ratified by the principal.").

## V. Vicarious Liability for Criminal Conduct

A corporation can be held liable for the conduct of an employee that amounts to a criminal offense. *See Commonwealth v. Angelo Todesca Corp.*, 446 Mass. 128, 133-136 (2006). A corporation can be held liable for the criminal conduct of its employee where it is established that an individual "[1] was placed in a position by the corporation where he had enough power, duty, responsibility and authority to act for and in behalf of the corporation to handle the particular business or operation or project of the corporation in which he was engaged at the time that he committed the criminal act…and [2] that he was acting for and in behalf of the corporation in the accomplishment of that particular business or operation or project, and that he committed a criminal act while so acting." *Id.*, quoting *Commonwealth v. Beneficial Finance Co.*, 360 Mass. 188, 256 (1971), cert. denied sub. nom. *Farrell v. Massachusetts*, 407 U.S. 910 (1972, and sub nom. *Beneficial Finance Co. v. Massachusetts*, 407 U.S. 914 (1972).

For purposes of imposing liability upon a corporation for the criminal acts of an employee, "there is no requirement that corporate officials had knowledge of their employees' criminal acts.. ." *Id.*, citing *Commonwealth v. L.A.L. Corp.,* 400 Mass. 737, 743 (1987). Nor is there any requirement that such conduct be " 'performed, authorized, ratified, adopted or tolerated by' corporate officials or managers.' " *Id.*, quoting *Commonwealth v. Beneficial Finance Co.*, 360 Mass. 188, 254 (1971), cert. denied sub. nom. *Farrell v. Massachusetts*, 407 U.S. 910 (1972, and sub nom. *Beneficial Finance Co. v. Massachusetts*, 407 U.S. 914 (1972).

        Respectfully submitted,

        TOWN OF ROCKLAND,
        ROCKLAND SEWER COMMISSION
        By its attorneys,

        */s/ Howard P. Blatchford, Jr.*
        _____

        Joanne D'Alcomo
        BBO #544177
        Howard P. Blatchford, Jr.
        BBO #045580
        Seth Nesin
        BBO #650739
        JAGER SMITH P.C.
        One Financial Center
        Boston, MA 02111
        (617) 951-0500

Dated: August 22, 2006.

Case 1:04-cv-11131-PBS   Document 137   Filed 08/22/2006   Page 7 of 7