UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br><br>Plaintiff, <br><br>v. <br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, <br><br>Defendants. <br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br><br>Plaintiffs-in-Counterclaim and Crossclaim <br><br>v. <br><br>PROFESSIONAL SERVICES GROUP, INC., <br><br>Defendant-in-Counterclaim, <br><br>and <br><br>MICHAEL SAUSÉ, <br><br>Crossclaim Defendant | Civil No. 04-11131-PBS |

## **MOTION FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Federal Rule of Civil Procedure Rule 50, The Town of Rockland and Rockland Sewer Commission (collectively "the Town") hereby submit this motion for judgment as a matter of law on Plaintiff's claim for breach of contract and declaratory judgment..

JS#151611v1                                        1

PSG has been fully heard on its claims against the Town and there is no legally sufficient evidentiary basis for a reasonable jury to find for PSG on its breach of contract claim (or for declaratory judgment). The Town has presented uncontroverted evidence that the contract was invalid or, alternatively, that PSG committed a material breach of the contract as a matter of law prior to the Town's termination.

With respect to the invalidity of the contract, all of the evidence has shown that the contract was the result of an unlawful procurement process engineered through co-conspirators Michael Sausé, then an Area Vice President of PSG and Gregory Thomson. Both Thomson and Sausé testified that the Request For Proposals was drafted in a manner that violated the Uniform Procurement Act. PSG failed to present any evidence to the contrary. It would therefore be unreasonable for a jury to conclude that the contract was entered into properly.

Furthermore, the uncontroverted evidence is that PSG played an essential role in the diversion of Town of Rockland funds that it was holding, some as a result of the 1998 contract by virtue of the fact the funds were for the various accounts in the contract, specifically capital, repair and maintenance and labor. PSG does not deny that it issued a series of checks, from the Town of Rockland's money, that were made out to "Town of Rockland, Rockland Sewer Commission, Gregory Thomson, Superintendent," and that those checks were endorsed by Gregory Thomson and diverted for non-Town use. The only evidence that PSG has presented has gone to PSG's knowledge of the scheme, or motivation for writing the checks. But no matter what PSG knew or what its motivations were, it was a material breach of the contract for the rebate monies to be "rebated" in a manner in which they could be diverted for the personal use of Gregory Thomson (or Michael Sausé.) The checks were made out in a way that, under the Uniform Commercial Code, could be endorsed by Gregory Thomson. Even assuming that

PSG's argument that rebate money could be returned in the middle of the contract year to the Town, PSG had an obligation under the contract to return rebate money to the <u>Town</u>, not to Thomson, and it was a duty that it failed to meet. This material breach excused any requirement for the Town to perform, and therefore the Town could not have breached the contract.

    For the reasons stated above, the Town moves for judgment as a matter of law on PSG's claim of breach of contract and for declaratory judgment.

    TOWN OF ROCKLAND AND
ROCKLAND SEWER COMMISSION,
By their attorneys:

/s/ Seth Nesin
Joanne D'Alcomo (BBO # 544177)
Howard P. Blatchford, Jr. (BBO #045580)
Seth Nesin (BBO # #650739)
JAGER SMITH P.C.
One Financial Center
Boston, Massachusetts 02111
617-951-0500

Dated: August 23, 2006