UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PROFESSIONAL SERVICES GROUP, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, | ) ) ) ) | |
| Plaintiffs-in-Counterclaim and Crossclaim | ) ) ) ) | Civil No. 04-11131-PBS |
| v. | ) ) | |
| PROFESSIONAL SERVICES GROUP, INC., | ) ) ) ) | |
| Defendant-in-Counterclaim, | ) ) | |
| and | ) ) | |
| MICHAEL SAUSÉ, | ) ) ) | |
| Crossclaim Defendant | ) ) | |

**SUPPLEMENTAL MEMORANDUM ON DAMAGES FROM AN INVALID CONTRACT WITH A MUNICIPALITY AND REQUEST FOR JURY QUESTION CONCERNING AMOUNT OF PROFITS EARNED ON CONTRACT IF CONTRACT FOUND INVALID UNDER CHAPTER 30B**

JS#151600v1

1

The Town of Rockland and Rockland Sewer Commission (collectively "the Town") hereby submits this memorandum of law with respect to the calculation of damages in the event the jury finds that the contract between PSG and the Town was invalid, because of a violation of Chapter 30B, or if fraud is found to have occurred.

Massachusetts law is clear that if the contract is found to be invalid, PSG never had a right to any payment during the contract period, under either a contractual theory or a theory of *quantum meruit*. For example, in <u>Majestic Radiator Enclosure Co., Inc. v. County Commissioners of Middlesex</u>, 397 Mass. 1002, 1003 (1986), the Supreme Judicial Court stated that a contractor who had already installed radiator covers in a public hospital on a contract obtained in violation of the procurement laws could not receive any compensation. The Court held that a mutual mistake as to whether the contract was entered into legally would not allow recovery, even in *quantum meruit,* because a "good faith rendering of services in such a situation does not warrant violation of the statutory arrangement." <u>Id.</u> at 1003-04. Similarly, in <u>Massachusetts General Hospital v. Revere</u>, 385 Mass. 772, 434 N.E.2d 185 (1982)*,* the S.J.C. stated that Massachusetts General Hospital was not entitled to be compensated for medical treatment provided to a prisoner under an improperly procured contract with a municipality. <u>Id.</u>, 385 Mass. 772*,* at 776, 434 N.E.2d 185 ("Where a contract is illegal by reason of failure to comply with statutory requisites, we will not allow recovery based on quantum meruit."). The Court noted: "That the city may have benefited by the hospital's actions is irrelevant to this issue. The statutes are controlling." <u>Id.</u>, at 775, 434 N.E.2d 185.

"It is familiar law that one dealing with a city or town cannot recover if statutory requirements such as are contained in the defendant's charter have not been observed, and the burden of proving compliance with such requirements rests upon the plaintiff." <u>Richard D.</u>

Kimball Co. v. Medford, 340 Mass. 727, 729, 166 N.E.2d 708 (1960); see also United States Leasing Corp. v. Chicopee, 402 Mass. 228, 231, 521 N.E.2d 741 (1988).  "[W]here a person enters into a contract with a public officer purporting to act for a municipality, '[s]uch a person is bound at his peril to ascertain the extent of the authority of the public officer with whom he deals.'" Ryan v. Somerville, 328 Mass. 324, 325, 103 N.E.2d 707 (1952), quoting from Wormstead v. Lynn, 184 Mass. 425, 428, 68 N.E. 841.

In this case, the Town of Rockland paid over $7 million to PSG under the terms of its contract.  If the jury finds that the contract was obtained improperly making it invalid, PSG was not entitled to any of that $7 million, even if it provided work that was satisfactory and worth that much money.  The Town is not seeking return of the full $7 million dollars, despite its legal right to the funds.  The Town has not asked for such a return, but rather seeks e  PSG's profits from the contract, rather than its entire revenues, (as well as PSG's enjoyment of the use of such profits), and other monies such as those relating to PSG's mishandling of funds, money improperly withheld from the Town (rebate money), and the cost of conducting a new procurement.

The Town's proposed jury verdict form specifically seeks a calculation of lost profits as damages for fraud, as well as other damages.  The Town, however, also requests that if the jury finds a violation of Chapter 30B, that the jury further be asked to determine the amount of profits earned by PSG under the contract, since such profits cannot properly be held under the law governing contracts improperly awarded. This latter amount would not be subject to doubling under Chapter 30B, since it amounts to damages flowing from the common law governing invalid contracts with governmental bodies. (To avoid any overlap of damages, the jury should further be asked a question that elicits whether any damages awarded under Chapter 30B

includes damages for the difference between what PSG charged the Town, and the alternative price developed by Woodard & Curran.)

        TOWN OF ROCKLAND AND
        ROCKLAND SEWER COMMISSION,
        By their attorneys:

        /s/ Seth Nesin
        Joanne D'Alcomo (BBO # 544177)
        Howard P. Blatchford, Jr. (BBO #045580)
        Seth Nesin (BBO # #650739)
        JAGER SMITH P.C.
        One Financial Center
        Boston, Massachusetts 02111
        617-951-0500

Dated:  August 23, 2006