UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., Plaintiff,<br>v.<br><br>TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ,<br><br>Defendants | Civil No. 04-11131-PBS |
| TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION,<br>    Plaintiffs-in-Counterclaim and Crossclaim,<br>v.<br><br>PROFESSIONAL SERVICES GROUP, INC.,<br>    Defendant-in-Counterclaim,<br><br>and<br><br>MICHAEL SAUSÉ,<br>    Crossclaim Defendant | |

**DEFENDANTS' MOTION TO EXTEND TIME FOR FILING OF PROPOSED FINDINGS OF FACT, RULINGS OF LAW AND CONCLUSIONS**

The Defendants Town of Rockland and Rockland Sewer Commission ("the Town") hereby move to extend the time in which to file their proposed findings of fact and conclusions of law in connection with their Chapter 93A claim. The Town asks for leave to file today, January 25, 2007. The Town asks the Court to extend the time for three days, until March 15, 2007, for Professional Services Group, Inc to respond.

JS#166292v1

In its order of January 18, 2007, the Court raised the issue of the amount of time that has elapsed since the jury verdict in this case on August 28, 2006. Counsel for the Town believes that she should provide an explanation to the Court for any perceived lack of diligence. Since the trial ended on August 28, 2006, lead counsel for the Town has not taken any vacation or weekends off because of her heavy workload. Her work obligations have included the following, among other things:

1. Immediately, after the trial in this matter, Counsel for the Town had to devote herself to work on detailed expert disclosures for six experts in a complex wrongful death case that was pending in Middlesex Superior Court and had a certain trial date of January 22, 2007. The disclosures had to be made by early September, which they were. Counsel then had to prepare rebuttal experts, resulting in more effort, and three additional expert disclosures. The case was a major case; trial time that was set aside for the case by the Court was at least three weeks. Counsel then had to prepare for a full-day mediation with her three clients, multiple defendants, and multiple insurers and even coverage counsel. The mediation was initially scheduled for September, but ultimately held in November. The mediation was unsuccessful, and counsel prepared for trial with numerous witnesses and voluminous exhibits. The case ultimately settled on December 22, 2006, but not before counsel for the Town had to spend considerable time in preparation for trial in January 2007.

2. Counsel for the Town prepared for another jury trial in which she represented the plaintiff that was scheduled before Judge Ponsor in Springfield on October 10, 2006. The case was subsequently continued and transferred to Judge Stearns. Following the transfer, the parties prepared for and attended a full-day mediation, which was

unsuccessful. The case was then rescheduled, still in Springfield before Judge Stearns. The trial began on November 13, 2006, and lasted six days.

3. Because Counsel for the Town represented the prevailing plaintiff in the Springfield matter, Counsel then supervised the assembly of the bill of costs in that matter, which had been litigated over a four-year period and represented substantial costs.

4. Immediately after that jury trial, Counsel for the Town had to draft an appellate brief in another matter for the Massachusetts Court of Appeals. Although she had obtained an extension because of the jury trial, the brief was due on December 15, 2006.

5. Counsel for the Town had another trial scheduled with Judge Stearns in Springfield for February 5, 2007, in which she also represented the plaintiff. That case required a number of motions in limine to be filed. In addition, in that case, Defendants filed a lengthy motion for summary judgment at the end of the day on January 9, 2007, and Judge Stearns set a hearing on all pending motions on January 16, 2007, which was also the date of the pretrial conference before the February 5 trial date. Counsel felt compelled to prepare a detailed response to the dispositive motion, in addition to preparing her pretrial memorandum, before the final pretrial conference on January 16, 2007. After drafting the opposition and accompanying statement of facts that totaled over 70 pages, the case settled at the pretrial conference on January 16, 2007.

6. Counsel for the Town also has a case scheduled for a jury trial before Judge O'Toole on March 5, 2007 and, as a result, has had to make an expert disclosure and conduct expert discovery for that case – all since the trial was completed in this matter.

7. Counsel for the Town has several other matters in various stages of discovery and motion practice to which she has had to devote substantial attention, and she has

continued to try to be helpful on nonprofit matters, by agreeing to chair two MCLE seminars, which have required organization during this period, since they are scheduled for March and April.

Consequently, until recently, Counsel for the Town had difficulty devoting sufficient time to complete the detailed Proposed Findings of Fact and Rulings of Law that are filed contemporaneously with this motion. The Town therefore proposes the following briefing schedule:

1. Town's proposed findings of fact and conclusions of law due January 25, 2007

2. PSG opposition due March 15.

                                        Respectfully submitted,

                                        TOWN OF ROCKLAND and
                                        ROCKLAND SEWER COMMISSION,
                                        By their attorneys,

                                        /s/Joanne D'Alcomo
                                        _____
                                        Joanne D'Alcomo (BBO # 544177)
                                        JAGER SMITH P.C.
                                        One Financial Center
                                        Boston, MA 02111
                                        (617) 951-0500