UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                   )
                                         )
MICHAEL R. SAUSE,                        )    Chapter 7
                                         )    Case No. 06-10059-MFW
        Debtor.                          )
                                         )

### STIPULATION BY AND BETWEEN DEBTOR AND TOWN OF ROCKLAND, MASSACHUSETTS FOR LIMITED MODIFICATION OF AUTOMATIC STAY, NUNC PRO TUNC

This stipulation ("Stipulation") for a limited modification of the provisions of 11 U.S.C. § 362(a) (the "Automatic Stay") in the Debtor's case, *nunc pro tunc*, is entered into on this 25th day of April 2006 by and between Michael R. Sause (the "Debtor") and the Town of Rockland, Massachusetts ("Rockland").

**WHEREAS**, the Debtor and Rockland, among others, are parties to a certain civil action pending in the United States District Court for the District of Massachusetts and styled as Professional Services Group, Inc., et al. v. Town of Rockland, et al., Civil Action No. 04-11131-PBS initiated by summons and complaint on or about May 28, 2004 (the "Civil Action"); and

**WHEREAS**, Rockland holds one or more civil claims against the Debtor that it asserted in the Civil Action (the "Rockland Claims"); and

**WHEREAS**, on January 20, 2006 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware; and

**WHEREAS**, since the Petition Date the Civil Action has been stayed as to the Debtor by operation of the Automatic Stay; and

**WHEREAS**, notwithstanding that it no longer desires to assert the Rockland Claims in the Civil Action, Rockland nevertheless wishes to obtain discovery from the Debtor, among others, that Rockland does or may need in asserting its defenses in the Civil Action, and its claims against other non-debtor parties to the Civil Action; and

**WHEREAS**, prior to the date hereof, Rockland inadvertently noticed the deposition of the Debtor to examine him on issues relating to Rockland's defenses in the Civil Action, and to its claims against other non-debtor parties to the Civil Action; and

**WHEREAS**, the Debtor is willing to permit Rockland to obtain discovery from him, among others, that Rockland does or may need in asserting its defenses in the Civil Action, and its claims against other non-debtor parties to the Civil Action; and

JS#120789v1                                                                          1576424.1

**WHEREAS**, in order to permit Rockland to obtain discovery from the Debtor, among others, that Rockland does or may need in asserting its defenses in the Civil Action, and its claims against other non-debtor parties to the Civil Action, the Debtor and Rockland have reached an agreement pursuant to which the Automatic Stay will be modified, *nunc pro tunc*, as stated herein.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Debtor and Rockland hereby stipulate and agree as follows:

1. Modification of the Automatic Stay *nunc pro tunc*: The Debtor agrees that the Automatic Stay, as applicable in these proceedings and effective as of the Petition Date, is modified to permit Rockland to obtain discovery from the Debtor, among others, subject to any applicable privileges, in any manner permitted under any applicable statutes and/or rules of procedure, that Rockland does or may need in asserting its defenses in the Civil Action, and its claims against other non-debtor parties to the Civil Action. In addition, the Debtor acknowledges and agrees that, as of the date hereof, he has not been injured by a willful or inadvertent violation of the Automatic Stay by Rockland, if any, and further that he has not, as of the date hereof, suffered any damages arising out of a willful or inadvertent violation of the Automatic Stay by Rockland, if any. The Debtor further agrees that should an order of discharge enter in his case before discovery in the Civil Action is completed by Rockland, the provisions of this Stipulation shall survive, notwithstanding the provisions of 11 U.S.C. § 524.

2. Waiver of Rockland Claims: In exchange for the modifications of the Automatic Stay provided for herein, Rockland agrees to, and hereby does waive the Rockland Claims, both as to the Debtor and as to the Debtor's estate.

3. No Admission of Liability. Notwithstanding any provision of this Stipulation to the contrary, nothing contained in this Stipulation shall be deemed to be or construed as an admission of any fact or any liability by any party hereto.

4. Counterparts. This Stipulation may be executed in counterparts and copies or facsimiles may be used instead of originals. The executed counterparts shall be construed as and constitute one document.

*[Remainder of page intentionally left blank.]*

IN WITNESS WHEREOF, the parties have executed this Stipulation as of the date first above written.

| | |
|---|---|
| TOWN OF ROCKLAND, MASSACHUSETTS, | MICHAEL R. SAUSE, |
| By its attorneys, | By his attorneys, |
| *(signature)* | *(signature)* |
| Joanne D'Alcomo (BBO No. 544177)<br>Michael J. Fencer (BBO No. 648288)<br>JAGER SMITH, P.C.<br>One Financial Center<br>Boston, Massachusetts 02111<br>Tel.: 617-951-0500 | Bradley S. Eaby<br>BARROS, McNAMARA,<br>MALKIEWICZ & TAYLOR, P.A.<br>2 West Loockerman Street<br>P.O. Box 1298<br>Dover, Delaware 19904<br>Tel.: 302-734-8400 |

3