UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                    )
                                          )
MICHAEL R. SAUSE,                         )    Chapter 7
                                          )    Case No. 06-10059-MFW
            Debtor.                       )
                                          )

**JOINT EXPEDITED MOTION TO REOPEN CHAPTER 7 CASE AND FOR
ORDER (I) VACATING ORDER APPROVING
STIPULATION BY AND BETWEEN DEBTOR AND TOWN OF ROCKLAND,
MASSACHUSETTS FOR LIMITED MODIFICATION OF AUTOMATIC STAY,
NUNC PRO TUNC AND (II) APPROVING AMENDED STIPULATION
BY AND BETWEEN DEBTOR AND TOWN OF ROCKLAND, MASS.
FOR LIMITED MODIFICATION OF AUTOMATIC STAY, NUNC PRO TUNC**

Michael R. Sause (the "Debtor") and creditor Town of Rockland, Massachusetts ("Rockland") hereby jointly move, *on an expedited basis*, pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010, for an order reopening the Debtor's Chapter 7 bankruptcy proceedings to permit the filing with the Court for approval of the *Amended Stipulation by and Between Debtor and Town of Rockland, Massachusetts for Limited Modification of Automatic Stay, Nunc Pro Tunc* (the "Amended Stipulation"). Sause and Rockland further jointly move, *on an expedited basis*, pursuant to Fed. R. Bankr. P. 4001(d), for an order (a) vacating the order approving the *Stipulation by and Between Debtor and Town of Rockland, Massachusetts for Limited Modification of Automatic Stay, Nunc Pro Tunc* dated April 25, 2006 (the "Stipulation"), and (b) approving the *Amended Stipulation by and Between Debtor and Town of Rockland, Massachusetts for Limited Modification of Automatic Stay, Nunc Pro Tunc* (the "Amended Stipulation") filed herewith by and between the Debtor and Rockland

In support of the within motion, the Debtor and Rockland state as follows:

JS#128975v1

**Background and Procedural History**

1.  The Debtor and Rockland, among others, are parties to a certain civil action pending in the United States District Court for the District of Massachusetts and styled as <u>Professional Services Group, Inc., et al. v. Town of Rockland, et al.</u>, Civil Action No. 04-11131-PBS initiated by summons and complaint on or about May 28, 2004 (the "Civil Action"). In the Civil Action, Rockland asserted multiple civil claims against the Debtor, including, *inter alia*, claims to recover damages for various conduct committed by the Debtor during his employment with Professional Services Group, Inc. ("PSG") in connection with a contractual and business relationship that PSG had with Rockland (the "Rockland Claims"). In addition to the Rockland Claims, Rockland has also asserted multiple civil claims against PSG in the Civil Action, including, *inter alia*, claims to recover damages for various conduct by PSG in connection with its contractual and business relationship with Rockland, including PSG's conduct in obtaining, by corrupt means, a 10-year contract to operate the Rockland wastewater treatment plant, and its violation of the Uniform Procurement Act. (the "Rockland claims against PSG").

2.  On January 20, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3.  On or after the Petition Date, George L. Miller (the "Trustee") was duly appointed as the Chapter 7 trustee of the Debtor's bankruptcy estate. On or about February 15, 2006 the Trustee convened and concluded the meeting of the creditors pursuant to Bankruptcy Code § 341. On March 2, 2006, the Trustee filed a report with the Court stating that there were no assets to distribute in the Debtor's case.

JS#128975v1

4.  On April 25, 2006, the Debtor and Rockland executed, and the Debtor filed the *Stipulation by and Between Debtor and Town of Rockland, Massachusetts for Limited Modification of Automatic Stay, Nunc Pro Tunc* (the "Stipulation") pursuant to which the Debtor agreed that the provisions of Bankruptcy Code § 362(a) (the "Automatic Stay"), as applicable in these proceedings and effective as of the Petition Date, would be modified to permit discovery to be had from the Debtor in the Civil Action by Rockland, subject to any applicable privileges, in any manner permitted under any applicable statutes and/or rules of procedure, and further that the provisions of the Stipulation would survive, notwithstanding the provisions of Bankruptcy Code § 524. In exchange for the modifications of the Automatic Stay provided for therein, Rockland agreed in the Stipulation that it would waive the Rockland Claims, both as to the Debtor and as to the Debtor's estate. By order dated May 9, 2006, the Court approved the Stipulation in its entirety.

5.  On April 28, 2006, the Court entered an order discharging the Debtor pursuant to Bankruptcy Code § 727.

6.  On May 18, 2006, the Court entered an order approving the Trustee's report of no distribution and ordering the Debtor's case closed, which the Clerk did on May 19, 2006.

7.  On July 11, 2006, PSG filed a motion in the Civil Action pursuant to Fed. R. Civ. P. 12(b)(6) seeking to dismiss certain counts of the PSG Claims (the "PSG Motion") on the basis that the Stipulation constituted a general waiver of the Rockland Claims against the Debtor as PSG's agent, and that such a general waiver of the Rockland Claims against the Debtor as PSG's agent precludes the prosecution of the PSG Claims

JS#128975v1

against PSG as the Debtor's principal that are based upon a theory of respondeat superior. The parties are due to appear for a final pretrial conference in the Civil Action on July 21, 2006, and the matter is scheduled to go to trial on July 31, 2006.

8. The PSG Motion, however, misconstrues the intentions of the Debtor and Rockland with respect the Stipulation, and, more specifically, with respect to the agreement of Rockland not to pursue the *Rockland Claims*, which are claims against the Debtor, eseparate and apart from the *Rockland Claims against PSG*, which involve claims against PSG. As such, and in order to resolve any ambiguities in the Stipulation, the parties have executed the Amended Stipulation, which makes clear the parties intention that only the Rockland Claims would be waived as to the Debtor, and that the Rockland Claims against PSG would be reserved by Rockland. For the reasons set forth herein, the Court should enter an order reopening the Debtor's case to permit the filing of the Amended Stipulation for approval by the Court.

### Relief Requested

9. The Debtor and Rockland seek the entry of an order reopening the Debtor's case to permit the filing of the Amended Stipulation for approval by the Court.

### Basis for the Relief Requested

10. Section 350 of the Bankruptcy Code states, in relevant part, that "[a] case may be reopened in the court in which the case was closed . . . , to accord relief to the debtor, or for other cause." Bankruptcy Code § 350(b). "The reopening of a case is discretionary, and the court should take into account equitable considerations" in making its determination on such a request. In re Weber, 283 B.R. 630, 635 (Bankr. D. Mass. 2002). Therefore, this Court has the authority to reopen the Debtor's case to accord relief

JS#128975v1

to the Debtor, or for other equitable reasons that constitute cause for the purposes of Bankruptcy Code § 350.

11.     In this instance, the parties intended that the Stipulation provide Rockland with the freedom to continue obtaining discovery from the Debtor in the Civil Action without fear of violating the Automatic Stay, and later Bankruptcy Code § 524. In exchange, the Debtor, and the Debtor's estate, received a commitment from Rockland that it would not seek payment for the Rockland Claims from the Debtor, or from his bankruptcy estate should the Trustee ever administer any assets, a commitment that may potentially benefit the Debtor's other unsecured creditors. At no time did the Debtor or Rockland intend that the Stipulation would provide any benefit to PSG, an absolute stranger to the Stipulation, particularly since it had not agreed to waive its own claims against the Debtor or his bankruptcy estate. Therefore, the Debtor and Rockland submit that cause exists to reopen the Debtor's case to permit the filing of the Amended Stipulation for approval by the Court.

12.     Finally, the equities of the case weigh in favor of reopening the Debtor's case to permit the filing of the Amended Stipulation for approval by the Court. The true parties in interest that were harmed as a direct and proximate result of the conduct of PSG underlying the Rockland Claims against PSG are the citizens and taxpayers of the Town of Rockland, a municipality of the Commonwealth of Massachusetts. PSG, on the other hand, is a private corporation that caused Rockland and its taxpayers substantial monetary harm, and that was unjustifiably enriched as a direct and proximate result of such conduct. The Inspector General of Massachusetts, in fact, urged Rockland to cancel its 10-year contract with PSG to operate Rockland's wastewater treatment plant because

of concerns about corruption in the procurement. As such, it would be grossly inequitable to permit PSG to escape Rockland's Claims against PSG on the incorrect premise that Rockland waived the separate and distinct Rockland Claims against the Debtor and his estate, in exchange for which Rockland gave a corresponding benefit to the Debtor and his bankruptcy estate in return. Therefore, the Court should enter an order reopening the Debtor's case to permit the parties to express their true intent in entering into the Stipulation by filing the Amended Stipulation for approval by the Court.

### Expedited Determination

13. As set forth above, the parties are due to appear for a final pretrial conference in the Civil Action on July 21, 2006, at which time Rockland expects the trial court will hear argument on the PSG Motion and Rockland's opposition thereto. As the submission of the Amended Stipulation to this Court, and the approval thereof may well resolve the issues raised in the PSG Motion, thereby fostering judicial economy, the Debtor and Rockland submit that expedited determination of the within motion is warranted and appropriate under the circumstances.

**WHEREFORE**, the Debtor and Rockland respectfully request that the Court enter an order: (i) granting expedited determination of the within motion; (ii) reopening the Debtor's case; and (iii) granting to the Debtor and to Rockland such other and further relief as the Court deems proper and just.

| MICHAEL R. SAUSE, | TOWN OF ROCKLAND, MASSACHUSETTS, |
|---|---|
| *pro se*, /s/ Michael R. Sause | By its attorneys, /s/ Frederick B. Rosner |

JS#128975v1

| Michael R. Sause<br>*/s/ Michael R. Sause/* | Frederick B. Rosner<br>DUANE MORRIS LLP<br>1100 North Market Street, Suite 1200<br>Wilmington, Delaware 19801-1246<br>Tel.: (302) 657-4943<br>Email: FBRosner@duanemorris.com<br><br>-- and --<br><br>Joanne D'Alcomo<br>Michael Fencer<br>JAGER SMITH P.C.<br>One Financial Center<br>Boston, Massachusetts 02111-2621<br>Tel: (617) 951-0500<br>Email: jdalcomo@jagersmith.com<br>mfencer@jagersmith.com |
|---|---|

Dated: July 12, 2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL R. SAUSE, | ) | Case No. 06-10059 (MFW) |
| | ) | |
| Debtors. | ) | Hearing: TBD |
| | ) | Objection: August 1, 2006 at 4:00 p.m. |

## NOTICE OF MOTION

TO:   All parties on the attached service list.

Michael R. Sause and Town of Rockland, Massachusetts today filed the **Joint Expedited Motion to reopen Chapter 7 Case and for Order (I) Vacating Order Approving Stipulation By and Between Debtor and Town of Rockland, Massachusetts for Limited Modification of Automatic Stay, *Nunc Pro Tunc* and (II) Approving Amended Stipulation By and Between Debtor and Town of Rockland, Mass. for Limited Modification of Automatic Stay, *Nunc Pro Tunc*** (the "Motion").

Responses to the Motion, if any, must be filed on or before **August 1, 2006 at 4:00 p.m.** with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801.

At the same time, you must also serve a copy of any response upon the undersigned attorneys.

IF AN OBJECTION IS TIMELY FILED, A HEARING ON THE MOTION WILL BE HELD AT A TIME TO BE DETERMINED BEFORE THE HONORABLE MARY F. WALRATH, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, WILMINGTON, DELAWARE 19801. ONLY PARTIES WHO HAVE FILED A TIMELY OBJECTION MAY BE HEARD AT THE HEARING.

**[REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK]**

DM3\379787.1

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: July 12, 2006
      Wilmington, Delaware

/s/ Frederick B. Rosner
Frederick B. Rosner (DE I.D. 4995)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:  (302) 657-4900
Facsimile:  (302) 657-4901
E-mail:  fbrosner@duanemorris.com