UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

MICHAEL R. SAUSE,

    Debtor.

Chapter 7
Case No. 06-10059-MFW

### AMENDED STIPULATION BY AND BETWEEN DEBTOR AND TOWN OF ROCKLAND, MASSACHUSETTS FOR LIMITED MODIFICATION OF AUTOMATIC STAY, NUNC PRO TUNC

This amended stipulation ("Amended Stipulation") for a limited modification of the provisions of 11 U.S.C. § 362(a) (the "Automatic Stay") in the Debtor's case, *nunc pro tunc*, is entered into on this 11TH day of July 2006 by and between Michael R. Sause (the "Debtor") and the Town of Rockland, Massachusetts ("Rockland").

WHEREAS, the Debtor and Rockland, among others, are parties to a certain civil action pending in the United States District Court for the District of Massachusetts and styled as Professional Services Group, Inc., et al. v. Town of Rockland, et al., Civil Action No. 04-11131-PBS initiated by summons and complaint on or about May 28, 2004 (the "Civil Action"); and

WHEREAS, Rockland holds one or more civil claims that it has asserted against the Debtor in the Civil Action (the "Rockland Claims"); and

WHEREAS, on January 20, 2006 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware; and

WHEREAS, since the Petition Date the Civil Action has been stayed as to the Debtor by operation of the Automatic Stay; and

WHEREAS, notwithstanding that it no longer desires to assert the Rockland Claims against the Debtor in the Civil Action, Rockland nevertheless wishes to obtain discovery from the Debtor, among others, in the Civil Action; and

WHEREAS, prior to the date hereof, Rockland inadvertently noticed the deposition of the Debtor to examine him in the Civil Action; and

WHEREAS, the Debtor is willing to permit discovery to be had from him by Rockland, among others, in the Civil Action; and

WHEREAS, in order to permit Rockland, among others, to have discovery from the Debtor in the Civil Action, the Debtor and Rockland have reached an agreement pursuant to which the

JS#128548v3

1576424.1

Automatic Stay will be modified, *nunc pro tunc*, as stated herein.

**NOW, THEREFORE,** the Debtor and Rockland hereby stipulate and agree as follows:

1. <u>Modification of the Automatic Stay *nunc pro tunc*</u>: The Debtor agrees that the Automatic Stay, as applicable in these proceedings and effective as of the Petition Date, is modified to permit discovery to be had from the Debtor in the Civil Action by Rockland, among others, subject to any applicable privileges, in any manner permitted under any applicable statutes and/or rules of procedure. In addition, the Debtor acknowledges and agrees that, as of the date hereof, he has not been injured by a willful or inadvertent violation of the Automatic Stay by Rockland, if any, and further that he has not, as of the date hereof, suffered any damages arising out of a willful or inadvertent violation of the Automatic Stay by Rockland, if any. The Debtor further agrees that should an order of discharge enter in his case before discovery is completed in the Civil Action, the provisions of this Amended Stipulation shall survive, notwithstanding the provisions of 11 U.S.C. § 524.

2. <u>Waiver of Rockland Claims</u>: In exchange for the modifications of the Automatic Stay provided for herein, Rockland agrees to, and hereby does waive the Rockland Claims, both as to the Debtor and as to the Debtor's estate. Notwithstanding this waiver of the Rockland Claims as to the Debtor and as to the Debtor's estate, Rockland specifically does not waive or release any claims it may have as and against any of Debtor's prior employers or other third parties, including, without limitation, Professional Services Group, Inc., and U.S. Filter Operating Services, Inc., Rockland specifically reserves all of its rights and the claims it has against Debtor's former employers, including Professional Services Group, Inc., and U.S. Filter Operating Services, Inc., and including, without limitation, those rights and the claims asserted against Professional Services Group, Inc. by Rockland in the Civil Action. Rockland and Debtor represent and agree that there was never an intention or an agreement between them to have Rockland waive its rights and claims against Debtor's former employers and other third parties, including, without limitation, Professional Services Group., Inc. and U.S. Filter Operating Services, Inc., and including, without limitation, all of Rockland's rights and claims against Professional Services Group, Inc. in the Civil Action.

3. <u>No Admission of Liability.</u> Notwithstanding any provision of this Amended Stipulation to the contrary, nothing contained in this Amended Stipulation shall be deemed to be or construed as an admission of any fact or any liability by any party hereto.

4. <u>Counterparts.</u> This Amended Stipulation may be executed in counterparts and copies or facsimiles may be used instead of originals. The executed counterparts shall be construed as and constitute one document.

*[Remainder of page intentionally left blank.]*

3

IN WITNESS WHEREOF, the parties have executed this Amended Stipulation as of the date first above written.

| TOWN OF ROCKLAND, MASSACHUSETTS, | MICHAEL R. SAUSE, |
|---|---|
| By its attorneys, | *pro se*, |
| *[signature]* | *[signature]* |
| Joanne D'Alcomo (BBO No. 544177) | Michael R. Sause |
| Michael J. Fencer (BBO No. 648288) | |
| JAGER SMITH, P.C. | |
| One Financial Center | |
| Boston, Massachusetts 02111 | |
| Tel.: 617-951-0500 | |

So **ORDERED, AUTHORIZED, and APPROVED**, at Wilmington, Delaware on this ___ day of _____, 2006.

_____
Mary F. Walrath
United States Bankruptcy Judge

4