UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., <br>    Plaintiff, <br><br> v. <br><br> TOWN OF ROCKLAND, et al., <br>    Defendants | Civil No. 04-11131-PBS |

**MOTION BY DEFENDANTS TOWN OF ROCKLAND AND ROCKLAND SEWER COMMISSION FOR ENTRY OF JUDGMENT ON COUNT III OF PROFESSIONAL SERVICES GROUP, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT**

The defendants Town of Rockland ("Town") and Rockland Sewer Commission ("Commission") hereby move for entry of a declaration under Count III of the Complaint (Declaratory Judgment) of their entitlement to $158,122.11 in rebate monies withheld without legal justification by Professional Services Group, Inc., for the 2003-2004 contract year.

There is no dispute that PSG withheld $158,122.11 of the Town's money in rebate funds from the 2003 - 2004 contract. See Exhibit 96(unnumbered page 3 from the end showing "adjusted net amount due Town of Rockland [10/1/04] $158,122.11", excerpted and attached hereto as Exhibit 1); Excerpt of testimony of PSG employee Cynthia Solomon, attached hereto as Exhibit 2.

The Town has separately sought this amount as damages under its Chapter 93A claim. See Town's Proposed Findings, ¶ 545; Proposed Rulings, ¶ 42. The Town recognizes it cannot recover twice; however, if the Town prevails in its Chapter 93A claim and this sum is included in the damages awarded under Chapter 93A, the Town

seeks to have the declaration entered as a judgment so that in the event that the Chapter 93A award is disturbed on appeal, the Town would nevertheless have the right to collect these funds from PSG under the declaratory judgment count.

At trial, PSG specifically told the jury in its opening statement, as well in its closing, and also made representations to the Court, that it was seeking no more than $1 in damages on its claim for breach of contract by the defendants Town and the Commission. Having taken that position, PSG had no conceivable legal justification for withholding any more than $1 of the Town's rebate monies – regardless of whether the jury found that the Town committed a breach of contract. As it happens, however, the jury found that the Town did not breach any contract with PSG.

The Court pointed out to PSG's counsel during the trial that, even if PSG prevailed in its breach of contract claim, since it had taken the position it was seeking no more than $1 in damages, it would not have any claim to more than $1 of the rebate monies. When the jury came back with its verdict, the Court reminded the parties that the issue of the withheld rebate money would have to be addressed. This motion, as well as the claim for damages under Chapter 93A in the identical amount, address the improperly withheld monies.

PSG consistently maintained throughout the trial that rebate monies were the "Town's money." PSG has tried to claim at various times that it withheld the money because the Town did not pay PSG what it was owed under the contract. But, that purported justification would be founded on a breach of contract claim, and it waived any right to more than $1 on the breach of contract claim, and the jury – as pointed out above – found that the Town committed no breach of contract, anyway. Consequently, PSG has

no right to withhold any of the rebate funds that it admits are all the Town's money – not even the $1 it claimed it wanted in damages.

In sum, there has been no legal basis proved for PSG to have withheld the Town's money since the contract was terminated in 2004. Therefore, the Town requests a declaration that PSG owes the Town $158,122.11 in rebate monies on the 2003-2004 contract and prejudgment interest under Massachusetts law from the date that PSG chose to file the Complaint, while withholding monies, or the earlier date of April 21, 2004, when PSG indisputedly vacated the Rockland plant after having been given notice of termination. See Trial Ex. 192.

        Respectfully submitted,

        TOWN OF ROCKLAND and
        ROCKLAND SEWER COMMISSION
        By their attorneys,

        /s/Joanne D'Alcomo
        _____
        Joanne D'Alcomo (BBO # 544177)
        Seth Nesin (BBO # #650739)
        JAGER SMITH P.C.
        One Financial Center
        Boston, MA 02111
        (617) 951-0500

Dated: May 25, 2007