UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
)
PROFESSIONAL SERVICES )
GROUP, INC., )
　)
　　　　Plaintiff, )
　)
　v. )
　)
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, GREGORY )
THOMSON and MICHAEL SAUSE, )
_____)
　)
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, )
　)
　　　　Plaintiffs-in-Counterclaim ) 　Civil No. 04-11131-PBS
　　　　and Crossclaim )
　)
v. )
　)
PROFESSIONAL SERVICES )
GROUP, INC., )
　)
　　　　Defendant-in-Counterclaim, )
　)
and )
　)
MICHAEL SAUSE, )
　)
　　　　Crossclaim Defendant )
_____)

**PROFESSIONAL SERVICES GROUP, INC.'S
OPPOSITION TO MOTION BY DEFENDANTS
TOWN OF ROCKLAND AND ROCKLAND SEWER COMMISSION
FOR ENTRY OF JUDGMENT ON COUNT III OF PROFESSIONAL
<u>SERVICES GROUP, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Plaintiff Professional Services Group, Inc. ("PSG") opposes the motion of Defendants Town of Rockland ("Rockland") and Rockland Sewer Commission for entry of judgment on Court III of PSG's complaint. In Count III, PSG requested a declaration as to whether the 1998 Contract

was terminated by operation of law to prevent the accrual of future damages, but that request has been mooted by the Defendants' filing of counterclaims and the jury's August 25, 2006 verdict. A full ten months after the verdict, the Defendants now seek to bootstrap Count III into a basis for recovering damages for an alleged breach of the 1998 Contract even though that specific claim has already been rejected by the jury. The Defendants' motion should be denied on the grounds that it distorts the basis for relief sought in Count III, improperly seeks monetary damages for past harm that cannot be recovered by declaratory judgment, and is nothing more than a bald attempt to circumvent the jury's verdict in this case.

As a threshold matter, the Defendants' motion fails to comply with Local Rule 7.1(a)(2). The Defendants did not confer with PSG before filing this motion, nor did they certify as much. Accordingly, the motion should be denied on grounds of noncompliance with the Local Rules. See Local Rule 1.3.

Regardless of the Defendants' noncompliance with the Local Rules, the motion should be denied for the following reasons.

**I.      DECLARATORY JUDGMENT IS NOT AN APPROPRIATE MECHANISM FOR ADJUDICATING THE DEFENDANTS' CLAIM FOR MONEY DAMAGES.**

Declaratory judgment is not an appropriate mechanism for adjudicating the Defendant's claim for money damages for at least four reasons. First, the relief sought by the Defendants in their motion is not within the scope of Count III. The controversy specifically alleged in Count III is that "[t]he Town and the Commission contend that the 1998 Contract was terminated by operation of law," while "PSG denies the contention of the Town and the Commission that the 1998 Contract was terminated by operation of law." See Complaint, ¶¶ 35-36.

The relief sought by PSG in Count III was a declaration by the Court as to whether the 1998 Contract was terminated by operation of law, and thus has nothing to do with the

Defendants' claim that PSG breached the 1998 Contract by failing to pay back certain rebate monies. Thus, the Defendants cannot use Count III as a vehicle to recover such monies. If the Defendants had believed that declaratory judgment was an appropriate mechanism for seeking monetary damages, they should have brought such a count in their Counterclaim. Having elected not to do so – and having lost before the jury on those counts they did bring – they cannot now contort PSG's declaratory judgment claim into one that suits their purpose. Cf. 14B Wright, Miller & Cooper, Federal Practice and Procedure: Civil 3d § 3702 at 46 ("[u]nder well-settled principles, the plaintiff is the master of his or her claim").

Second, declaratory judgment is not an appropriate mechanism for obtaining damages for *past conduct*, which is the relief the Defendants seek in their motion. The purpose of declaratory judgment "is to allow the parties to understand their rights and liabilities so that they can adjust their *future action* to avoid unnecessary damages." Sprint Spectrum L.P. v. Town of Easton, 982 F. Supp. 47, 52 (D. Mass. 1997) (emphasis added); see also 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2751 at 457 (declaratory judgment "is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until the adversary should see fit to begin an action after the damage has accrued"), 12 Moore's Federal Practice, § 57.04[3] (3d ed. 2000) ("The Declaratory Judgment Act provides a means by which rights and obligations may be adjudicated at an early stage before unnecessary damages accrue or injuries are exacerbated."). For this reason, "[a] declaratory judgment is … an inappropriate mechanism through which to address allegations of past harm." Boston's Children First v. Boston School Committee, 183 F. Supp. 2d 382, 396 (D. Mass. 2002).

Here, the Defendants ask this Court to declare that PSG owes Rockland certain rebate monies – i.e., past harm that is beyond the scope of declaratory relief. Nothing requested in the

3

Defendants' motion would enable the parties "to understand their rights and liabilities so that they can adjust their *future action* to avoid unnecessary damages." Sprint, 982 F. Supp. at 52 (emphasis added).[1]

Third, it is well-settled that declaratory judgment is an alternative form of relief, not an independent cause of action, and thus a court can grant a declaration of relief only if there is a viable substantive cause of action underlying the request for a declaration. Akins v. Penobscot Nation, 130 F. 3d 482, 490 n.9 (1st Cir. 1997). In this case, there is no viable substantive cause of action that would entitle the Defendants to declaratory relief. The Defendants' claim for rebate monies was the specific subject of Count II of their Counterclaim alleging breach of contract. See Counterclaim, ¶¶ 55-57 (claiming that PSG breached 1998 Contract by engaging in "fraudulent activity," defined in ¶ 53 of Counterclaim to include failure to repay rebate monies). The jury rejected all claims of breach of contract in this case. See Special Verdict Form, Nos. 2-7. The Defendants cannot resuscitate their unsuccessful breach of contract claim by moving for declaratory judgment ten months after the jury's verdict. The jury found that the parties did not breach the 1998 Contract, and thus there is no substantive basis for this Court to declare that PSG owes the Defendants any monies under the 1998 Contract.[2]

Fourth, even if Count III *did* encompass the conduct that is the subject of the Defendants' motion, and even if declaratory judgment *could* be used to adjudicate damages for past harm, and

---

[1] In contrast, PSG alleged in Count III only that it was entitled to a declaration as to whether the 1998 Contract terminated by operation of law in order to clarify the respective status of each party going forward, and did not seek damages for any past conduct by the Defendants. When PSG brought this count, the Defendants had not yet filed any claims themselves, and thus PSG's request for declaratory judgment was a prudent protection against the "unnecessary accrual of damages." See 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2751 at 457. As previously noted, this count has been mooted by the Defendants' subsequent counterclaims and the jury's verdict.

[2] The Defendants' only remaining live claim is its count for damages pursuant to Chapter 93A. This claim cannot serve as the underlying substantive cause of action because Chapter 93A is not an appropriate remedy for a breach of contract dispute, as this Court indicated at the April 27, 2007 hearing on the Chapter 93A claim.

4

even if there *were* a viable substantive basis for the Defendants to seek a declaration of relief, the Court has discretion to decline to enter a declaratory judgment.  See Wilton v. Seven Falls Co., 515 U.S. 277, 288-89 (1995) (noting "unique breadth of discretion to decline to enter a declaratory judgment").  Declaratory relief is not appropriate when relief can be obtained by more appropriate means.  "The tests are whether the issuance of a declaratory judgment will effectively solve the problem, whether it will serve a useful purpose, and whether or not the other remedy is more effective or efficient."  Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F. Supp. 2d 394, 442-43 (S.D.N.Y. 2002) (citing 10B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2758 at 519); see also Metropolitan Property & Liability Ins. Co. v. Kirkwood, 729 F.2d 61, 64 (1st Cir. 1984) ("the reasons for granting a [declaratory] judgment are stronger where … the alternative appears neither simple nor totally adequate").

The Defendants' breach of contract claim (Count II of their Counterclaim) was the appropriate – and wholly adequate – vehicle for the Defendants to seek monetary damages arising from an alleged breach of the 1998 Contract.  Entering a declaratory judgment would provide no remedy not otherwise available through that claim.  Since declaratory judgment will not "effectively solve the problem," will not "serve a useful purpose," and is not a "more effective or efficient" remedy, the Court should decline to enter the declaration requested by the Defendants.

## II.     EVEN IF IT WERE APPROPRIATE FOR THIS COURT TO ENTER DECLARATORY JUDGMENT ON COUNT III, THE DEFENDANTS' CLAIM FOR REBATE MONIES IS WITHOUT MERIT.

The Defendants claim they are owed $158,122.11 in unpaid rebate monies.  The evidence at trial, however, was that the Defendants failed to pay a $153,419.11 receivable owed to PSG for continuing to operate the Sewer Plant during the nearly two months between the termination of the 1998 Contract and Camp Dresser & McKee's takeover as the Sewer Plant operator.  See Solomon Test., Tr. 9/3/06 Pt. 2 at 148-49 (attached hereto at Exhibit A); see also Trial Exhibit 268 (attached

hereto at Exhibit B). PSG proved that it was the parties' course of conduct for PSG to deduct amounts owed by Rockland from the surplus rebate money at the end of each year and to credit Rockland with the *net* amount owed. See, e.g., Trial Exhibit 96 (annual reconciliations reflecting that PSG deducted amounts owed PSG by Rockland from surplus rebate monies) (attached hereto at Exhibit C). Accordingly, PSG argued to the jury that the two debts offset each other and that neither party owed the other for these particular debts. The jury obviously agreed with PSG's argument, concluding that neither party breached *any* of its contractual obligations to the other. There is no basis for this Court to enter a declaration that is directly contrary to the jury's verdict.[3]

### III. CONCLUSION

For all of the foregoing reasons, the Defendants' motion for declaratory relief should be denied and Count III of PSG's Complaint should be dismissed.

    Respectfully submitted,

    PROFESSIONAL SERVICES GROUP, INC.,
    By its attorneys,

    /s/David M. Osborne
    Maria R. Durant (BBO # 558906)
    David M. Osborne (BBO # 564840)
    DWYER & COLLORA, LLP
    Federal Reserve Bank
    600 Atlantic Avenue, 12th Floor
    Boston, MA 02210
    (617) 371-1000

---

[3] The Defendants make the strained argument that, because PSG requested only $1 in damages from the jury, it must have lacked reasonable justification for not paying Rockland its leftover rebate monies. That argument makes no sense. PSG proved at trial that the receivable Rockland owed to PSG had effectively been paid by offsetting that debt against the rebate surplus. Thus, PSG no longer owed Rockland for the leftover rebate monies, and Rockland no longer owed PSG for the receivable. The damages requested by PSG in this litigation, then, related *only* to its lost profits for the remaining four years of the 1998 Contract. PSG proved that those damages totaled $325,000, see Trial Exhibit 241, but elected to cap those damages at $1. Whether PSG demanded $325,000 for lost profits or $1, that demand did not change the fact that the surplus rebate monies PSG owed Rockland offset the receivable Rockland owed PSG.

7

**CERTIFICATE OF SERVICE**

    I, David M. Osborne, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on June 8, 2007.

                            /s/David M. Osborne
                            David M. Osborne