UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC., Plaintiff, <br> v. <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, GREGORY THOMSON and MICHAEL SAUSÉ, <br> Defendants <br><br> TOWN OF ROCKLAND, ROCKLAND SEWER COMMISSION, <br> Plaintiffs-in-Counterclaim and Crossclaim, <br> v. <br><br> PROFESSIONAL SERVICES GROUP, INC., <br> Defendant-in-Counterclaim, <br><br> and <br><br> MICHAEL SAUSÉ, <br> Crossclaim Defendant | Civil No. 04-11131-PBS |

**ASSENTED-TO MOTION OF COUNTERCLAIMANTS TOWN OF ROCKLAND AND ROCKLAND SEWER COMMISSION FOR FURTHER EXTENSION OF TIME TO FILE MOTION FOR ASSESSMENT OF ATTORNEYS' FEES**

Counterclaimants Town of Rockland and Rockland Sewer Commission (collectively "Rockland") move pursuant to Fed. R. Civ. P. 54(d)(2)(B) to enlarge the time for filing a motion to assess attorneys' fees from October 24, 2007 through November 7, 2007.

As grounds for this motion, Rockland states the following:

1. On October 2, 2007 this Court entered judgment for Rockland awarding damages "plus attorneys' fees" pursuant to G. L. c. 93A.

2. Fed. R. Civ. P. 54(d)(2)(B) provides that a claim for attorneys' fees shall be made by motion "filed no later than 14 days after entry of judgment" unless otherwise provided by statute or order of court. Accordingly, Rockland's motion for attorneys' fees would be due on October 16, unless the time to file the motion is enlarged.

3. On October 9, 2007, this Court extended the time for the filing of Rockland's motion for attorneys' fees until October 24, 2007.

4. Rockland's counsel has made substantial progress toward completion of its motion, however, it has encountered enormous logistical difficulties in analyzing hundreds of time entries on numerous historical invoices and then subtracting those time charges that do not relate to the Chapter 93A claim on which judgment was entered for Rockland and computing the differences. It has been a time-consuming process to adjust each invoice eliminate time charges for non-93A related work. In addition, counsel undertook the time-consuming task of providing additional detail on the activity descriptions to help the Court understand the nature of the work. For example, when individual witnesses or individuals are referenced, counsel has attempted to supply a further description of the person so that the Court sees the information in context. In addition, Rockland's counsel has had to assemble dozens and dozens of invoices from vendors and then undertake the task of determining which invoices reflect services related to the 93A claim.

5. In the meantime, addition, Rockland's counsel was required to complete and file on October 11, 2007 the principal brief for the plaintiff-appellee and cross-

appellant in an appeal to the U. S. Court of Appeals for the First Circuit. <u>Murali Jasty, M.D., v. Wright Medical Technology, Inc</u>., et al, U. S. Court of Appeals for the First Circuit, Nos. 07-1743, 07-1744.

      6.      Also in connection with the <u>Jasty</u> appeal, it became necessary for Rockland's counsel to file with the First Circuit a substantial motion concerning the opposing side's brief, which is being filed this morning, October 23, 2007.

      7.      In addition, Rockland's lead counsel, Joanne D'Alcomo, is scheduled to leave Boston on the afternoon of October 23, 2007 on a long planned vacation out of the country, and she will not return to U.S. until Sunday, November 4th, and will not return to the office until Monday, November 5. Rockland seeks three business days following lead counsel's return in order to complete the fee petition.

      8.      The parties are also in the process of attempting to agree upon a proposed form of judgment concerning the disposition of the all claims.

WHEREFORE, Rockland requests that this Court enlarge the time for filing its motion to assess attorneys' fees from October 24, 2007 through November 7, 2007, and that it be granted such other relief as may be proper.

**Certification Under LR 7.1(A)(2)**

The undersigned certifies that counsel for Rockland attempted to reach Maria R. Durant, Esq. counsel for PSG by telephone and email, but was not able to so.

JS#189866v1      3

4

        Respectfully submitted,
        TOWN OF ROCKLAND,
        ROCKLAND SEWER COMMISSION
        By its attorneys,

        */s/ Howard P. Blatchford, Jr.*
        _____
        Joanne D'Alcomo
        BBO #544177
        Howard P. Blatchford, Jr.
        BBO #045580
        JAGER SMITH P.C.
        One Financial Center
        Boston, MA 02111
        (617) 951-0500

Dated: October 23, 2007.