UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

)
PROFESSIONAL SERVICES )
GROUP, INC., )
)
        Plaintiff, )
)
   v. )
)
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, GREGORY )
THOMSON and MICHAEL SAUSÉ, )
       Defendants )
_____)
)
TOWN OF ROCKLAND, ROCKLAND )
SEWER COMMISSION, )
)
      Plaintiffs-in-Counterclaim )   Civil No. 04-11131-PBS
      and Crossclaim )
)
v. )
)
PROFESSIONAL SERVICES )
GROUP, INC., )
)
      Defendant-in-Counterclaim, )
)
and )
)
MICHAEL SAUSÉ, )
)
      Crossclaim Defendant )
_____)

**ASSENTED-TO MOTION TO VACATE DOCKET ENTRY OF
OCTOBER 2, 2007 CONCERNING JUDGMENT ON 93A CLAIM**

    Plaintiff Professional Services Group, Inc. ("PSG") moves this Court – with the assent of

counsel for the Defendant, Town of Rockland – to vacate docket entry # 186 dated October 2,

2007 concerning judgment on Rockland's G.L. c. 93A counterclaim in order to clear the way for

the entry of one final judgment on all claims in a separate document as contemplated by Fed. R.

Civ. P. Rule 58.  In support of this motion, counsel for PSG states that she has prepared a

proposed form of final judgment to address all claims of the Complaint and has preliminarily

discussed the proposed form of judgment with counsel for the Town of Rockland as the Local

Rules require.  Counsel for the Town of Rockland, however, is scheduled to be out of the country

until November 5, 2007, and accordingly additional time is needed for counsel to work together

in an effort to submit a joint proposed form of final judgment.  In order to make it clear that

neither party's time for appeal has yet begun to run, and so there will be no confusion or

inconsistency between the docket entry of October 2, 2007 and the anticipated final judgment on

all counts, PSG moves, with the assent of the Town of Rockland, to vacate the October 2, 2007

docket entry (#186).

As grounds for this motion counsel states:

(1)     On September 26, 2007, the Court issued a Memorandum and Order disposing of

the last matter under advisement in this case, namely, the Town of Rockland's 93A counterclaim

against PSG.  There had previously been a special verdict by a jury finding against the Plaintiff

on its claims and against the Defendant on its remaining Counterclaims. According to the

electronic docket, this case was "terminated" on September 26, 2007, though at that time no

judgments on any claims had actually been entered.

(2)     On October 2, 2007, docket entry number 186, reflecting the language of the

Court's Order of September 26th, purported to enter judgment on Defendants' c. 93A claim.  No

judgment was entered, however, on all of the claims in this matter, including those previously

resolved by the jury verdict of August 25, 2006.  See Docket No. 149 ("jury verdict" docket

entry).  The entry of final judgment on all claims is necessary, absent an express order of final

judgment on less than all counts pursuant to Fed. R. Civ. P. 54(b), to provide an "unambiguous

signal that the time for appeal has begun to run." <u>See</u> <u>Fiore v. Washington County Community Mental Health Ctr.</u>, 960 F.2d 229, 233 (1st Cir. 1992) (describing necessary "formality" of Rule 58 requirements); <u>see also</u> <u>Quinn v. City of Boston</u>, 325 F.3d 18, 26 (1st Cir. 2003) ("In the usual case, an appeal must await the entry of a final judgment, commonly regarded as a judgment that fully disposes of all claims asserted in the action."). Thus, at present, no final judgment exists and the time for appeal has not yet begun to run.

(3)     To avoid any doubt or confusion regarding the parties' appellate rights that the entry of the October 2, 2007 order might create, the parties intend to file a motion requesting the entry of a final judgment on all claims in a separate document, with a proposed form of judgment attached.

In order to make it clear that neither party's time for appeal has yet begun to run, and so there will be no confusion or inconsistency between the earlier docket entry and the anticipated final judgment, PSG moves, with the assent of the Town of Rockland, to vacate the October 2, 2007 docket entry (#186).

Respectfully submitted,

PROFESSIONAL SERVICES GROUP, INC.,
By its attorneys,

/s/ Maria R. Durant
Maria R. Durant (BBO # 558906)
DWYER & COLLORA, LLP
Federal Reserve Plaza
600 Atlantic Avenue, 12th Floor
Boston, MA  02210
(617) 371-1000
mdurant@dwyercollora.com

Dated:  October 23, 2007

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1(A)(2)

I hereby certify that I made a good faith attempt to eliminate and narrow the issues raised in this motion by conferring with opposing counsel.

/s/ Maria R. Durant_____
Maria R. Durant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on October 23, 2007.

/s/ Maria R. Durant_____
Maria R. Durant