```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| PROFESSIONAL SERVICES GROUP, INC.,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TOWN OF ROCKLAND, et al.,<br>　　　　Defendants. | CIVIL ACTION NO. 04-11131-PBS |

### MEMORANDUM AND ORDER

September 26, 2007

Saris, U.S.D.J.

### INTRODUCTION

The Town of Rockland claims that Professional Services Group, Inc. ("PSG") engaged in unfair and deceptive practices in procuring the renewal of the contract for the wastewater treatment plant, in violation of Mass. Gen. Laws ch. 93A. After review of all the evidence, the Court finds that PSG acted unfairly and deceptively in colluding with the Rockland superintendent to ensure that it received the contract in violation of Chapter 93A, and I award $116,250 in actual damages, and double the award for willful misconduct plus interest and attorneys' fees.

### FINDINGS OF FACT

1. **Background**

The Rockland Sewer Commission is a part-time body consisting of three elected members who oversee the operation of the Town's

bid, claiming (falsely) that the plant needed ten workers. An agreement with the Department of Environmental Protection provided that the plant only needed eight workers. The plant has never had ten workers (up until the time of trial, or since). Thomson signed the letter and sent it on Sewer Commission stationery. The proposal was approved by the Inspector General.

Third, Sause proposed a provision in the RFP that contained a minimum experience requirement that would exclude a competitor firm Woodard & Curran, which was aggressively trying to expand its client base. The language in the RFP provided: "At minimum, contract operators shall demonstrate that they have provided successful contract operations at a minimum of five water pollution control facilities similar in size and complexity to the Rockland facility for at least five years." In contrast, the 1994 RFP written by Tighe & Bond had required only three years minimum experience without a specific number of facilities. However, the same minimum experience qualification re-appeared in the RFP that was drafted by the engineering firm of Carr, Dresser & McGeen in 2004 after Rockland terminated its contract with PSG.

Finally, the RFP required a belt filter press, the major piece of equipment used at the plant for dewatering of sludge. It had also been required by the 1994 RFP. PSG leased the belt filter press, but the Town was paying for the lease payments. While working on the RFP at PSG's Norwell office, Thomson had a discussion with Kruger about having the Town take over the lease

6